| | |
|---|---|
| COOLEY LLP | HEIDI L. KEEFE (178960) |
| MICHAEL G. RHODES (116127) | (hkeefe@cooley.com) |
| (rhodesmg@cooley.com) | MARK R. WEINSTEIN (193043) |
| 101 California Street. 5th Floor | (mweinstein@cooley.com) |
| San Francisco, CA  94111-5800 | LOWELL D. MEAD (223989) |
| Telephone:    (415) 693-2000 | (lmead@cooley.com) |
| Facsimile:    (415) 693-2222 | PRIYA B. VISWANATH (238089) |
| | (pviswanath@cooley.com) |
| PHILLIP E. MORTON (*pro hac vice*) | 3175 Hanover Street |
| (pmorton@cooley.com) | Palo Alto, CA  94304-1130 |
| Reston Town Center, 11951 | Telephone:    (650) 843-5000 |
| Freedom Drive | Facsimile:    (650) 849-7400 |
| Reston, VA 20190-5656 | |
| Telephone: (703) 456-8000 | |

Attorneys for Defendant ServiceNow, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SERVICENOW, INC., a Delaware Corporation,<br><br>Defendant. | Case No.  14-cv-00570-BLF<br><br>**DEFENDANT SERVICENOW, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. SECTION 101**<br><br>Judge: Honorable Beth Labson Freeman<br><br>Date Filed: February 6, 2014<br><br>Trail Date: None Set |

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-11 and this Court's Standing Order re Civil Cases, ServiceNow brings this administrative motion requesting leave to file an additional summary judgment motion on the threshold legal issue of patent eligibility under 35 U.S.C. § 101. In the wake of the Supreme Court's *Alice* decision, ServiceNow intends to file an early motion challenging the validity of the asserted claims of four of Hewlett-Packard's ("HP") patents for claiming unpatentable subject matter.[1] If granted, ServiceNow's motion will cut this case in half.

ServiceNow's request is necessitated by this Court's requirement that each party file only one summary-judgment motion. *See* Honorable Beth Labson Freeman, *Standing Order re Civil Cases* ¶ F(1) (July 23, 2014). ServiceNow believes that other dispositive issues, including non-infringement and invalidity on other grounds, may be ripe for summary adjudication following discovery in this action. Patent eligibility, on the other hand, should be considered now as a threshold issue. ServiceNow's request is based on this Motion, accompanying Declaration, and all other pleadings and papers on file in this action.[2]

## II. DISCUSSION

The Court should grant leave for an additional summary judgment motion regarding the threshold issue of patent eligibility under 35 U.S.C. § 101. *See Bilski v. Kappos*, 561 U.S. 593, 130 S. Ct. 3128, 3225 (2010); *Ultramercial, Inc. v. Hulu, LLC*, — F.3d. —, 2014 U.S. App. LEXIS 21633, at *17 (Fed. Cir. Nov. 14, 2014) (Mayer, J., concurring) (explaining that patent-eligibility under § 101 is a "threshold question . . . that must be addressed at the outset of

---

[1] Although ServiceNow seeks leave to file a motion for summary judgment as to only four of the eight of the patents-in-suit, ServiceNow in no way concedes that the other four patents-in-suit recite patent eligible subject matter. ServiceNow's present anticipated motion seeks to eliminate from the case those four patents whose invalidity is so clear on its face based that no further discovery or factual development is necessary at this time. ServiceNow will pursue invalidity defenses under Section 101 with respect to other asserted patents once the record is more developed to provide the Court a more developed framework for analyzing patent eligibility under *Alice*.

[2] ServiceNow raised the prospect of filing an early § 101 motion with the Court at the September 4, 2014 Case Management Conference. Declaration of Paul Batcher ("Batcher Decl."), Ex. A ("CMC Tr."), 41:9–45:14. The Court agreed that ServiceNow may seek leave to file an early § 101 motion, rather than requesting the Court's permission to file an additional summary-judgment motion later, *e.g.*, after expert discovery. *Id.*, 44:1–9.

litigation"); *I/P Engine, Inc. v. AOL, Inc.*, 2014 WL 3973501, at *12 (Fed. Cir. Aug. 15, 2014) (non-precedential) (Mayer, J., concurring) (noting the "clear advantages" of addressing § 101 issues at the outset of litigation). ServiceNow's motion will be confined to the narrow issue of patent eligibility, and could cut this case in half by eliminating four of HP's eight patents.[3]

### A. Four of HP's Patents are Directed to Patent-Ineligible Abstract Ideas.

Abstract ideas are not patentable. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). Nor can unpatenable abstract ideas be made patent eligible simply by implementing them on a general purpose computer. *Id.* at 2358 ("[M]ere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention."). Yet that is exactly what four of HP's asserted patents seek to do. Twenty-two of HP's asserted claims in this action recite no more than practicing abstract ideas on a general purpose computer.[4] As *Alice* confirms, that does not make them patent eligible under § 101. *See id.*

### B. Patent Eligibility is a Threshold Issue of Law that Should be Decided at the Earliest Possible Stage.

Challenges under § 101 are threshold questions of law that should be decided at the earliest possible stage in this litigation. *Bilski*, 130 S. Ct. at 3225 (describing patent eligibility under § 101 as a "threshold test"); *Cybersource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1369 (Fed. Cir. 2011); *Ultramercial, Inc.*, 2014 U.S. App. LEXIS 21633, at *17–23; *I/P Engine, Inc.*, 2014 WL 3973501, at *12. As Judge Mayer of the Federal Circuit has explained, "[u]ntil is it determined that claimed subject matter is even *eligible* for patent protection, a court has no warrant to consider subordinate validity issues," such as 35 U.S.C. §§ 103 and 112. *Id.* at *11

---

[3] Consistent with Civil Local Rule 7-11 (a), ServiceNow met and conferred with HP to request its stipulation to an early § 101 motion. Batcher Decl., ¶ 5; *see* Civ. L.R. 7-11(a) (an administrative motion must be accompanied by "either by a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained"). HP does not agree that ServiceNow's § 101 motion should be heard now, and thus ServiceNow was unable to procure a stipulation under Civil Local Rule 7-12.

[4] In its November 18, 2014 amended infringement contentions, HP asserts 44 claims across eight patents against ServiceNow. Batcher Decl., ¶ 4. ServiceNow's proposed motion will challenge 22 of those claims as invalid under § 101, including all asserted claims under U.S. Patent Nos. 8,224,683, 7,890,802, 7,610,512, and 6,321,229. *Id.*, ¶¶ 3–4.

1  (emphasis in original); *Ultramercial, Inc.*, 2014 U.S. App. LEXIS 21633, at *19 (same).

2  There are also "clear advantages to addressing section 101's requirements at the outset of litigation." *I/P Engine, Inc.*, 2014 WL 3973501, at *12. Not only can patent eligibility "often be resolved without lengthy claim construction," but "an early determination that the subject matter of the asserted claims is patent ineligible can spare both litigants and courts years of needless litigation." *Id.*; *see also Ultramercial, Inc.*, 2014 U.S. App. LEXIS 21633, at *20–23 (explaining why § 101 issues should be resolved "at the outset of litigation"). Consistent with Judge Mayer's observations in *I/P Engine* and *Ultramercial*, several courts in this District have considered patent eligibility during the earliest stages of a case. *Internet Patents Corp. v. Gen. Auto. Ins. Servs., Inc.*, 2013 WL 7936688 (N.D. Cal. Sept. 24, 2013) (White, J.) (invalidating patent under § 101 at the pleading stage, *i.e.*, on a motion to dismiss); *Cardpool, Inc. v. Plastic Jungle, Inc.*, 2013 WL 245026 (N.D. Cal. Jan. 22, 2013) (Alsup, J.) (same); *OIP Techs., Inc. v. Amazon.com, Inc.*, 2012 WL 3985118 (ND. Cal. Sept. 11, 2012) (Chen, J.) (same). This Court should do the same.

**C.     ServiceNow's Summary-Judgment Motion is Limited to the Narrow Question of Patent Eligibility under 35 U.S.C. § 101.**

ServiceNow proposes filing a single summary judgment motion of no greater than 25 pages, limited to the question of invalidity under § 101. The § 101 analysis is framed by a specific two-part test. *Alice*, 134 S. Ct. at 2355. First, the Court will determine whether HP's claims are directed to a patent ineligible concept, *e.g.*, an abstract idea. *Id.* Second, the Court will consider whether each of the elements of the challenged claims, individually and "as an ordered combination," transform those claims into something that is patent eligible. *Id.* This latter analysis has been described as "a search for an 'inventive concept.'" *Id* (citation omitted).

These two questions will be the only questions posed by ServiceNow's summary judgment motion. *See* Batcher Decl., ¶ 3. Further, ServiceNow has limited its motion to four of the eight patents asserted by HP in this action—those deemed most susceptible to a pre-claim construction challenge under § 101. *See id.* The Court need not wade through voluminous documents, transcripts, or expert reports. Nor is ServiceNow asking the Court to consider other grounds for invalidity at this time. ServiceNow's proposed motion will refer to historical texts on

occasion, but only for the purpose of showing that the abstract ideas tied up into HP's patents are well known and "long prevalent" practices, and that HP's implementation of those abstract ideas involves nothing more than "well-understood, routine, conventional activity." *See Alice*, 134 S. Ct. at 2356 (quoting *Bilski*, 130 S. Ct. at 3231); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1298 (2012).

Finally, ServiceNow will not be asking the Court to delve into complex issues of claim construction. As the numerous opinions deciding § 101 issues on motions to dismiss demonstrate, patent ineligibility is often readily apparent on the patent's face. *See Internet Patents Corp.*, 2013 WL 7936688, at *3; *Cardpool, Inc.*, 2013 WL 245026, at *4 (finding § 101 issues to be suitable for consideration on the pleadings alone, because "[t]he basic character of the claimed subject matter is readily ascertainable from the face of the patent"); *OIP Techs., Inc.*, 2012 WL 3985118, at *5 (explaining that claim construction is not a prerequisite to the § 101 analysis). No claim construction will be necessary here, as the ineligibility of HP's asserted claims is readily apparent from the plain language of the patents.[5]

### D. ServiceNow's Motion may Substantially Narrow the Issues in this Case.

If ServiceNow's summary-judgment motion is granted, HP's case would be cut in half, saving both the parties and the Court substantial time and resources in litigating this action. *See I/P Engine, Inc.*, 2014 WL 3973501, at *12 ("[A]n early determination that the subject matter of the asserted claims is patent ineligible can spare both litigants and courts years of needless litigation."). Indeed, an early § 101 challenge is particularly well-suited here, where HP is asserting more than forty claims across eight patents. Deciding threshold issues of patent eligibility now, rather than as part of a single post-discovery motion for summary judgment, could drastically reduce the size of the case, eliminate discovery and claim-construction disputes related to invalid patents, and avoid the unnecessary adjudication of other dispositive issues, including non-infringement and invalidity on other grounds.

---

[5] Indeed, even HP has represented that its claims are not likely to require a significant amount of claim construction. *See* CMC Tr. 47:6–7 ("We don't anticipate an issue for H-P with ten or more terms.").

### III. CONCLUSION

For the foregoing reasons, ServiceNow respectfully requests leave to exceed this Court's single-motion limit on summary adjudication by filing a § 101 challenge to the asserted claims of four of HP's eight asserted patents.

Dated: November 21, 2014  COOLEY LLP

   */s/ Heidi L. Keefe*
   HEIDI L. KEEFE

   Attorneys for Defendant
   SERVICENOW, INC.