COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street. 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

PHILLIP E. MORTON (*pro hac vice*)
(pmorton@cooley.com)
Reston Town Center, 11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000

HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
ANDREW C. MACE (284484)
(amace@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendant ServiceNow, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware Corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>SERVICENOW, INC., a Delaware Corporation,<br><br>           Defendant. | Case No.  14-cv-00570-BLF<br><br>**SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT SERVICENOW, INC'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. SECTION 101**<br><br>DATE:    January 29, 2015<br>TIME:    9:00 a.m.<br>CTRM:    3<br>JUDGE:   Hon. Beth Labson Freeman |

Defendant ServiceNow, Inc. submits this Separate Statement of Undisputed Facts in Support of its Motion for Summary Judgment of Invalidity Under 35 U.S.C. §101.

| CLAIMS | MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| **Infringement of 8,224,683** | | |
| Issue 1<br><br>The Asserted Claims of the '683 Patent Are Invalid for Claiming Unpatentable Subject Matter | Fact 1<br><br>Plaintiff asserts that ServiceNow infringes Claims 12, 32 and 35 of U.S. Patent No. 8,224,683.<br><br>(Morton Decl. ¶ 2, Ex. 1) | |
| Issue 1 | Fact 2<br><br>Claim 12 of the '683 Patent recites:<br><br>A computer program product in a non-transitory computer readable media for use in a data processing system for monitoring service tickets for information technology service providers to ensure that levels of service required to be provided to a customer pursuant to a contractual agreement between the customer and a service provider, are met, the computer program product comprising: first instructions for inspecting a service ticket in a database to determine a deadline for when a problem associated with the service ticket must be resolved, with the deadline based upon a contractually determined severity of the problem and a corresponding contractually required time for resolution of the problem;<br>display instructions for displaying, on a display device at the help desk, a graphical display populated with representations of service tickets that have reached a predetermined percentage of the time before | |

| | | |
|---|---|---|
| | their due date;<br>second instructions for determining an deadline approaching alert time at which a help desk user must be notified that the deadline for resolving the problem must be met; and<br>third instructions for alerting the help desk user that the deadline for resolving the problem is approaching when the deadline approaching alert time is reached.<br><br>(Morton Decl. ¶ 2, Ex. 1) | |
| Issue 1 | Fact 3<br><br>Claim 32 of the '683 Patent recites:<br><br>A system for monitoring service tickets in order to provide reminders to a help desk user of impending times for actions, the times for actions being provided according to a level of service required to be provided to a customer pursuant to a contract between the customer and a service provider, the system comprising:<br>a monitoring server;<br>a database; and<br>a help desk client;<br>wherein the database stores tickets and information regarding ticket types, ticket severities based on the contract, and corresponding contractually required times for actions to be performed for each of the ticket types and ticket severities;<br>the monitoring server monitors tickets in the database, determines when times for actions are approaching, and sends alerts to the help desk client alerting the help desk user that a time to take a specified action is approaching; and<br>the help desk client displays active tickets to a help desk user and provides alerts received from the monitoring server to the help desk user.<br><br>(Morton Decl. ¶ 2, Ex. 1) | |
| Issue 1 | Fact 4 | |

| | | |
|---|---|---|
| | Claim 35 of the '683 Patent recites:<br><br>The system as recited in claim 32, wherein the active tickets displayed are only those that have reached a predetermined percentage of the time before their due date.<br><br>(Morton Decl. ¶ 2, Ex. 1) | |
| Issue 1 | Fact 5<br><br>During prosecution of the '683 Patent, the claims that issued as claim 1 and its dependent claims were rejected based on 35 U.S.C. § 101.<br><br>(Morton Decl., Ex. 8 (11/19/2008 Office Action Summary) at 3) ("[C]laims 1-11 are non-statutory since they may be performed within the human mind.") | |
| Issue 1 | Fact 6<br><br>The § 101 rejection of the claims that issued as claim 1 and its dependent claims was withdrawn by the examiner after the phrase "in a computer system" was added to the preamble of the claim that issued as claim 1 of the '683 Patent.<br><br>(Morton Decl., Ex. 9 (02/18/2009 Amendment and Response) at 10) ("Applicants have amended independent claim 1 and assert that claim 1 as now present [sic] is tied to the use of a specific machine. Claim 1 has been amended to recite in-part "A method in a computer system, . . . ."); (Morton Decl., Ex. 10 (05/06/2009 Examiners Final Rejection) at 2) ("The rejection of claims 1-11 under 35 USC § 101 is withdrawn in light of Applicant's amendment.") | |
| Issue 1 | Fact 7<br><br>The specification of the '683 Patent recites:<br><br>"The monitoring system of the present | |

| | | |
|---|---|---|
| | invention helps agents 104 focus more on their day to day activities rather than exerting manual effort to effectively manage Level of Service guaranteed to the customer 102. Knowing that the monitoring program will notify him/her and their team when a ticket requires prompt attention, the helpdesk can concentrate on better servicing the customer and reduce the volume of tickets missing Level of Service agreements." <br><br>(Morton Decl. ¶ 2, Ex. 1 at 4:23-30) | |
| Issue 1 | Fact 8 <br><br>Noel Bruton, *Effective User Support: How to Manage the IT Helpdesk* (1995) recites: <br><br> "All SLAs need managing.  Issues of management include monitoring . . . [m]ost commercially available helpdesk management software packages now have a means of setting target response times and reporting on a failure to meet them." <br><br>(Morton Decl. ¶ 6, Ex. 5 at 105-113) | |
| Issue 1 | Fact 9 <br><br>The *Best Practice for Service Support* (2000) recites: <br><br> "The Service Desk is responsible for owning and overseeing the resolution of all outstanding Incidents . . . regularly monitor the status and progress towards resolution and against service levels of all open Incidents." <br><br>(Morton Decl. ¶ 7, Ex. 6 at 86) <br><br> "Identify Incidents that are liable to breach agreed service level targets and inform the assigned solver." <br><br>(Morton Decl. ¶ 7, Ex. 6 at 86) <br><br>"Agree on escalation values and processes | |

| | | | |
|---|---|---|---|
| | | such as: when 75% of the agreed time for resolution has elapsed and the request is still unresolved, the Service Desk should consult with the assigned solver on progress." (Morton Decl. ¶ 7, Ex. 6 at 87) | |
| | Issue 1 | Fact 10<br><br>Gary Walker, *IT Problem Management* (2001) recites:<br><br>Table 7–2 Sample Service Center Priority Level and Initial Response Times<br><br>| Priority Level | Severity | Tier 1 | Work Time Before Escalating* | Tier 2 Initial Response Time** | Work Time Before Escalating | Tier 3 Initial Response Time*** | Target Resolution Time |
|---|---|---|---|---|---|---|---|
| 1 | Critical | Take Call | 15 min. | 15 min. | 1 hour | 15 min. | 2 hours |
| 2 | Urgent | Take Call | 30 min. | 30 min. | 1 hour | 15 min. | 4 hours |
| 3 | Important | Take Call | 2 hours | 2 hours | 2 hours | 1 hour | 8 hours |
| 4 | Low | Take Call | 8 hours | 4 hours | 8 hours | 4 hours | 3 days |
| 5 | Monitor | Take Call | | No Escalation | | | |<br><br>*Tier 1 Work Time Before Escalating could be 0 minutes for some problems, such as hardware, which are automatically escalated to a tier 2 hardware resource pool.<br>**Tier 2 Initial Response Time is the length of time between the tier 1 service center escalation to tier 2 and the tier 2 response to the request for service. In other words, this indicates the maximum time the escalated problem can sit in queue before a tier 2 agent takes ownership of the problem and begins work.<br>***Tier 3 Initial Response Time is the length of time between the tier 2 service center escalation to tier 3 and the tier 3 response to the request for service. As above, it represents the maximum amount of time the problem can sit in a tier 3 queue before an agent takes ownership.<br><br>(Morton Decl. ¶ 8, Ex. 7 at 115)<br><br>"All service center-related SLAs should contain the following information: . . . Definitions of request priorities and response times . . ."<br><br>(Morton Decl. ¶ 8, Ex. 7 at 177-78) | |
| | **Infringement of 7,890,802** | | |
| | Issue 2<br><br>The Asserted Claims of the '802 Patent Are Invalid for Claiming Unpatentable Subject Matter | Fact 1<br><br>Plaintiff's Amended Infringement Contentions assert that ServiceNow infringes Claims 1, 2, 3, 5 and 15 of U.S. Patent No. 7,890,802.<br><br>(Morton Decl. ¶ 3, Ex. 2) | |
| | Issue 2 | Fact 2<br><br>Claim 1 of the '802 Patent recites: | |

| | | |
|---|---|---|
| | A computer implemented method for facilitating a user in defining a repair workflow for subsequent use in resolving information technology (IT) incidents, comprising: <br> facilitating the user in defining a plurality of steps of the repair workflow using a computing device, wherein facilitating the user in defining a plurality of steps comprises facilitating the user in defining a plurality of operations for the steps, and defining inputs and outputs of the operations; <br> facilitating the user in defining a plurality of transitions between the steps, based at least in part on the outputs of the steps, using a computing device; and <br> checking the defined repair workflow for correctness before being used to resolve an IT incident using a computing device, wherein checking the defined repair workflow for correctness includes verifying that each response of each step's operation has a transition to another step. <br><br> (Morton Decl. ¶ 3, Ex. 2) | |
| Issue 2 | Fact 3 <br><br> Claim 2 of the '802 Patent recites: <br><br> The method of claim 1, wherein said defining of a plurality of operations comprises attaching to the steps, a plurality of sets of executable code implementing the operations defined by the user. <br><br> (Morton Decl. ¶ 3, Ex. 2) | |
| Issue 2 | Fact 4 <br><br> Claim 3 of the '802 Patent recites: <br><br> The method of claim 1, wherein said facilitating of the user in defining a plurality of transitions between the steps comprises attaching to the transitions, a plurality of sets of parsing code for processing the outputs. | |

| | | |
|---|---|---|
| | | (Morton Decl. ¶ 3, Ex.2) |
| Issue 2 | Fact 5<br><br>Claim 5 of the '802 Patent recites:<br><br>The method of claim 1, wherein said facilitating of the user in defining a plurality of transitions between the steps comprises attaching to the steps, a plurality of sets of executable code for processing the outputs<br><br>(Morton Decl. ¶ 3, Ex. 2) | |
| Issue 2 | Fact 6<br><br>Claim 15 of the '802 Patent recites:<br><br>An article of manufacture comprising:<br>a storage medium; and<br>a plurality of programming instructions stored in the storage medium, and adapted to program an apparatus to enable the apparatus to:<br>facilitate a user in defining a plurality of steps of a repair workflow using a computing device, wherein the repair workflow defines a plurality of operations for the steps, and inputs and outputs of the operations; and<br>facilitate the user in defining a plurality of transitions between the steps, based at least in part on the outputs of the steps, using a computing device; and<br>check the defined repair workflow for correctness before being used to resolve an IT incident using a computing device, wherein said check for correctness includes a verification that each response of each step's operation has a transition to another step.<br><br>(Morton Decl. ¶ 3, Ex. 2) | |
| Issue 2 | Fact 7<br><br>The Background of the '802 Patent recites:<br><br>"According to conventional methods, the IT incidents are typically referred to the IT staff and handled manually by the IT staff with | |

| | | |
|---|---|---|
| | assistance from documentation, knowledge bases, and scripts. The IT staff typically comprises a team of dedicated technical professionals. The documentation, knowledge bases, and scripts also need to be manually updated periodically as new IT incidents keep occurring. However, as a result of IT infrastructure complexity and a need to reduce IT failures, automation of IT incident management is required. The ability to identify the root cause of IT failures, document solutions, and automate the problem-resolution processes can enhance the performance of the IT infrastructure."<br><br>(Morton Decl. ¶ 3, Ex. 2 at 1:33-45) | |
| Issue 2 | Fact 8<br><br>Stefan Jablonski and Christoph Bussler, *Workflow Management: Modeling Concepts, Architecture and Implementation* (1996) recites:<br><br>"Many analysts in the computer industry tout workflow management as the software technology of the 1990s."<br><br>(Morton Decl. ¶ 13, Ex. 12 at 5-6)<br><br>"Figure 23.1 is an example of the sort of flowchart one might use to document part of the work in a User Support environment. This chart shows the workflow as seen from the problem resolver's point of view. . . . The flow charts you create can then become part of your procedures manual."<br><br>(Morton Decl. ¶ 13, Ex. 12 at 158-60) | |
| Issue 2 | Fact 9<br><br>The *Microsoft Sourcebook for the Help Desk,* Second Edition (1997) recites:<br><br>"One particularly simple, yet helpful tool is a problem-solving flowchart that can work as a map guiding the support engineer to the | |

| | | |
|---|---|---|
| | problem's solution. . . . Typically, the flowchart illustrates the process of resolving a common problem. The flowchart starts with a question to ask or a test to perform. Based on the result, the flowchart indicates a different question or test. The process continues until the proper solution is found." <br><br>(Morton Decl. ¶ 14, Ex. 13 at 127-28) | |
| **Infringement of 7,610,512** | | |
| Issue 3 <br><br> The Asserted Claims of the '512 Patent Are Invalid for Claiming Unpatentable Subject Matter | Fact 1 <br><br> Plaintiff's Amended Infringement Contentions assert that ServiceNow infringes Claims 1, 3, 4, 5 and 7 of U.S. Patent No. 7,610,512. <br><br>(Morton Decl. ¶ 12, Ex. 11) | |
| Issue 3 | Fact 2 <br><br> Claim 1 of the '512 Patent recites: <br><br> A computer implemented method for resolving an information technology (IT) incident, comprising: <br> loading a repair workflow having a plurality of steps and transitions between the steps, defined to repair the IT incident on a computing device, each of the steps having one or more inputs, processing logic for the input(s) and one or more outputs; <br> creating a repair frame for the loaded repair workflow on the computing device; <br> creating a repair context for the repair frame on the computing device, and populating the repair frame with configuration data; <br> binding one or more data values to the one or more inputs of one of the steps within the repair context; <br> processing the bound data values of the one or more inputs of the step within the repair context; executing the step's operation; <br> extracting the one or more outputs of step within the context; and <br> selecting a transition to transition to another | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

SEP. STATEMENT ISO MSJ OF INVALIDITY
CASE NO. 14-CV-00570-BLF

| | | |
|---|---|---|
| | | step within the context, based at least in part on the extracted one or more outputs.<br><br>(Morton Decl. ¶ 4, Ex. 3) | |
| Issue 3 | Fact 3<br><br>Claim 2 of the '512 Patent recites:<br><br>The method of claim 1, further comprising creating a repair run for said loading of the repair workflow.<br><br>(Morton Decl. ¶ 4, Ex. 3) | |
| Issue 3 | Fact 4<br><br>Claim 3 of the '512 Patent recites:<br><br>The method of claim 2, further comprising receiving from a requestor a request to resolve an IT incident, determining whether the user has requestor has requisite authority to make the request, and rejecting the request if the requestor is determined not to have the requisite authority to make the request.<br><br>(Morton Decl. ¶ 4, Ex. 3) | |
| Issue 3 | Fact 5<br><br>Claim 4 of the '512 Patent recites:<br><br>The method of claim 1, further comprising moving the step to the selected transition's destination, determining whether the selected transition's destination is a return step, and if so, select a response of the return step as a response of the repair workflow.<br><br>(Morton Decl. ¶ 4, Ex. 3) | |
| Issue 3 | Fact 6<br><br>Claim 5 of the '512 Patent recites:<br><br>The method of claim 4, further comprising storing a record of the processing of the step in a repair history log. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

**SEP. STATEMENT ISO MSJ OF INVALIDITY**
**CASE NO. 14-CV-00570-BLF**

| | | |
|---|---|---|
| | (Morton Decl. ¶ 4, Ex. 3) | |
| Issue 3 | Fact 7<br><br>Claim 7 of the '512 Patent recites:<br><br>An apparatus comprising:<br>a storage medium having a plurality of programming instructions stored in the storage medium, and adapted to enable the apparatus to perform a method; and<br>one or more processors coupled to the storage medium to execute the programming instructions; wherein the method comprises:<br>loading a repair workflow having a plurality of steps and transitions between the steps, defined to repair the IT incident on a computing device, each of the steps having one or more inputs, processing logic for the input(s) and one or more outputs;<br>creating a repair frame for the loaded repair workflow on the computing device;<br>creating a repair context for the repair frame on the computing device, and populating the repair frame with configuration data;<br>binding one or more data values to the one or more inputs of one of the steps within the repair context;<br>processing the bound data values of the one or more inputs of the step within the repair context;<br>executing the step's operation;<br>extracting the one or more outputs of step within the context; and<br>selecting a transition to transition to another step within the context, based at least in part on the extracted one or more outputs.<br><br>(Morton Decl. ¶ 4, Ex. 3) | |
| Issue 3 | Fact 8<br><br>The background of the '512 Patent recites:<br><br>"According to conventional methods, the IT incidents are typically referred to the IT staff and handled manually by the IT staff with | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

SEP. STATEMENT ISO MSJ OF INVALIDITY
CASE NO. 14-CV-00570-BLF

| | | |
|---|---|---|
| | assistance from documentation, knowledge bases, and scripts." (Morton Decl. ¶ 4, Ex. 3) | |
| Issue 3 | Fact 9<br><br>Noel Bruton, *Effective User Support: How to Manage the IT Helpdesk* (1995) recites:<br><br>"The resolver claims a query from the list of outstanding ones. . . . Some prediagnosis may have to be done, and an assessment made if any further information is needed from the user. . . . If the user is there, we get the information we need and assess if we have everything else we need to solve this problem X."<br><br>(Morton Decl. ¶ 6, Ex. 5 at 160) | |
| **Infringement of 6,321,229** | | |
| Issue 4<br><br>The Asserted Claims of the '229 Patent Are Invalid for Claiming Unpatentable Subject Matter | Fact 1<br><br>Plaintiff's Amended Infringement Contentions assert that ServiceNow infringes Claims 8-10, 13, 15, 17-20 of U.S. Patent No. 6,321,229.<br><br>(Morton Decl. ¶ 12, Ex. 11) | |
| Issue 4 | Fact 2<br><br>Claim 8 of the '229 Patent recites:<br><br>Apparatus for accessing an information repository, comprising:<br>a. a number of computer readable media; and<br>b. computer readable program code stored on said number<br>of computer readable media, said computer readable program code comprising:<br>i. code for creating a hierarchy of derived containers,<br>wherein a given derived container corresponds to:<br>(1) a container definition node of an | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

SEP. STATEMENT ISO MSJ OF INVALIDITY
CASE NO. 14-CV-00570-BLF

| | | |
|---|---|---|
| | information model, said information model comprising a hierarchy of container definition nodes; and<br>(2) a category of information stored in said information repository;<br>ii. code for displaying given ones of said derived containers to a computer user; and<br>iii. code for determining if a given one of said displayed derived containers bas been selected by a computer user, and upon selection of said given one of said displayed derived containers, displaying contents of said given one of said displayed derived containers.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 3<br><br>Claim 9 of the '229 Patent recites:<br><br>Apparatus as in claim 8, wherein the contents of some derived containers comprise child derived containers, and the contents of other derived containers comprise information extracted from said information repository.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 4<br><br>Claim 10 of the '229 Patent recites:<br><br>Apparatus as in claim 8, wherein the contents of some derived containers comprise both child derived containers and information extracted from said information repository.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 5<br><br>Claim 13 of the '229 Patent recites:<br><br>Apparatus as in claim 8, wherein:<br>a. various ones of the container definition nodes forming said information model comprise pointers which establish a hierarchical relationship between said | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

SEP. STATEMENT ISO MSJ OF INVALIDITY
CASE NO. 14-CV-00570-BLF

| | | |
|---|---|---|
| | container definition nodes of said information model; and<br>b. said code for creating a hierarchy of derived containers determines the hierarchical relationship of said derived containers by referring to said information model.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 6<br><br>Claim 15 of the '229 Patent recites:<br><br>Apparatus as in claim 8, wherein each of said derived containers inherits at least one attribute from its corresponding container definition node, said at least one attribute comprising a selection criteria attribute which determines the category of information stored in said information repository to which a derived container corresponds.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 7<br><br>Claim 17 of the '229 Patent recites:<br><br>Apparatus for accessing an information repository, comprising:<br>a. a number of computer readable media; and<br>b. computer readable program code stored on said number of computer readable media, said computer readable program code comprising code for creating a hierarchy of derived containers, wherein a given derived container corresponds to:<br>i. a container definition node of an information model, said information model comprising a hierarchy of container definition nodes; and<br>ii. a category of information stored in said information repository; wherein:<br>(1) said hierarchy of container definition nodes comprises at least a first-level container definition node, a plurality of lower | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

SEP. STATEMENT ISO MSJ OF INVALIDITY
CASE NO. 14-CV-00570-BLF

| | | |
|---|---|---|
| | level container definition nodes, and a plurality of leaf nodes;<br>(2) various of said container definition nodes comprise pointers to other container definition nodes to thereby establish said hierarchy of container definition nodes; and<br>(3) each of said container definition nodes comprises a selection criteria attribute.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 8<br><br>Claim 18 of the '229 Patent recites:<br><br>18. A computer based method of accessing an information repository, comprising:<br>a. said computer creating a hierarchy of derived containers, wherein a given derived container corresponds to:<br>i. a container definition node of an information model, said information model comprising a hierarchy of container definition nodes; and<br>ii. a category of information stored in said information repository;<br>b. said computer displaying given ones of said derived containers to a computer user; and<br>c. said computer determining if a given one of said displayed derived containers has been selected by a computer user, and upon selection of said given one of said displayed derived containers, displaying contents of said given one of said displayed derived containers.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 9<br><br>Claim 19 of the '229 Patent recites:<br><br>A method as in claim 18, wherein the contents of some derived containers comprise child derived containers, and the contents of other derived containers comprise information extracted from said information | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

SEP. STATEMENT ISO MSJ OF INVALIDITY
CASE NO. 14-CV-00570-BLF

| | | |
|---|---|---|
| | repository.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 10<br><br>Claim 20 of the '229 Patent recites:<br><br>A method as in claim 18, wherein the contents of some derived containers comprise both child derived containers and information extracted from said information repository.<br><br>(Morton Decl. ¶ 5, Ex. 4) | |
| Issue 4 | Fact 11<br><br>The background of the '229 Patent recites:<br><br>"Information repositories can also be in non-automated form, such as library index cards comprising information like call numbers, publishers and authors."<br><br>(Morton Decl. ¶ 5, Ex. 4 at 1:35-38) | |
| Issue 4 | Fact 12<br><br>Lois Mai Chan, *Cataloging and Classification: An Introduction*, Second Edition (1994) recites:<br><br>"Classification, broadly defined, is the act of organizing the universe of knowledge into some systemic order. It has been considered the most fundamental activity of the human mind. The essential act of classification is the multistage process of deciding on a property or characteristic of interest, distinguishing things or objects that possess that property from those which lack it, and grouping things or objects that have the property or characteristic in common into a class. Other essential aspects of classification are establishing relationships among classes and making distinctions within classes to arrive at subclasses and finer divisions." | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

17.

SEP. STATEMENT ISO MSJ OF INVALIDITY
CASE NO. 14-CV-00570-BLF

| | |
|---|---|
| | (Morton Decl. ¶ 15, Ex. 14 at 259)<br><br>"Classification begins with the universe of knowledge as a whole and divides it into successive stages of classes and subclasses . . . the progression is from the general to the specific, forming a hierarchical, or 'tree,' structure, each class being a species of the class on the preceding level and a genus to the one below it."<br><br>(Morton Decl. ¶ 15, Ex. 14 at 260)<br><br>"The publication in 1876 of a pamphlet entitled *A Classification and Subject Index for Cataloguing and Arranging the Books and Pamphlets of a Library* marked the beginning of the Dewey Decimal Classification (DDC), which was soon adopted by many libraries in the United States and later by libraries are around the world. . . The division of main classes was based on an earlier classification system (1870) devised by W.T. Harris, who, in turn, based his scheme on an inverted order of Francis Bacon's classification of knowledge."<br><br>(Morton Decl. ¶ 15, Ex. 14 at 269) | |

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

Dated: December 17, 2014

                                       */s/ Phillip E. Morton*
                                       Phillip E. Morton

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

18.

SEP. STATEMENT ISO MSJ OF INVALIDITY
CASE NO. 14-CV-00570-BLF