# EXHIBIT 9

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Application No. | 10/615,054 | Confirmation No.: 7996 |
| Applicant(s): | John Manos | |
| Filed: | 8 July 2003 | |
| Group Art Unit: | 3623 | |
| Examiner: | CHONG Cruz, Nadja N | |
| Title: | INFORMATION TECHNOLOGY SERVICE REQUEST LEVEL OF SERVICE MONITOR | |

Docket No.: 2560.055 (50-03-002)
Customer No.: 60826


Mail Stop Amendment
Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450


**AMENDMENT AND RESPONSE UNDER 37 C.F.R. §1.111**

Dear Sir:

      In response to the Office Action mailed on 19 November 2008, please amend the above-identified application as follows:

      **Claim amendments** begin on page 2 of this paper.

      **Remarks** begin on page 10 of this paper.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

**Amendments to the Claims:**

This listing of claims replaces all prior listings, and versions, of claims in the application.

**Listing of Claims:**

1. (Currently amended)   A method, in a computer system, for monitoring service tickets for information technology service providers to ensure that levels of service required to be provided to a customer pursuant to ~~an~~ a contractual agreement between the customer and a service provider, are met, the method comprising:

inspecting a service ticket in a database to determine a deadline for when a problem associated with the service ticket must be resolved, with the deadline based upon a contractually determined severity of the problem and a corresponding contractually required time for resolution of the problem;

displaying, on a display device at the help desk, a graphical display populated with representations of service tickets that have reached a predetermined percentage of the time before their due date;

determining a deadline approaching alert time at which a help desk user must be notified that the deadline for resolving the problem must be met; and

alerting the help desk user that the deadline for resolving the problem is approaching when the deadline approaching alert time is reached.

2. (Original) The method as recited in claim 1, further comprising:

determining a status update interval for the service ticket; and

responsive to a determination that the problem has not been resolved by the deadline, determining a first status update alert time to alert the help desk user that a status update needs to be sent to the customer.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

3. (Original) The method as recited in claim 2, further comprising:

alerting the help desk user that a status update is approaching when the first status update alert time occurs.

4. (Original) The method as recited in claim 3, further comprising:

responsive to a determination that the problem has not been resolved after a status update time has passed, determining a time to alert the help desk user that a time to provide a new status update to the customer is approaching and alerting the help desk user prior to the time to provide the new status update.

5. (Original) The method as recited in claim 1, wherein alerting the help desk user that the deadline for resolving the problem is approaching when the deadline approaching alert time is reached comprises sending an alert wherein the alert includes an identity of the service ticket and the deadline for when a problem associated with the service ticket must be resolved.

6. (Original) The method as recited in claim 5, wherein the alert comprises a pop-up window.

7. (Original) The method as recited in claim 6, wherein the pop-up window is displayed on top of all other windows that are open on the help desk user's data processing system.

8. (Original) The method as recited in claim 5, wherein the alert comprises an audio alert.

9. (Original) The method as recited in claim 5, wherein the alert comprises a graphical alert.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

10. (Original) The method as recited in claim 1, wherein the deadline for when a problem associated with the service ticket must be resolved is determined by consulting a ticket severity table.

11. (Original) The method as recited in claim 10, wherein the ticket severity table is populated in accordance with a level of service agreement between the customer and the information technology provider.

12. (Currently amended) A computer program product in a computer readable media for use in a data processing system for monitoring service tickets for information technology service providers to ensure that levels of service required to be provided to a customer pursuant to ~~an~~ a contractual agreement between the customer and a service provider, are met, the computer program product comprising:

   first instructions for inspecting a service ticket in a database to determine a deadline for when a problem associated with the service ticket must be resolved, with the deadline based upon a contractually determined severity of the problem and a corresponding contractually required time for resolution of the problem;

   display instructions for displaying, on a display device at the help desk, a graphical display populated with representations of service tickets that have reached a predetermined percentage of the time before their due date;

   second instructions for determining an deadline approaching alert time at which a help desk user must be notified that the deadline for resolving the problem must be met; and

   third instructions for alerting the help desk user that the deadline for resolving the problem is approaching when the deadline approaching alert time is reached.


Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

13. (Original) The computer program product as recited in claim 12, further comprising:

fourth instructions for determining a status update interval for the service ticket; and

fifth instructions, responsive to a determination that the problem has not been resolved by the deadline, for determining a first status update alert time to alert the help desk user that a status update needs to be sent to the customer.

14. (Original) The computer program product as recited in claim 13, further comprising:

sixth instructions for alerting the help desk user that a status update is approaching when the first status update alert time occurs.

15. (Original) The computer program product as recited in claim 14, further comprising:

seventh instructions, responsive to a determination that the problem has not been resolved after a status update time has passed, for determining a time to alert the help desk user that a time to provide a new status update to the customer is approaching and alerting the help desk user prior to the time to provide the new status update.

16. (Original) The computer program product as recited in claim 12, wherein alerting the help desk user that the deadline for resolving the problem is approaching when the deadline approaching alert time is reached comprises sending an alert wherein the alert includes an identity of the service ticket and the deadline for when a problem associated with the service ticket must be resolved.

17. (Original) The computer program product as recited in claim 16, wherein the alert comprises a pop-up window.

18. (Original) The computer program product as recited in claim 17, wherein the pop-up window is displayed on top of all other windows that are open on the help desk user's data processing system.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

19. (Canceled)

20. (Original) The computer program product as recited in claim 16, wherein the alert comprises a graphical alert.

21. (Original) The computer program product as recited in claim 12, wherein the deadline for when a problem associated with the service ticket must be resolved is determined by consulting a ticket severity table.

22. (Original) The computer program product as recited in claim 21, wherein the ticket severity table is populated in accordance with a level of service agreement between the customer and the information technology provider.

23. (Currently amended)  A system in a computer readable media for use in a data processing system for monitoring service tickets for information technology service providers to ensure that levels of service required to be provided to a customer pursuant to ~~an~~ <u>a contractual</u> agreement between the customer and a service provider, are met, the system comprising:
    first means for inspecting a service ticket in a database to determine a deadline for when a problem associated with the service ticket must be resolved<u>, with the deadline based upon a contractually determined severity of the problem and a corresponding contractually required time for resolution of the problem</u>;
    display means for generating a display, on a display device at the help desk, a graphical display populated with representations of service tickets that have reached a predetermined percentage of the time before their due date;
    second means for determining an deadline approaching alert time at which a help desk user must be notified that the deadline for resolving the problem must be met; and
    third means for alerting the help desk user that the deadline for resolving the problem is approaching when the deadline approaching alert time is reached.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

24. (Original) The system as recited in claim 23, further comprising:

fourth means for determining a status update interval for the service ticket; and

fifth means, responsive to a determination that the problem has not been resolved by the deadline, for determining a first status update alert time to alert the help desk user that a status update needs to be sent to the customer.

25. (Original) The system as recited in claim 24, further comprising:

sixth means for alerting the help desk user that a status update is approaching when the first status update alert time occurs.

26. (Original) The system as recited in claim 25, further comprising:

seventh means, responsive to a determination that the problem has not been resolved after a status update time has passed, for determining a time to alert the help desk user that a time to provide a new status update to the customer is approaching and alerting the help desk user prior to the time to provide the new status update.

27. (Original) The system as recited in claim 23, wherein alerting the help desk user that the deadline for resolving the problem is approaching when the deadline approaching alert time is reached comprises sending an alert wherein the alert includes an identity of the service ticket and the deadline for when a problem associated with the service ticket must be resolved.

28. (Original) The system as recited in claim 27, wherein the alert comprises a pop-up window.

29. (Original) The system as recited in claim 28, wherein the pop-up window is displayed on top of all other windows that are open on the help desk user's data processing system.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

30. (Original) The system as recited in claim 27, wherein the alert comprises an audio alert.

31. (Canceled)

32. (Original) The system as recited in claim 23, wherein the deadline for when a problem associated with the service ticket must be resolved is determined by consulting a ticket severity table.

33. (Original) The system as recited in claim 32, wherein the ticket severity table is populated in accordance with a level of service agreement between the customer and the information technology provider.

34. (Currently amended) A system for monitoring service tickets in order to provide reminders to a help desk user of impending times for actions, the times for actions being provided according to a level of service required to be provided to a customer pursuant to a contract between the customer and a service provider, the system comprising:
    a monitoring server;
    a database; and
    a help desk client;
    wherein the database stores tickets and information regarding ticket types, ticket severities _based on the contract_, and _corresponding_ contractually required times for actions to be performed for each of the ticket types and ticket severities; the monitoring server monitors tickets in the database, determines when times for actions are approaching, and sends alerts to the help desk client alerting the help desk user that a time to take a specified action is approaching; and the help desk client displays active tickets to a help desk user and provides alerts received from the monitoring server to the help desk user.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

35. (Original) The system as recited in claim 34, wherein the times are determined using a centralized clock.

36. – 37. (Canceled)

38. (Previously presented) The system as recited in claim 34, wherein the active tickets are displayed in a grid.

39. (Previously presented) The system as recited in claim 34, wherein the active tickets displayed are only those that have reached a predetermined percentage of the time before their due date.

40. (Previously presented) The system as recited in claim 39, wherein the percentage of time is 75% of the time specified in an associated LOS.

41. (Previously presented) The system as recited in claim 39, wherein the display may be minimized at the election of the user.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

## REMARKS

Claims 1-18, 20-30, 32-35, and 38-41 are pending and will remain pending in the application after entry of this amendment. Entry of this Amendment, reconsideration, and allowance of the pending claims is respectfully requested.

### Claim Rejections

Claims 1-18, 20-30, 32-35 and 38-41 are pending.

The Examiner rejected claims 1-11 under 35 U.S.C. § 101 as being directed to non-statutory subject matter. The Examine set forth that the process must entail the use of a specific machine or transformation of an article which must impose meaningful limits on the claim's scope to impart-patent eligibility. Applicants have amended independent claim 1 and assert that claim 1 as now present is tied to the use of a specific machine. Claim 1 has been amended to recite in- part "A method in a computer system,…" Applicants respectfully request the Examiner to withdraw the rejection of independent claim 1 under 35 U.S.C. § 101.

Regarding claims 2-11, as these claims depend either directly or indirectly from independent claim 1, and therefore incorporate all the limitations of claim 1 therein, for the reasons set forth above with respect to claim 1, Applicants respectfully request the Examiner to withdraw the rejection of claims 2-11 under 35 U.S.C. § 101.

The Examiner rejected claims 1, 12 and 23 under 35 U.S.C. §103(a) as being unpatentable over U.S. patent 6,219,648 to Jones et al. in view of Scheifler et al., "The X Window System," published in ACM Transactions on Graphics, Vol. 5, No. 2, April 1996.'

Claims 2-11, 13-18, 20-22, 24-30, 32-35 and 39-40 were rejected under 35 U.S.C. §103(a) as being unpatentable over Jones in view of Scheifler and U.S. pre-grant publication 2002/0123983 by Riley et al.

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

Claims 38 and 41 were rejected under 35 U.S.C. §103(a) as being unpatentable over Jones in view of Scheifler in view of Riley and further in view of Quercia et al., "The Definitive Guides to the X Window System, *O'Reilly & Associates, Inc.*, Volume Three, Motif Edition, 1993.

In response to the office action, the independent claims have been amended such that the claims are now directed to subject matter that is not shown or suggested in any of the cited references. Paraphrased, the independent claims now recite a methodology by which to ensure that an agreed-upon level of service is provided to a customer wherein the identification of the severity of a problem and corresponding time to fix the problem is predicated upon the contractual agreement between the customer and the service provider.

Support for the claim amendments can at least be found in paragraph [0028], which states that "The severity assigned to a ticket is typically obtained from a severity table that has been populated based on a contractual agreement between the IT provider and the customer. Also…the resolution time to fix the problem is obtained based on the LOS (Level of Service) agreement".

The amended claims, and the claims that depend from them, traverse the rejection because no reference or combination of references show or suggest a method or apparatus by which the deadline is "based upon a contractually determined severity of the problem and a corresponding contractually required time for resolution of the problem".

Jones is generally directed to a device for monitoring the progress of a trouble ticket, wherein the times at which notifications are generated are specified by thresholds that are set by operators at <u>a customer service center</u>. In Jones, the text in column 3, lines 66-67 states that the time at which an alert is generated is selected <u>*by* the customer service center</u>. Stated another way, Jones teaches that the determination of how and when to provide customer service is determined entirely and exclusively by the service provider without regard to the customer to who service is to be provided. Jones does not teach or disclose that original deadline set for

11

Application No. 10/615,054
Amendment dated February 18, 2009
Reply to Office Action of November 19, 2008

completing the handling of the problem be base upon a contractual agreement from which the severity of the problem and the corresponding time deadline are determined, as the applicant's amended claims now require.

In Riley, the text in paragraphs [0116]-[0121] states that prior to assigning a time or speed in which the service request should be handled, "the operator analyzes the service request in order to prioritize it. The resulting prioritization is used to classify the request against *all other requests* made by the Service Desk customers…" (emphasis added). Riley thus clearly teaches that the determination of the priority or severity of the problem is not based upon the contractual agreement between the customer, but rather the severity is based upon a comparison of the problem with all other requests made to the help desk, regardless of which customer made the request and regardless of any prior agreements.

The Applicant respectfully contends that the amended claims traverse the rejections and place the claims in condition for allowance. Reconsideration of the claims is therefore respectfully requested.

                                                Respectfully submitted,

                                                / Robert H. Kelly /

                                                Robert H. Kelly
                                                Reg. No. 33,922

KELLY & KRAUSE, L.P.
6600 LBJ Freeway, Suite 275
Dallas, Texas 75240
Telephone: (214) 446-6684
Fax: (214) 446-6692
robert.kelly@kelly-krause.com