UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

HEWLETT PACKARD COMPANY,
               Plaintiff,

v.

SERVICENOW, INC.,
               Defendant.

Case No. 14-cv-00570-BLF

**ORDER GRANTING LEAVE TO FILE FURTHER PAPERS**

[Re: ECF 70]

    Defendant ServiceNow filed a motion for summary judgment of invalidity of U.S. Patents 8,224,683; 6,321,229; 7,890,802; and 7,610,512, for failure to claim eligible subject matter under 35 U.S.C. § 101. HP opposed, arguing that ServiceNow's motion fails to account for certain claim limitations, which it contends narrow the scope of the patents' claims such that they are not claiming abstract ideas. However, HP did not specifically propose constructions in support of its opposition to ServiceNow's motion. The court held a hearing on January 29, 2015, in which it became clear that HP believed providing such proposed constructions would be contrary to the court's earlier ruling allowing ServiceNow to file for summary judgment before claim construction. HP contended that, although it had not provided explicit constructions of disputed claim terms, it had identified the terms that it believed sufficiently narrowed claim scope in order to render the claims patent-eligible under § 101.

    IT IS HEREBY ORDERED that:

    HP may file, no later than 5:00pm, February 6, 2015, a list of proposed constructions for terms already identified in HP's opposition brief that HP contends, if adopted by the court, would preclude a judgment of invalidity under § 101. No additional argument may be submitted with these constructions.

1    ServiceNow may file, no later than 5:00pm, February 13, 2015, a supplemental brief of no
2    more than 10 pages, addressing whether, under HP's proposed constructions,[1] the claims at issue
3    are for ineligible abstract ideas.

Dated: 1/30/2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] ServiceNow's adoption of HP's proposed constructions for purposes of this motion will not preclude ServiceNow from later opposing these constructions during claim construction.

2