Mark D. Flanagan (SBN 130303)
  mark.flanagan@wilmerhale.com
Mark D. Selwyn (SBN 244180)
  mark.selwyn@wilmerhale.com
Joseph F. Haag (SBN 248749)
  joseph.haag@wilmerhale.com
Nathan L. Walker (SBN 206128)
  Nathan.walker@wilmerhale.com
Evelyn C. Mak (SBN 258086)
  evelyn.mak@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff*
HEWLETT-PACKARD COMPANY

Michael G. Rhodes (SBN 116127)
  rhodesmg@cooley.com
COOLEY LLP
101 California Street. 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

Heidi L. Keefe (SBN 178960)
  hkeefe@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

*Attorneys for Defendant*
  SERVICENOW, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>SERVICENOW, INC., a Delaware corporation<br><br>Defendant. | Case No. 5:14-cv-00570 (BLF)<br><br>**[PROPOSED]** **STIPULATED PROTECTIVE ORDER**<br><br> [Re:  Dkt. 86]<br><br>**MODIFIED BY THE COURT** |

1.      PURPOSES AND LIMITATIONS

        Plaintiff Hewlett-Packard Company ("HP") and defendant ServiceNow, Inc.

("ServiceNow") (collectively referred to herein as the "Parties") anticipate that disclosure and

discovery activity in this action are likely to involve production of confidential, proprietary, or

private information for which special protection from public disclosure and from use for any

purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

acknowledge that this Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define, contain or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17    <u>Patents-in-suit</u>: U.S. Patent Nos. 7,392,300, 6,321,229, 7,027,411, 7,925,981, 7,945,860, 8,224,683, 7,610,512, 7,890,802, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

This Order is without prejudice to the right of any Party to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without

limitation, an order that certain material not be produced at all.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Indiscriminate designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, including the specific confidentiality level claimed.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.        CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1        Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2        Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3        Judicial Intervention. If the Parties cannot resolve a challenge without court **they shall comply with the undersigned's Standing Order re Civil Discovery** intervention, ~~the Designating Party shall file and serve a motion to retain confidentiality under~~ **Disputes** ~~Civil Local Rule 7~~ (and ~~in compliance~~ with Civil Local Rule 79-5, if applicable) ~~within 21 days~~ ~~of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer~~ **In each Discovery Dispute** ~~process will not resolve their dispute, whichever is earlier. Each such motion must be~~ **Joint Report (DDJR), the parties must attest that they have** ~~accompanied by a competent declaration affirming that the movant has~~ complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

1    **seek court intervention within the period set out in Standing Order, Section D**
     ~~make such a motion including the required declaration within 21 days (or 14 days, if applicable)~~

2    shall automatically waive the confidentiality designation for each challenged designation. In

3    **seek relief with respect to a**
     addition, the Challenging Party may ~~file a motion challenging~~ a confidentiality designation at any

4    time if there is good cause for doing so, including a challenge to the designation of a deposition

5    **In    DDJR    the parties**
     transcript or any portions thereof. Any ~~motion~~ brought pursuant to this provision ~~must be~~

6    **must attest that they have**
     ~~accompanied by a competent declaration affirming that the movant has~~ complied with the meet

7    and confer requirements imposed by the preceding paragraph.

8           The burden of persuasion in any such challenge proceeding shall be on the Designating

9    Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

10   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

11   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

12   **court intervention**
     ~~file a motion to retain confidentiality~~ as described above, all parties shall continue to afford the

13   material in question the level of protection to which it is entitled under the Producing Party's

14   designation until the court rules on the challenge.

15   7.     ACCESS TO AND USE OF PROTECTED MATERIAL

16          7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

17   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

18   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

19   the categories of persons and under the conditions described in this Order. When the litigation has

20   been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

21   DISPOSITION).

22          Protected Material must be stored and maintained by a Receiving Party at a location and

23   in a secure manner that ensures that access is limited to the persons authorized under this Order.

24          Nothing in this Order shall be construed to prevent counsel from advising their clients

25   with respect to this case based in whole or in part upon Protected Materials, provided counsel

26   does not disclose the Protected Materials themselves, the content of those Protected Materials, or

27   the fact of those particular Protected Materials' existence, except as provided in this Order.

28

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as staff members who are working for such Experts (or for the firm with which the Experts are affiliated), and to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)  mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Discovery Material and to keep any information concerning Discovery Material confidential;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or

other person who otherwise possessed or knew the information; and

(i)  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation ;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed, as well as staff members who are working for such Experts (or for the firm with which the Experts are affiliated), and to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary;

(e)  mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;[1]

(f) the author or recipient of a document containing the information or a custodian or

---

[1] This Order contemplates that mock jurors shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

other person who otherwise possessed or knew the information; and

(g)  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the ~~Party~~ **parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes** ~~seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7~~ (and ~~in compliance~~ with Civil Local Rule 79-5, if applicable) ~~seeking permission from the court~~ **DDJR** ~~to do so~~. Any such ~~motion~~ must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. **DDJR** In addition, any such ~~motion~~ must ~~be accompanied by a competent declaration~~ describ~~ing~~ **e** the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and set~~ting~~ forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information (collectively "HIGHLY SENSITIVE MATERIAL") is disclosed shall not be involved in  the prosecution of patents or patent applications relating to the subject matter of the HIGHLY SENSITIVE MATERIAL, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution"

includes directly or indirectly drafting, amending, advising on, or otherwise affecting the scope of patent claims.[3]  To avoid any doubt, this paragraph does not preclude (a) representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination) or (b) an attorney or expert who reviewed or learned HIGHLY SENSITIVE MATERIAL from participating in or advising on any inter partes review and/or covered business method review of any patent involved in this litigation if the attorney or expert does not directly or indirectly participate in drafting or amending claims.  This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first  disclosed to the affected individual and shall end two (2) years after final termination of this action.

9.      SOURCE CODE

        (a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

        (b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of mock jurors.

        (c)  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (e.g., 9:00 a.m. to 6:00 p.m., Monday through Friday) or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall

---

[3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

be made available for inspection on two secured computers (running a reasonably current operating system), without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (hereinafter "Confidential Source Code Computer").

(d) The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. The Receiving Party's outside counsel and/or experts may request that additional commercially available software tools for viewing and searching Source Code be installed on the Confidential Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least ten (l0) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Confidential Source Code Computer. Specific tools requested by the Receiving Party may include but are not limited to: Visual Slick Edit, IntelliJ (including plugins for the languages in which the source code is written), standard search tools such as grep (e.g., as provided in Cygwin), and ExamDiff Pro, or other similar programs.

(e) Each Confidential Source Code Computer shall be equipped with a printer with commercially reasonable printing speeds to print copies of the Source Code on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of

source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(f) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, provided, however, to avoid any doubt, neither this sub-paragraph (f) nor the following sub-paragraph (g) shall prevent the Receiving Party from including limited excerpts of the paper copies (or the information therein) in court filings (or drafts thereof) in this action.

(g) The printed Source Code shall be labeled with "HIGHLY CONFIDENTIAL— SOURCE CODE." Outside counsel for the Producing Party will keep the originals of these printed documents, and two copies shall be made for outside counsel for the Receiving Party on watermarked paper within four (4) court days.  It is the responsibility of the Producing Party to ensure delivery of the printed documents to outside counsel for the Receiving Party within four (4) court days of Receiving Party's request for the printed Source Code.  If and to the extent requested by the Receiving Party at least five court days in advance of any deposition, the Producing Party shall bring to the deposition(s) up to two additional copies of the printed Source Code or portions thereof for use at the deposition(s), provided that (a) the printed Source Code requested is reasonably tailored to the anticipated subject matter of the deposition and (b) the deponent is a person authorized to receive information designated "HIGHLY CONFIDENTIAL – SOURCE CODE."  If the Producing Party objects to the production of additional copies of printed Source Code for a deposition, the Producing Party shall object within one court day of the request.  The Producing Party and Receiving Party shall meet and confer within one court day after the objection in an effort to resolve the objection.   If a Receiving Party believes that additional copies of portions of printed Source Code are necessary, the Producing Party and the Receiving Party shall meet and confer regarding the extent to which any additional copies will be

16

produced.  To the extent any printed Source Code is used during a deposition, the printed Source Code shall be retrieved by the Party that brought the printed source code to the deposition at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(h) Other than the Confidential Source Code Computers and printers provided by the Producing Party, no electronic devices, including but not limited to laptops, floppy drives, zip drives or other hardware, shall be permitted in the secure room. Nor shall any cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, or other devices be permitted inside the secure room. No non-electronic devices capable of similar functionality shall be permitted in the secure room. The Receiving Party shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated by a Designating Party in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

1   and

2           (c) cooperate with respect to all reasonable procedures sought to be pursued by the

3   Designating Party whose Protected Material may be affected.[4]

4         If the Designating Party timely seeks a protective order, the Party served with the

5   subpoena or court order shall not produce any information designated in this action as

6   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or

7   "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

8   which the subpoena or order issued, unless the Party has obtained the Designating Party's

9   permission. The Designating Party shall bear the burden and expense of seeking protection in that

10  court of its confidential material – and nothing in these provisions should be construed as

11  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

12  another court.

13  11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

14         LITIGATION

15         (a) The terms of this Order are applicable to information produced by a Non-Party in

16  this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such

18  information produced by Non-Parties in connection with this litigation is protected by the

19  remedies and relief provided by this Order. Nothing in these provisions should be construed as

20  prohibiting a Non-Party from seeking additional protections.

21         (b) In the event that a Party is required, by a valid discovery request, to produce a

22  Non-Party's confidential information in its possession, and the Party is subject to an agreement

23  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

24           1.     promptly notify in writing the Requesting Party and the Non-Party that

25

26

27  [4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

28

some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. **All discovery and disclosure disputes are subject to the undersigned's Standing Order re Civil Discovery Disputes.**

12.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1

2   13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
3           MATERIAL

4           The inadvertent production by a Party of material subject to the attorney-client privilege,

5   work-product protection, or any other applicable privilege or protection, despite the Producing

6   Party's reasonable efforts to prescreen such material prior to production, will not waive the

7   applicable privilege and/or protection if a request for return of such inadvertently produced

8   material is made promptly after the Producing Party learns of its inadvertent production.

9           Upon such a request from any Producing Party who has inadvertently produced material

10  that it believes is privileged and/or protected, each Receiving Party shall immediately return or

11  destroy within five (5) days such material and all copies to the Producing Party, and if destroyed,

12  shall be destroyed and certified as such in writing by the Receiving Party to the Producing Party.

13          Within five (5) days of the Producing Party's request for the return and/or destruction of

14  privileged material, the Producing Party shall provide a privilege log with entries for the

15  inadvertently produced document(s).   The Producing Party shall maintain the referenced

16  document(s) until the Parties resolve any dispute concerning the privileged nature of such

17  documents or the Court rules on any ~~motion to compel~~ **DDJR for** production of such documents. If a dispute

18  arises concerning the privileged nature of the document(s) demanded or returned, the Parties shall

19  meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to

20  resolve the dispute, the **parties shall comply with the undersigned's Standing Order re Civil** ~~Receiving Party may file a motion to compel the production of such~~

21  **Discovery Disputes.**   **DDJR** ~~document(s)~~. In the event of such a ~~motion to compel~~, the Producing Party shall have the burden

22  to demonstrate the claimed privilege, work product immunity or other immunity. However, in no

23  case will the return of any demanded document be delayed or refused by reason of a party's

24  objection to the demand or by the filing of a ~~motion to compel~~ **DDJR**, nor may a party assert the fact of

25  the inadvertent production as a ground for any such ~~motion~~ **DDJR**. The Parties further agree that the

26  Receiving Party will not use or refer to any information contained within the document(s) at

27  issue, including in deposition or at trial or in any Court filing (aside from the ~~motion to compel~~ **DDJR**

28  mentioned in the preceding sentence), unless and until such a ~~motion to compel~~ **DDJR for** production of that

document is granted by a Court, except as such information may appear in any applicable privilege log.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

1

2      14.5    Termination of Matter and Retention of Jurisdiction. The Parties agree that the

3  terms of this Protective Order shall survive and remain in effect after the Final Disposition of the

4  above captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to
   **for a period of six months**
   ^

5  hear and resolve any disputes arising out of this Protective Order.

6      14.6    Successors. This Order shall be binding upon the Parties hereto, their attorneys,

7  and their successors, executors, personal representatives, administrators, heirs, legal

8  representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

9  experts, and any persons or organizations over which they have direct control.

10     14.7    Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this

11  Protective Order shall be construed to change the burdens of proof or legal standards applicable in

12  disputes regarding whether particular Discovery Material is confidential, which level of

13  confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions

14  should apply.

15     14.8    Modification by Court. This Order is subject to further court order based upon

16  public policy or other considerations, and the Court may modify this Order sua sponte in the

17  interests of justice. The United States District Court for the Northern District of California is

18  responsible for the interpretation and enforcement of this Order. All disputes concerning

19  Protected Material, however designated, produced under the protection of this Order shall be

20  resolved by the United States District Court for the Northern District of California.

21     14.9    Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any

22  way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the

23  United States District Court for the Northern District of California, or the Court's own orders.

24  Identification of any individual pursuant to this Protective Order does not make that individual

25  available for deposition or any other form of discovery outside of the restrictions and procedures

26  of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for

27  the Northern District of California, or the Court's own orders.

28

[Proposed] Stipulated Protective Order
Case No. 5:14-cv-00570 (BLF)

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  In addition, Counsel are not required to remove Protected Material from tapes or other media used by their law firms for disaster recovery.

16.   <u>DISCOVERY OF EXPERT COMMUNICATIONS</u>

The Parties will not seek drafts of expert reports, declarations, affidavits, or notes taken by experts retained to testify in this litigation, whether those reports, declarations, affidavits, or notes relate to this litigation, to any prior litigation, or to any currently pending investigation, litigation or proceeding involving any of the Parties. The Parties will not seek documents relating to communications between such experts and counsel, including email communications, whether generated in connection with this litigation, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the Parties, except for documents, information and things included in or attached to such communications that are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

[Proposed] Stipulated Protective Order
Case No. 5:14-cv-00570 (BLF)

1    Except where a draft was produced as the only available copy, the Parties will not inquire

2    at deposition or trial as to the contents of drafts of expert reports, declarations or affidavits, nor

3    notes pertaining thereto, whether drafted in connection with this litigation, a prior litigation, or

4    any currently pending investigation, litigation or proceeding involving any of the Parties, and the

5    Parties will not inquire at deposition or at trial as to the expert's communications, written or oral,

6    with counsel, whether generated in connection with this litigation, a prior litigation, or any

7    currently pending investigation, litigation or proceeding involving any of the Parties, except to the

8    extent that the expert explicitly references or cites information from counsel in his or her expert

9    report, declaration, affidavit, or testimony.

10    Furthermore, nothing in Section 16 is intended to restrict the Parties' ability to inquire into

11    the basis of any of the opinions expressed by any expert in his or her report, declaration, or

12    affidavit, including the manner by which such opinions were reached, and information considered

13    in reaching such opinions.

14    Materials, communications, and other information exempt from discovery under Section

15    16 shall be treated as attorney-work product for the purposes of this litigation and Order.

16    17.    COMPUTATION OF TIME

17    The computation of any period of time proscribed or allowed by this Order shall be

18    governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

19

20    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

21

22    DATED:    February 3, 2015              /s/  Mark D. Flanagan
                                              Attorney for Plaintiff Hewlett-Packard Company
23

24    DATED:    February 3, 2015              /s/ Heidi L. Keefe
                                              Attorney for Defendant ServiceNow, Inc.
25

26

27

28

1

**AS MODIFIED BY THE COURT,**
**PURSUANT TO STIPULATION, IT IS SO ORDERED**

2

3    DATED: _____    _____

4                 February 6, 2015                                      Howard R. Lloyd
                                                                         United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on _____ [date] in the case of *Hewlett-*

*Packard Company v. ServiceNow, Inc.*, Case No. 14-cv-00570 (BLF).  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                   [printed name]

Signature: _____
              [signature]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

I, Mark D. Flanagan, do hereby attest that on February 3, 2015, I obtained the concurrence of counsel for Defendant ServiceNow, Inc., to file this document.


Dated: February 3, 2015

*/s/ Mark D. Flanagan*

Mark D. Flanagan (SBN 130303)
  mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100