COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street. 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

PHILLIP E. MORTON (*pro hac vice*)
(pmorton@cooley.com)
Reston Town Center, 11951
Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000

HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
ANDREW C. MACE (284484)
(amace@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendant
ServiceNow, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEWLETT-PACKARD COMPANY, a Delaware Corporation,

Plaintiff,

v.

SERVICENOW, INC., a Delaware Corporation,

Defendant.

Case No. 14-cv-00570-BLF

**DEFENDANT SERVICENOW, INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW AND COVERED BUSINESS METHOD REVIEW**

DATE: April 2, 2015
TIME: 9:00 a.m.
CTRM: 3
JUDGE: Beth Labson Freeman

## Table of Contents

Page

I. INTRODUCTION ........ 1
II. STATEMENT OF ISSUES TO BE DECIDED ........ 2
III. STATEMENT OF RELEVANT FACTS ........ 2
  A. HP's Infringement Allegations ........ 2
  B. ServiceNow's Petitions for IPR and CBM Review ........ 3
  C. Current Case Status ........ 4
IV. LEGAL STANDARDS ........ 5
V. ALL RELEVANT FACTORS FAVOR STAYING THE LITIGATION ........ 6
  A. The Simplification of Issues for Trial Strongly Favors a Stay ........ 7
  B. The Early Stage of This Litigation Strongly Favors a Stay ........ 9
  C. No Undue Prejudice or Tactical Disadvantage Exists ........ 11
  D. A Stay Would Substantially Lessen the Burden on the Parties and the Court ........ 13
VI. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
No. 14-cv-01012-SI, 2015 WL 545534 (N.D. Cal. Feb. 9, 2015) ............................... 7, 10, 12

*Alice Corporation Pty. Ltd. v. CLS Bank International*,
134 S. Ct. 2347 (2014) ........................................................................................ 3, 4

*ASCII Corp. v. STD Entm't USA, Inc.*,
844 F. Supp. 1378 (N.D. Cal. 1994) ........................................................................ 5

*Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*,
No. 13-cv-00457-JST, 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014) .................................. 12

*Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*,
767 F.3d 1383 (Fed. Cir. 2014)................................................................................ 6

*Brixham Solutions Ltd. v. Juniper Networks, Inc.*,
No. 13-cv-00616-JCS, 2014 WL 167791 (N.D. Cal. Apr. 28, 2014) ...................................... 8

*Coho Licensing LLC v. Glam Media*,
No. C 14-01576 JSW, 2014 WL 4681699 (N.D. Cal. Sept. 17, 2014)................................ 5, 8

*Delphix Corp. v. Actifio, Inc.*,
No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ..................... 5, 7, 8, 10

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)................................................................................ 5

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
No. C 13-04201 WHA, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014)...................................... 5, 8

*Evolutionary Intelligence LLC v. Facebook, Inc.*,
No. C 13-4202 SI, 2014 WL 261837 (N.D. Cal. Jan .23, 2014).............................................. 8

*Evolutionary Intelligence LLC v. Yelp Inc.*,
No. C-13-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013).................................. 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013)................................................................................ 8

*GT Nexus, Inc. v. Inttra, Inc.*,
No. C 11-02145-SBA, 2014 WL 3373088 ................................................................... 11, 13

*Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*,
922 F. Supp. 2d 486 (D. Del. Feb. 5, 2013)................................................................ 13

**TABLE OF AUTHORITIES**
**CONTINUED**

**PAGE(S)**

*MoneyCat, Ltd. v. PayPal Inc.*,
No. 14-cv-02490-JST, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014)................................ 6, 13

*PersonalWeb Techs., LLC v. Apple Inc.*,
---F. Supp. 3d---, No. 4:14-CV-1683 YGR, 2014 WL 4757816
(N.D. Cal. Sept. 24, 2014)........................................................................................ 5

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
No. 5:13-CV-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014).................................. 6

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005)........................................................................................ 10

*Roche Molecular Sys., Inc. v. Cepheid*,
No. C-14-3228-EDL, 2015 WL 124523 (N.D. Cal. Jan. 7, 2015)....................................... 5, 8

*Sightsound Techs. v. Apple, Inc.*,
No. 11-1291, 2013 WL 2457284 (W.D. Penn. June 6, 2013)................................................ 14

*Software Rights Archive, LLC v. Facebook, Inc.*,
No. C-12-3970 RMS, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013)............................... 9, 12

*Versata Software, Inc. v. Callidus Software, Inc.*,
771 F.3d 1368 (Fed. Cir. 2014)........................................................................... *passim*

*VirtualAgility Inc. v. Salesforce.Com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)........................................................................... *passim*

*Zillow, Inc. v. Trulia, Inc.*,
No. C12-1549JLR, 2013 WL 5530573 (W.D. Wash. Oct 7, 2013)............................. 5, 11, 13

**Statutes**

35 U.S.C.,
§ 101........................................................................................................................ 3
§ 313...................................................................................................................... 10
§ 315(e) .................................................................................................................... 9

AIA,
§ 18(b) ................................................................................................................. 6, 9

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 2, 2015, at 9:00 a.m., in Courtroom 3, before the Honorable Beth Labson Freeman, defendant ServiceNow, Inc. ("ServiceNow") will, and hereby does, move to stay these proceedings pending ServiceNow's *Inter Partes* Review ("IPR") and Covered Business Method ("CBM") review before the Patent Trial and Appeal Board ("PTAB"). The motion is based on this Notice, the following Memorandum of Points and Authorities, the declaration of Phillip E. Morton and such other evidence and argument as may be presented at or before any hearing on the Motion.

## STATEMENT OF REQUESTED RELIEF

ServiceNow respectfully requests the Court stay this action pending the final resolution of the IPRs and CBM reviews of the eight patents-in-suit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

ServiceNow has filed IPR and CBM petitions against every claim asserted by plaintiff Hewlett-Packard Company ("HP") in this case. Every factor that district courts consider in ruling on a motion to stay weighs heavily in favor of staying this action. First, as envisioned by Congress in enacting the America Invents Act ("AIA"), the IPR and CBM petitions will simplify claim construction, infringement and invalidity issues, and streamline any trial in this action. Despite the Court's sensible management of this litigation, eight patents and forty-four (44) asserted claims still remain at issue, as well as numerous ServiceNow accused products and services. The IPR and CBM petitions may result in the cancelation or narrowing of the asserted claims, which may substantially reduce or even eliminate this case.

Second, although this case has been pending for about a year, it is still in its early stages. The claim construction hearing in this matter is four months away, and trial is more than fifteen months away. The discovery taken to date has been minimal. HP has taken only two depositions—both of document custodians—and ServiceNow has not yet begun taking depositions. Full discovery did not open in this matter until January 9, 2015. In short, the vast majority of this case has yet to happen.

Third, the requested stay would present no undue prejudice on HP. Federal courts have repeatedly held that the mere delay in the litigation does not justify denying a stay pending review of the asserted patents by the Patent Office. Moreover, HP's own delay in bringing suit confirms the lack of any undue prejudice. ServiceNow has been in the IT service management business since 2003, but HP waited until 2014 to file suit. Most of the products and services accused by HP in this action were being sold years before the filing of this suit. Because HP waited so many years before bringing this suit, it can hardly complain about having its case delayed by a fraction of that time to allow the Patent Office to fully evaluate the asserted claims, to the benefit of the parties and the Court.

Fourth, a stay of the litigation will reduce the burden of litigation on the parties and on the Court. This factor carries particular weight in light of the current size and scope of this case. HP maintains almost four dozen asserted claims across eight patents, accusing a number of distinct ServiceNow products and services. The case cannot proceed to trial in this state, and will likely require substantial effort by the Court (through multiple rounds of claim construction or other case management efforts) to reduce this action to a manageable size. But that might be unnecessary as the IPR and CBM petitions may reduce or entirely eliminate issues requiring resolution by this Court. Any claims canceled in the IPR and CBM proceedings, for example, will obviously not require claim construction by the Court, dispositive motions or discovery. Even if the IPR and CBM petitions do not entirely dispose of this case (which they may), the case that emerges from these Patent Offices will be substantially smaller, and more manageable, than the one currently before the Court.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Should this action be stayed, in order to conserve judicial and party resources, pending the final resolution of IPRs and CBM reviews of the patents-in-suit?

## III.   STATEMENT OF RELEVANT FACTS

### A.   HP's Infringement Allegations

On February 6, 2014, HP filed suit accusing ServiceNow of infringing eight patents covering a variety of products and services: U.S. Patents Nos. 7,925,981 (the "'981 patent");

7,945,860 (the "'860 patent"); 7,890,802 (the "'802 patent"); 7,610,512 (the "'512 patent"); 8,224,683 (the "'683 patent"); 6,321,229 (the "'229 patent"); 7,392,300 (the "'300 patent"); and 7,027,411 (the "'411 patent") (collectively, the "asserted patents").

On July 3, 2014, HP served its Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3-1. In these initial contentions, HP asserted eighty five (85) claims from the eight patents. HP also broadly accused ServiceNow's "Software as a Service"—which HP defined as "all features and components in the ServiceNow products and services responsible for performing the cited functionality"—of infringement.

On September 5, 2014, the Court imposed limits on the total number of asserted claims "for reasons of judicial efficiency and economy, and to permit the Court to manage this case in an orderly fashion." (ECF No. 54 at 3, ¶ 6.) HP served its amended infringement contentions on November 18, 2014, reducing the number of asserted claims to forty-four (44).

On December 17, 2014, in an effort to further reduce the size and scope of this case, ServiceNow moved for summary judgment of invalidity of the '683, '802, '512, and '229 patents pursuant to 35 U.S.C. § 101 and the Supreme Court's decision in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014). (ECF No. 70.) The Court recently heard oral argument on these issues on January 29, 2015, but ServiceNow's motion is currently pending.

Just over a year into this litigation, the procedural complexity and scope of the case are large. Some progress has been made to focus this case, but the fact remains that HP has accused a numerous ServiceNow offerings of infringing forty-four claims across eight patents. To say the least, this is an unwieldy and complicated lawsuit.

### B. ServiceNow's Petitions for IPR and CBM Review

Invalidity discovery opened in this case on October 17, 2014, and HP served its amended and narrowed Infringement Contentions on November 18, 2014. Upon receiving those contentions, ServiceNow diligently researched and analyzed those asserted claims and the prior art. Between January and February 2015, ServiceNow filed nine petitions with the Patent Office challenging the validity of all of the claims identified by HP in November. In particular, ServiceNow filed an IPR petition for the '229 patent on January 5, 2015; for the '300 patent on

January 28, 2015; for the ’512, ’802, and ’981 patents on February 5, 2015; and for the ’860, ’411, and ’683 patents on February 6, 2015.[1] ServiceNow also filed a petition for Covered Business Method (CBM) review of the asserted claims of the ’981 patent on February 13, 2015.[2] A determination on whether to institute ServiceNow’s petitions is expected in or before July or August 2015.

### C. Current Case Status

While fact discovery remains open, the Court initially limited the scope of discovery pending service of the parties’ infringement and invalidity contentions. (*See* ECF No. 83 at 3.) This limitation was only recently lifted when ServiceNow served its invalidity contentions on January 9, 2015. (*Id.*) The parties have exchanged initial discovery, including the production of certain documents, and HP has taken two narrow 30(b)(6) depositions regarding ServiceNow’s corporate structure, document production and other marginally relevant topics. No substantive depositions have been taken and the overwhelming majority of fact discovery has yet to take place.

Pursuant to the Court’s Case Management Order, the parties have identified the claim terms to be construed and exchanged proposed constructions and supporting evidence. The vast majority of claim construction proceedings, however, remain outstanding, including (i) the deadline for filing of requests to have more than ten claims construed on February 23; (ii) filing of a Joint Claim Construction and Prehearing Statement on March 10; (iii) the deadline to complete claim construction discovery on April 9; (iv) HP’s opening claim construction brief on April 24, 2015; (v) ServiceNow’s responsive claim construction brief on May 8; (vi) HP’s reply claim construction brief on May 15; (vii) filing of an amended, final Joint Claim Construction Statement on May 22; (viii) a Claim Construction Tutorial on June 5; (ix) the exchange of demonstrative exhibits and visual aids on June 10; and (x) the actual Claim Construction Hearing on June 12. (ECF No. 54 at 1-2.)

---

[1] The IPR number for the ’229 patent is No. IPR2015-00523; the ’300 patent is No. IPR2015-00631; the ’512 patent is No. IPR2015-00699; the ’802 patent is No. IPR2015-00702; the ’981 patent is No. IPR2015-00707.

[2] The CBM review number for the ’981 patent is No. CBM2015-00077.

The entirety of expert discovery, including expert reports, depositions, and *Daubert* motions, remains outstanding and will not be completed until a year from now. (ECF No. 83 at 7.) Similarly, motions for summary judgment are not due until January 7, 2016 and will not be decided until at least February 2016. (*Id.*) Pretrial proceedings are over a year away and the current trial date, May 16, 2016 is still fifteen months away and subject to the Court's availability. (*Id.* at 7-8.) In short, there is much to do and much time to do it.

## IV. LEGAL STANDARDS

A district court has inherent power to manage its own docket and stay proceedings, "including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). Courts in this district have long recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). This liberal policy in favor of granting stays applies with equal force to the newer IPR and CBM review proceedings. *See Coho Licensing LLC v. Glam Media*, No. C 14-01576 JSW, 2014 WL 4681699, at *2 (N.D. Cal. Sept. 17, 2014); *Roche Molecular Sys., Inc. v. Cepheid*, No. C-14-3228-EDL, 2015 WL 124523, at *3 (N.D. Cal. Jan. 7, 2015).

While a court has discretion to stay proceedings pending parallel litigation in the PTAB, judicial efficiency and the desire to avoid inconsistent results may counsel in favor of a stay, even before the PTAB has acted on a petition for IPR or CBM review. *See Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2-3 (N.D. Cal. Nov. 13, 2014) (Freeman, J.); *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014); *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *3 (W.D. Wash. Oct 7, 2013); *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1373-74 (Fed. Cir. 2014). In determining whether to stay litigation pending an IPR, courts in this district analyze the following factors: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *See PersonalWeb Techs., LLC v. Apple Inc.*, ---F. Supp. 3d---, No. 4:14-CV-1683 YGR,

2014 WL 4757816, at *2 (N.D. Cal. Sept. 24, 2014); *see also* AIA § 18(b)(1)(A)-(C).

When determining whether to grant a motion to stay pending CBM review, Congress codified the three IPR factors, but added a fourth factor to "place a thumb on the scale in favor of granting stays." *MoneyCat, Ltd. v. PayPal Inc.*, No. 14-cv-02490-JST, 2014 WL 5689844, at *2 (N.D. Cal. Nov. 4, 2014) (collecting cases). The fourth factor—whether a stay will reduce the burden of litigation on the parties and the court—overlaps somewhat with the question of whether a stay will simplify the issues in question. The Federal Circuit has noted, however, that these factors are "separate, individual factors which must be weighed in the stay determination. [Courts cannot] collapse the four-factor test expressly adopted by Congress into a three-factor test." *VirtualAgility Inc. v. Salesforce.Com, Inc.*, 759 F.3d 1307, 1313 (Fed. Cir. 2014).

In addition to codifying these four factors, Section 18 of the AIA provides for immediate interlocutory appeal to the Federal Circuit of a decision denying a motion to stay. *See* AIA § 18(b)(2); *see also Virtual Agility*, 759 F.3d at 1310 ("We also note that the AIA expressly created an immediate right of appeal of stay decisions pending CBM review, gave us jurisdiction over the interlocutory appeals, and that the only standard mentioned in the statute is *de novo* review.").[3]

## V. ALL RELEVANT FACTORS FAVOR STAYING THE LITIGATION

Congress enacted the AIA "'to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs' and 'to create a timely, cost-effective alternative to litigation.'" *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *2 (N.D. Cal. Jan. 13, 2014) (citing U.S. Patent and Trademark Office, *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Review Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100

[3] Both *VirtualAgility* and *Versata* involved interlocutory appeals to the Federal Circuit of district court decisions denying motions to stay pending CBM review. *See VirtualAgility*, 759 F.3d at 1309-10; *Versata*, 771 F.3d at 1370-71. In both cases, the Federal Circuit reversed and remanded the district court's decision with instructions to grant the motion to stay. *See VirtualAgility*, 759 F.3d at 1320; *Versata*, 771 F.3d at 1376. *See also Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*, 767 F.3d 1383, 1387 (Fed. Cir. 2014) (affirming grant of stay).

et seq.)). In this complex lawsuit involving over 40 asserted claims, several patents, and a wide range of accused functionality from distinct accused products, the benefits and efficiencies afforded by the AIA's new review proceedings are manifest. ServiceNow's IPR and CBM review petitions are designed to take advantage of these efficiencies and will very likely limit the scope of this litigation. To take advantage of the cost-savings and streamlining envisioned by Congress, however, an immediate stay of the litigation is warranted.

**A. The Simplification of Issues for Trial Strongly Favors a Stay**

Granting a stay will unquestionably simplify and streamline the issues for trial in this complex litigation. ServiceNow has challenged *all* 44 asserted claims of *all* eight asserted patents in its IPR petitions in addition to filing for CBM review of all of the asserted claims of the '981 patent. The reviews, therefore, have the potential to be *entirely case dispositive*. Even if the PTAB decides not to institute every single petition, the proceedings will undoubtedly impact and clarify issues on any surviving patents or claims. *See Delphix*, 2014 WL 6068407, at *2 (factor weighs in favor of stay even where IPR had not been initiated and only some patents were subject to IPR petitions).

The complexity and scope of this litigation cannot be understated. Although the Court has ordered HP to limit its asserted claims, 44 different claims are still at issue, spread out across the eight asserted patents. *See* Section III, *supra*. HP has accused aspect wide variety of ServiceNow's offerings, including ServiceNow's software platform and associated components. *Id.* Given the large number of asserted claims, asserted patents, and accused functionalities, this litigation "is precisely the type of complex infringement lawsuit that stands to benefit from the streamlining effects of IPR." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2015 WL 545534, at *4 (N.D. Cal. Feb. 9, 2015).

Granting a stay even before the PTAB institutes IPR and CBM review proceedings will have a number of salutary effects, regardless of whether or not all nine reviews are instituted. As this Court has noted "[e]ven if the PTAB only partially grants the petitions, that may assist the parties in identifying asserted claims and terms for construction so that all may avoid the potentially frustrating result of proceeding to litigate claims that are ultimately cancelled in

reexamination." *Delphix*, 2014 WL 6068407 at *2 (citing *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013)).

Indeed, courts within this district routinely grant motions to stay prior to the institution of administrative review by the PTAB. *See, e.g. Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-cv-00616-JCS, 2014 WL 167791, at *1 (N.D. Cal. Apr. 28, 2014) ("Given the high rate at which the PTO grants petitions for inter partes review, even a petition requesting review is likely to simplify the issues in the case, at least where, as here, the petition contains no obvious deficiencies."); *Delphix*, 2014 WL 6068407 at *2; *Roche*, 2015 WL 124523 at *4; *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013); *Evolutionary Intelligence LLC v. Facebook, Inc.*, No. C 13-4202 SI, 2014 WL 261837, at *2 (N.D. Cal. Jan .23, 2014); *Coho Licensing*, 2014 WL 4681699, at *2. Moreover, the U.S. Patent and Trademark Office's own statistics suggest that most, if not all, of ServiceNow's IPR petitions will be instituted. Over the past 15 months,[4] the PTAB instituted review in over 75% of all cases. (*See* Declaration of Phillip Morton In Support of Defendant ServiceNow, Inc.'s Motion to Stay Pending Inter Partes Review and Covered Business Method Review ("Morton Decl.") Ex. A at 4.) Given the strength of ServiceNow's petitions and the sheer number of asserted patents in this case, the PTAB will undoubtedly institute review.

As the Federal Circuit has noted, this factor strongly favors cases where, as here, every asserted claim is the subject of a petition for administrative review. *See Versata*, 771 F.3d at 1372. In these situations the PTAB proceedings "could dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility*, 759 F.3d at 1314; *see also Versata*, 771 F.3d at 1372 ("If the PTAB invalidates every claim, the CBM review would dispose of [plaintiff's] entire affirmative case). Even in cases where not all the asserted patents are subject to IPR, this factor weighs in favor of a stay because "'[t]here is also little benefit to be gained from having two forums review the validity of the same claims at the same time.'" *Delphix*, 2014 WL 6068407 at *2 (quoting *Evolutionary*, 2014 WL 93954, at *3); *see also Versata*, 771 F.3d at 1372 ("[T]here

---

[4] Combined statistics for FY2014 and FY2015 begin October 1, 2013.

can still be a simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged in a CBM review"). Indeed, the Federal Circuit has acknowledged that "[b]y its very nature, the CBM process will always simplify some issues." *Versata*, 771 F.3d at 1372, n.3.

Even in the unlikely event that ServiceNow's petitions are ultimately unsuccessful, the issues pertaining to invalidity will necessarily be streamlined for trial. If a final written decision on the merits is reached for any of ServiceNow's IPR petitions, the estoppel provisions of the AIA will prevent ServiceNow from arguing any grounds for prior art invalidity actually raised or that reasonably could have been raised before the PTAB. *See* 35 U.S.C. § 315(e). The effect of the AIA's estoppel provision on ServiceNow "heavily tips the scale in favor of granting the stay." *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMS, 2013 WL 5225522, at *4 (N.D. Cal. Sept. 17, 2013) (citations omitted).

Given the complex and unwieldy current state of the litigation, this factor strongly favors granting a stay. If successful, ServiceNow's IPR and CBM review petitions have the possibility to entirely dispose of HP's case. Even if unsuccessful, this litigation will benefit by having a complete intrinsic record for claim construction and, presumably, certain issues regarding invalidity decided.

### B. The Early Stage of This Litigation Strongly Favors a Stay

The second factor—whether discovery is complete and whether a trial date has been set—clearly favors granting a stay. Although this case has been pending for just over one year, very little substantive action has occurred to date and trial is at least 15 months away. More importantly, the overwhelming majority of fact discovery and claim construction, as well as all of expert discovery, dispositive motions practice, and pretrial procedure, has yet to occur. *See* Section III.B, *supra*. As the Federal Circuit has instructed, the proper analysis of this factor focuses on "how much more remains to be done in litigation before reaching the trial date." *Versata*, 771 F.3d at 1373 (citing *VirtualAgility*, 759 F.3d at 1317). The simple answer to this question is a great deal.

Because of HP's initial assertion of an unwieldy and unreasonable number of claims, discovery in this case has been significantly delayed. As noted *supra* in Section III.B, full fact discovery has been open for barely a month. Other than two witnesses on tangential topics, HP has not yet taken substantive fact depositions on the merits of the case. ServiceNow has not taken any depositions. The parties have exchanged documents, but fact discovery is not set to close for at least another six months—and potentially later depending on the timing of the Court's *Markman* opinion. (*See* ECF No. 83 at 7.) In short, the majority of discovery is still outstanding. Faced with similar facts, courts routinely grant a stay pending IPR and CBM review. *See, e.g.*, *Delphix*, 2014 WL 6068407 at *2 (granting stay two months prior to *Markman* hearing where discovery was "far from complete"); *Versata*, 771 F.3d at 1373-74 (district court erred in finding factor did not favor stay where fact discovery was ongoing, close of expert discovery was months away, and no claim construction had occurred at time of filing).; *Advanced Micro Devices*, 2015 WL 545534 at *2 (granting stay despite some discovery and claim construction work occurring "there has been no material progress in the litigation").

Equally important is the fact that claim construction has not yet occurred. The parties have exchanged dozens of terms requiring construction. While many of these terms will hopefully warrant agreed constructions, the Court will undoubtedly need to construe a number of terms coming from each of the asserted patents' seven different specifications. Granting a stay at this point in the case would obviate the need for extensive briefing on these proposed terms. *See Versata*, 771 F.3d at 1373 (finding error where court evaluated stage of litigation at time of decision and noting "generally the time of *filing* the motion will be the relevant stage at which to measure this factor") (citing *VirtualAgility*, 759 F.3d at 1317). Moreover, the *Markman* hearing is still roughly four months away. (ECF No. 83 at 6). Should HP choose to file preliminary responses to ServiceNow's petitions, such responses will be due during the parties claim construction briefing and just before the current date for the *Markman* hearing. 35 U.S.C. § 313 (preliminary response due within three months). Any statements contained within HP's responses would become part of the intrinsic record and have the potential to significantly impact claim construction in this litigation. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005)

(statements made in prosecution can result in narrowed claim scope.) A stay conserves the Court's and the parties' time and resources by preventing the potential for duplicative, or conflicting, claim construction proceedings.

Despite the fact that this case was filed one year ago, very little of substance has actually happened. Almost the entire case lies ahead, with a substantial amount of effort needed in the coming months. Granting a stay now allows the parties and the Court to take full advantage of the early stage of this litigation.

**C. No Undue Prejudice or Tactical Disadvantage Exists**

The third factor evaluates whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Neither issue is a concern here. The patents and products at issue are many years old, yet HP only recently decided to assert its patents. As such, HP cannot now be heard that the delay inherent in proceedings before the PTAB somehow causes undue prejudice. In addition, ServiceNow's petitions were unquestionably timely, especially in light of HP's decision to assert extremely broad infringement contentions relating to an unreasonably large number of asserted claims. Thus, no tactical advantage was sought or gained. The complete absence of undue prejudice and the lack of a tactical advantage for either party show that this factor favors granting a stay.

Determining whether a patentee will be "*unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318 (emphasis in original). HP's conduct in pursuing its claims evinces an utter lack of need for expeditious resolution. All of the asserted patents issued in 2012 or before, including the '229 patent which issued in 2001. Despite the availability of ServiceNow's allegedly infringing products on the ITSM marketplace prior to 2012, HP waited until 2014—three years after seven of the eight asserted patents had issued—to bring its infringement claims against ServiceNow. And when it did bring its claims, HP failed to seek a preliminary injunction, undermining any argument that delay presents undue prejudice. *See GT Nexus, Inc. v. Inttra, Inc.*, No. C 11-02145-SBA, 2014 WL 3373088 at *4, n.7 (citing *Zillow*, 2013 WL 5530573, at *6). Grant of a stay "will not diminish the monetary damages to which

[HP] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility*, 759 F.3d at 1318. HP's failure to timely pursue its infringement claims and to immediately seek injunctive relief undercut any potential argument that the stay will cause it undue prejudice.

An important factor in evaluating whether granting a stay will afford the moving party a tactical advantage is "evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination." *See Advanced Micro Devices*, 2015 WL 545534 at *4 (quotation omitted). It is undisputed that ServiceNow timely filed its petitions for IPR and CBM review. Moreover, HP cannot dispute that ServiceNow filed its first IPR less than two months after HP served its amended infringement contentions reducing the number of asserted claims. Under the present circumstances, it was entirely understandable and justified for ServiceNow to wait until HP had limited the number of asserted claims to a manageable and reasonable number, as ordered by the Court. *See, e.g., Software Rights*, 2013 WL 5225522, at *6 ("Defendants served preliminary invalidity contentions . . . then spent three additional months to prepare and file the IPR petitions, which seems like a reasonable amount of time given the complexity of the claims, prosecution history and prior art at issue.") ServiceNow has also timely sought a stay of the litigation; filing the instant motion on the same day it filed its petition for CBM review of the '981 patent. The timing of filing was not a deliberate tactical decision to delay. Rather, it was a necessity brought on by the breadth and complexity of HP's infringement allegations against ServiceNow. As such, any delay should be ascribed to HP and cannot be described as undue. *See Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014) ("Provided an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents that have been asserted in an action does not unduly prejudice the patent owner.").

HP's own failures in diligently pursuing its claims of infringement against ServiceNow are dispositive of this factor. ServiceNow has been a participant in the broad ITSM market since before most of the asserted patents issued. Still, HP waited years to bring suit. When it finally did, HP alleged years-old patents against years-old products and decided not to seek injunctive relief.

There is simply no legitimate basis for HP to assert that it has suffered any undue prejudice or tactical disadvantage sufficient to counsel against a stay.

**D. A Stay Would Substantially Lessen the Burden on the Parties and the Court**

Courts around the country have recognized that Congress adopted the fourth factor to tilt the balance in favor of granting stays pending CBM review proceedings. *See Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 496 & n.14 (D. Del. Feb. 5, 2013) (noting that "[i]t appears the intent of [the fourth factor] was to ensure that district courts would grant stays pending CBM review proceedings at a higher rate than they have allowed stays pending ex parte reexaminations.") (citations omitted); *MoneyCat*, 2014 WL 5689844 at *2; *GT Nexus*, 2014 WL 3373088 at *2; *Zillow*, 2013 WL 5530573 at *3. As noted in Section IV, *supra*, this factor largely overlaps with the first factor but requires a reviewing court to weigh each as separate, individual factors. For largely the same reasons stated in Sections V.A and V.B, this factor provides additional weight in favor of granting a stay. *See Versata*, 771 F.3d at 1375 ("[W]e note that the simplification analysis under the first factor often points in the same direction as reducing the burden of litigation under the fourth factor.") (citing *VirtualAgility*, 759 F.3d at 1313).

In evaluating this fourth factor the "correct test is one that focuses *prospectively* on the impact of the stay on the litigation, not on the past actions of the parties." *Versata*, 771 F.3d at 1375 (emphasis in original) (citations omitted). With the Federal Circuit's guidance in mind, this factor clearly weighs even more heavily in favor of granting a stay than the first factor. As explained in further detail above, there is still a great deal of work to do to get this case ready for trial.

In the very near term, the parties and the Court are on the precipice of engaging in costly, time-consuming, and potentially difficult claim construction. *See* Section III.C, *supra*. While the parties continue to work to narrow the disputed claim terms, claim construction will undoubtedly implicate numerous terms from all seven different specifications from the eight asserted patents. Significant amounts of proverbial ink will be spilled in the next four months as the parties negotiate the terms at issue, engage in several rounds of briefing, and prepare for both a claim construction tutorial and the *Markman* hearing. *Id.* Likewise, the Court will have to sort through

the parties' various claim construction arguments while expending time and energy further familiarizing itself with the technology and patents at issue.

In the long term, the parties have even more to accomplish before trial. The majority of fact discovery is not yet complete. The entirety of expert discovery is still months away. Dispositive motions will not be heard for nearly a year and pretrial proceedings loom even further on the horizon. Undeniably, granting a stay would substantially lessen the burden on both parties and the Court. *See VirtualAgility*, 759 F.3d at 1317 (noting fact discovery was ongoing and the parties had not engaged in meaningful claim construction or jury selection); *Sightsound Techs. v. Apple, Inc.*, No. 11-1291, 2013 WL 2457284, at *3 (W.D. Penn. June 6, 2013) ("Nonetheless, while much has been done thus far, there is more to come. The parties and Court will expend further substantial resources in this litigation, through completing discovery and trial.").

## VI. CONCLUSION

For the foregoing reasons, the Court should grant a stay of these proceedings pending the resolution of ServiceNow's *Inter Partes* Review and Covered Business Method review of the asserted patents.

Dated: February 13, 2015

COOLEY LLP

*/s/ Heidi L. Keefe*
Heidi L. Keefe

Attorneys for Defendant
ServiceNow, Inc.