Mark D. Flanagan (SBN 130303)
  mark.flanagan@wilmerhale.com
Mark D. Selwyn (SBN 244180)
  mark.selwyn@wilmerhale.com
Joseph F. Haag (SBN 248749)
  joseph.haag@wilmerhale.com
Nathan L. Walker (SBN 206128)
  nathan.walker@wilmerhale.com
Evelyn C. Mak (SBN 258086)
  evelyn.mak@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff*
HEWLETT-PACKARD COMPANY

Michael G. Rhodes (SBN 116127)
  rhodesmg@cooley.com
COOLEY LLP
101 California Street. 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Heidi L. Keefe (SBN 178960)
  hkeefe@cooley.com
Mark R. Weinstein (SBN 193043)
  mweinstein@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant*
SERVICENOW, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware Corporation,<br><br>                              Plaintiff,<br>        v.<br><br>SERVICENOW, INC., a Delaware Corporation,<br><br>                              Defendant. | **Case No. 14-cv-00570-BLF**<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PATENT LOCAL RULE 4-3**<br><br>**Claim Construction Hearing:**<br><br>Date:   June 12, 2015<br>Time:   9:00 a.m.<br>Place:  Courtroom 3, 5th Floor<br>Judge:  Hon. Beth Labson Freeman |

Case No. 14-cv-00570-BLF                              JOINT CLAIM CONSTRUCTION STATEMENT

Pursuant to Northern District of California Patent Local Rule 4-3, the Court's Case Management Order (Dkt. No. 54), the Court's Order Granting the parties' Joint Stipulated Request to Modify the Schedule for Claim Construction and Extend the Filing Deadline for Joint Claim Construction and Prehearing Statement (Dkt. No. 107), and the agreement of the parties, Plaintiff Hewlett-Packard Company ("HP") and Defendant ServiceNow, Inc. ("ServiceNow") submit this Joint Claim Construction and Prehearing Statement.

**I.    The Construction Of Those Terms On Which The Parties Agree.**

The parties agree that the term "tuple," which appears in U.S. Patent No. 7,027,411, means "any collection of assorted data."  (*See* '411 patent at 4:23-24.)

**II.    The Parties' Proposed Constructions of Each Disputed Term.**

Attached hereto as Exhibit A is a table setting forth the ten claim terms that the parties currently dispute,[1] as well as the intrinsic and non-expert extrinsic evidence on which the parties currently intend to rely in support of their own proposed constructions or in opposition to the other party's proposed constructions.  These ten claim terms are as follows:

1)    "Web service" ('981 and '860 patents)[2]

2)    "conversation" ('981 and '860 patents)

3)    "manager" ('981 and '860 patents)

4)    "interface" ('981 and '860 patents)

5)    "service managed object" ('981 patent)

6)    "conversation managed object" ('860 patent)

---

[1]    The parties dispute the construction of certain claim terms in the four patents on which the Court granted summary judgment on March 10, 2015, in Docket No. 101.  In view of the Court's summary judgment ruling, the parties have omitted those terms from this Statement.

[2]    ServiceNow provided additional extrinsic evidence with respect to the term "Web service" on March 10 and March 18, 2015, and added additional intrinsic evidence with respect to the term "conversation managed object" and additional extrinsic evidence with respect to the term "structured information" on March 20, 2015.  ServiceNow also revised its constructions for "network representation" on March 18, 2015 and "structured information" on March 20, 2015.  HP contends that this additional exchange and revision of proposed constructions is untimely under the rules.  ServiceNow disagrees and contends that the additional evidence was properly served to respond to HP's proposed constructions.  HP reserves its right to object to use of such extrinsic evidence during claim construction.

      7)     "network representation" ('300 patent)

      8)     "network model" ('300 patent)

      9)     "structured information" ('300 patent)

      10)    "interface information" ('411 patent)

**III.**    **The Anticipated Length Of Time Necessary For The Claim Construction Hearing.**

The parties anticipate that, subject to the Court's approval, the Claim Construction Hearing will last a total of four hours – two hours per party.

**IV.**    **Proposed Witnesses At The Claim Construction Hearing.**

At the present time, the parties anticipate calling the following witnesses at the Claim Construction Hearing:

   **A.**    **U.S. Patent No. 7,925,981**

      1.    <u>HP's Proposed Witness</u>

HP may offer expert testimony (either through declaration or at the claim construction hearing) from Dr. Daniel Menasce, who is an expert in computer networks and systems, e-commerce, web technologies, computer security, databases, autonomic computing, service oriented architectures, performance modeling and analysis, and software performance engineering. The substance of Dr. Menasce's testimony may include the following. Dr. Menasce may offer testimony on the level of ordinary skill in the art. Dr. Menasce may also offer testimony regarding the technology of the '981 patent, including the relevant state of the art. Dr. Menasce is expected to explain that the inventions of the '981 patent are directed to a novel computer implementation for managing Web services and associated conversations in a highly efficient and flexible matter.

In addition, Dr. Menasce is expected to offer the following opinions:

- One of ordinary skill in the art would have understood the term "Web service" to mean a computing service with a discoverable public interface that is programmatically accessible using Web protocols through the exchange of messages;

- One of ordinary skill in the art would have understood the term "service managed object" to mean software associated with a Web service that includes at least one interface specifically configured to allow a manager to access management features of the Web service;
- One of ordinary skill in the art would have understood the term "conversation" to mean a set of related messages sent and received by a particular conversation;
- One of ordinary skill in the art would have understood the term "manager" to mean a software process that uses the interface of the managed object to access management features for the Web service; and
- One of ordinary skill in the art would have understood the term "interface" to mean software interaction point.

Finally, Dr. Menasce may provide expert testimony to rebut any arguments made by ServiceNow regarding claim construction or arguments under 35 U.S.C. § 112.

### 2. ServiceNow's Proposed Witness

ServiceNow may offer the expert opinion of Tal Lavian, Ph.D., regarding the level of ordinary skill in the art for purposes of the '981 patent, and may provide a summary regarding the subject matter of the asserted claims. Dr. Lavian may also provide a summary of the state of the art of Web services at the time of the alleged invention and may testify about how one of ordinary skill in the art would have understood one or more of the terms "Web service," "service managed object," "conversation," "manager," and "interface" in light of the intrinsic record. He may also provide testimony about the relevance of extrinsic evidence identified in Exhibit A to the construction of these terms. Dr. Lavian may also testify in rebuttal to opinions provided by Dr. Menasce.

### B. U.S. Patent No. 7,945,860

#### 1. HP's Proposed Witness

HP may offer expert testimony (either through declaration or at the claim construction hearing) from Dr. Menasce, who is an expert in computer networks and systems, e-commerce,

Case No. 14-cv-00570-BLF                3                JOINT CLAIM CONSTRUCTION STATEMENT

web technologies, computer security, databases, autonomic computing, service oriented architectures, performance modeling and analysis, and software performance engineering.  The substance of Dr. Menasce's testimony may include the following.  Dr. Menasce may offer testimony on the level of ordinary skill in the art.  Dr. Menasce may also offer testimony regarding the technology of the '860 patent, including the relevant state of the art.  Dr. Menasce is expected to explain that the inventions of the '860 patent are directed to a novel computer implementation for managing Web services and associated conversations in a highly efficient and flexible matter.

In addition, Dr. Menasce is expected to offer the following opinions:

- One of ordinary skill in the art would have understood the term "Web service" to mean a computing service with a discoverable public interface that is programmatically accessible using Web protocols through the exchange of messages;
- One of ordinary skill in the art would have understood the term "conversation" to mean a set of related messages sent and received by a particular conversation;
- One of ordinary skill in the art would have understood the term "manager" to mean a software process that uses the interface of the managed object to access management features for the Web service;
- One of ordinary skill in the art would have understood the term "interface" to mean software interaction point; and
- One of ordinary skill in the art would have understood the term "conversation managed object" to mean software associated with a Web service that includes at least one interface specifically configured to allow a manager to access management features for conversations of the Web service.

Finally, Dr. Menasce may provide expert testimony to rebut any arguments made by ServiceNow regarding claim construction or arguments under 35 U.S.C. § 112.

2.      ServiceNow's Proposed Witness

ServiceNow may offer the expert opinion of Tal Lavian, Ph.D., regarding the level of ordinary skill in the art for purposes of the '860 patent, and may provide a summary regarding the subject matter of the asserted claims.  Dr. Lavian may also provide a summary of the state of the art of Web services at the time of the alleged invention and may testify about how one of ordinary skill in the art would have understood the terms "Web service," "conversation," "manager," "interface," and "conversation managed object" in light of the intrinsic record.  He may also provide testimony about the relevance of extrinsic evidence identified in Exhibit A to the construction of these terms.  The testimony of Dr. Lavian as to the '860 patent may also overlap with his testimony on the '981 patent.  Dr. Lavian may also testify in rebuttal to opinions provided by Dr. Menasce.

**C.     U.S. Patent No. 7,392,300**

1.      HP's Proposed Witness

HP may offer expert testimony (either through declaration or at the claim construction hearing) from Dr. Menasce, who is an expert in computer networks and systems, e-commerce, web technologies, computer security, databases, autonomic computing, service oriented architectures, performance modeling and analysis, and software performance engineering.  The substance of Dr. Menasce's testimony may include the technology of the '300 patent, including the relevant state of the art.  Dr. Menasce may offer testimony on the level of ordinary skill in the art.  Dr. Menasce is expected to explain that the invention of the '300 patent is directed to a novel computer system and methods for creating a network model and processing network events.

In addition, Dr. Menasce is expected to offer the following opinions:

- One of ordinary skill in the art would understand the term "network representation" to mean computer data that represents objects in a network and the relationships between them;

- One of ordinary skill in the art would understand the term "network model" to mean computer-based representation of a network comprising the objects in the network and the relationships between them; and
- One of ordinary skill in the art would understand the term "structured information" to mean a collection of text elements, consisting of data units and tags, defining the meaning of the data units following a syntax used by a parser to identify the text elements.

Dr. Menasce may also provide expert testimony to rebut any arguments made by ServiceNow regarding claim construction or arguments under 35 U.S.C. § 112.

### 2. ServiceNow's Proposed Witness

ServiceNow may offer the expert opinion of Tal Lavian, Ph.D., regarding the level of ordinary skill in the art for purposes of the '300 patent. Dr. Lavian may also provide a summary regarding the subject matter of the asserted claims. Dr. Lavian may also provide a summary of the state of the art of network topologies at the time of the alleged invention and may testify about how one of ordinary skill in the art would have understood one or more of the terms "network representation," "network model," and "structured information" in light of the intrinsic record. He may also provide testimony about the relevance of extrinsic evidence identified in Exhibit A to the construction of these terms. Dr. Lavian may also testify in rebuttal to opinions provided by Dr. Menasce.

## D. U.S. Patent No. 7,027,411

### 1. HP's Proposed Witness

HP may offer expert testimony (either through declaration or at the claim construction hearing) from Mr. Paul Onnen who is an expert in computer science and distributed systems and databases. The substance of Mr. Onnen's testimony may include the technology of the '411 patent, including the relevant state of the art. Mr. Onnen may offer testimony on the level of ordinary skill in the art. Mr. Onnen is expected to explain that the invention of the '411 patent is

1 directed to novel computer systems and methods for mapping the topology of a network, and
2 detecting and managing changes in nodal connections.
3       In addition, Mr. Onnen is expected to offer the opinion that one of ordinary skill in the art
4 would understand the term "interface information" to mean information identifying a network
5 connection on a host computer.
6       Mr. Onnen may also provide expert testimony to rebut any arguments made by
7 ServiceNow regarding claim construction or arguments under 35 U.S.C. § 112.
8       2.      ServiceNow's Proposed Witness
9       ServiceNow may offer the expert opinion of Tal Lavian, Ph.D., regarding the level of
10 ordinary skill in the art for purposes of the '411 patent. Dr. Lavian may also provide a summary
11 regarding the subject matter of the asserted claims. Dr. Lavian may also provide a summary of
12 the state of the art of network topologies, and identifying and processing changes to a network
13 topology, at the time of the alleged invention and may testify about how one of ordinary skill in
14 the art would have understood the term "interface information" in light of the intrinsic record.
15 He may also provide testimony about the relevance of extrinsic evidence identified in Exhibit A
16 to the construction of that term. Dr. Lavian may also testify in rebuttal to opinions provided by
17 Mr. Onnen.

18
19
20
21
22
23
24
25
26
27
28

Case No. 14-cv-00570-BLF       7      JOINT CLAIM CONSTRUCTION STATEMENT

Dated:  March 20, 2015

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| HEWLETT-PACKARD COMPANY | SERVICENOW, INC. |
| By its attorneys, | By its attorneys, |
| /s/  Mark D. Flanagan | /s/  Mark R. Weinstein |
| Mark D. Flanagan (SBN 130303)<br>  mark.flanagan@wilmerhale.com<br>Mark D. Selwyn (SBN 244180)<br>  mark.selwyn@wilmerhale.com<br>Joseph F. Haag (SBN 248749)<br>  joseph.haag@wilmerhale.com<br>Nathan L. Walker (SBN 206128)<br>  nathan.walker@wilmerhale.com<br>Evelyn C. Mak (SBN 258086)<br>  evelyn.mak@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA  94304<br>Telephone: (650) 858-6000<br>Facsimile:  (650) 858-6100<br><br>*Attorneys for Plaintiff*<br>HEWLETT-PACKARD COMPANY | Michael G. Rhodes (SBN 116127)<br>  rhodesmg@cooley.com<br>COOLEY LLP<br>101 California Street. 5th Floor<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>Heidi L. Keefe (SBN 178960)<br>  hkeefe@cooley.com<br>Mark R. Weinstein (SBN 193043)<br>  mweinstein@cooley.com<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>*Attorneys for Defendant*<br>SERVICENOW, INC. |

**ATTESTATION**

I, Mark D. Flanagan, do hereby attest that on March 20, 2015, I obtained the concurrence of counsel for Defendant ServiceNow, Inc., to file this document on behalf of both parties.

Dated: March 20, 2015

/s/  Mark D. Flanagan

Mark D. Flanagan (SBN 130303)
mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100