UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>SERVICENOW, INC.,<br><br>    Defendant. | Case No.  14-cv-00570-BLF<br><br>**ORDER DENYING MOTION FOR STAY; AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>[RE:  ECF 92] |

Defendant ServiceNow, Inc. ("ServiceNow") moves for a stay of litigation pending *inter partes* review ("IPR") and covered business method ("CBM") review of the patents-in-suit. Plaintiff Hewlett-Packard Company ("HP") opposes the motion. The Court has considered the briefing as well as the oral argument presented at the hearing on April 2, 2015. For the reasons discussed below, the motion for stay is DENIED and a further Case Management Conference is HEREBY SCHEDULED for September 17, 2015 at 1:30 p.m.

**I.      BACKGROUND**

HP filed the complaint in this action on February 6, 2014, alleging ServiceNow's infringement of eight patents covering a variety of products and services. The asserted patents are United States Patent Nos. 7,925,981; 7,945,860; 7,392,300; 7,027,411; 7,890,802; 7,610,512; 8,224,683; and 6,321,229. In November 2014, HP filed amended infringement contentions, asserting infringement of forty-four claims across the eight patents-in-suit.

In December 2014, ServiceNow filed a motion for summary judgment pursuant to *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 135 S. Ct. 2347 (2014), seeking summary judgment of invalidity with respect to the asserted claims of the '802, '512, '683, and '229 patents. Shortly thereafter, ServiceNow filed petitions for IPR challenging the validity of all of the claims identified by HP in

1   its amended infringement contentions. ServiceNow also filed a petition for CBM review of the
2   asserted claims of the '981 patent. The parties expect that the Patent Trial and Appeal Board
3   ("PTAB") of the United States Patent and Trademark Office will act on those petitions by late
4   August 2015.

5   In February 2015, ServiceNow filed the present motion for stay pending IPR and CBM
6   review. After HP filed opposition but before ServiceNow filed a reply, the Court granted the *Alice*
7   motion in its entirety, reducing the number of patents-in-suit from eight to four. ServiceNow
8   thereafter filed a reply to HP's opposition to the motion for stay.

9   At the April 2, 2015 hearing on the stay motion, the Court indicated that it was not inclined
10  to stay the litigation but that it would continue the scheduled tutorial and *Markman* hearing
11  beyond the last date that the PTAB could be expected to act on the petitions. The Court directed
12  the courtroom deputy clerk to reschedule the June 5, 2015 tutorial for December 11, 2015 and the
13  June 12, 2015 *Markman* hearing for December 18, 2015. The courtroom deputy clerk did so by
14  clerk's notice entered April 2, 2015. *See* Clerk's Notice, ECF 112.

15  **II.   LEGAL STANDARD**

16  The factors relevant to a stay pending IPR have been developed by the courts. In this
17  district, courts consider three factors to determine whether a stay of litigation is warranted:
18  "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will
19  simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice
20  or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Tech., LLC v.*
21  *Apple Inc.*, --- F. Supp. 3d ----, 2014 WL 4757816, at *2 (N.D. Cal. Sept. 24, 2014) (internal
22  quotation marks and citation omitted).

23  The factors relevant to a stay pending CBM review are mandated by statute. Those
24  factors, which are set forth in the America Invents Act ("AIA"), have been summarized by the
25  Federal Circuit as follows: "(A) whether a stay, or the denial thereof, will simplify the issues in
26  question and streamline the trial; (B) whether discovery is complete and whether a trial date has
27  been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or
28  present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial

thereof, will reduce the burden of litigation on the parties and on the court." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (citing AIA § 18(b)(1)). "This test resembles the one that courts have applied in assessing a motion to stay pending *inter partes* or *ex parte* reexamination by the PTO." *Xilidev, Inc. v. Boku, Inc.*, No. 13cv2793 DMS (NLS), 2014 WL 3353256, at *1 (S.D. Cal. July 1, 2014) (internal quotation marks and citation omitted). "The primary difference between this test and the one employed by courts in the ordinary patent reexamination context is the inclusion of the fourth factor regarding whether a stay will reduce the burden of litigation." *Id.* (internal quotation marks and citation omitted). With respect to motions for stay pending CBM review, "Congress apparently adopted the fourth factor to place a thumb on the scale in favor of granting stays." *Moneycat Ltd. v. Paypal Inc.*, No. 14-cv-02490-JST, 2014 WL 5689844, at *2 (N.D. Cal. Nov. 4, 2014).

### III. DISCUSSION

#### A. Stage of the Litigation (IPR & CBM)

The stage of the litigation generally is measured as of the time that the motion for stay was filed. *See VirtualAgility*, 759 F.3d at 1317 ("Generally, the time of the motion is the relevant time to measure the stage of the litigation."). At the time ServiceNow filed the present motion, the action had been pending for approximately one year. The parties had exchanged infringement and invalidity contentions and the Court had heard and submitted a motion for partial summary judgment (since decided) directed to four out of eight patents-in-suit. The parties were starting to gear up for the *Markman* hearing, which at that time was scheduled for June 12, 2015. Some discovery had been conducted, but a great deal more remained (and remains) to be done. Fact discovery does not cut off until sixty days after the *Markman* order issues, and trial is not set to commence until May 16, 2016. Thus although the Court would not characterize this case as being in its "infancy" as asserted by ServiceNow, *see* Def.'s Reply at 1, ECF 109, neither would the Court characterize it as being at an "advanced" stage as asserted by HP, *see* Pl.'s Opp. at 13, ECF 99-4. The Court concludes that this factor moderately favors a stay. *See MoneyCat*, 2014 WL 5689844, at *4 (stage of litigation favored stay where fact discovery deadline was six months away and the parties had not yet filed claim construction briefs).

### B. Simplification of Issues (IPR & CBM)

Every claim asserted by HP in this case is the subject of a currently pending petition for IPR or CBM review. Thus *if* the PTAB institutes IPR and/or CBM review, the issues in this case could be simplified considerably. However, the PTAB has not yet acted on the petitions and is not expected to do so for several months. In similar circumstances, other judges in this district have been reluctant to grant a stay, especially where – as here – the patent holder and the accused infringer are direct competitors. *See Boundaries Solutions, Inc. v. Corelogic, Inc.*, No. 5:14-cv-00761-PSG, 2014 U.S. Dist. LEXIS 175590 (N.D. Cal. Dec. 19, 2014) (stay denied when PTAB had not yet acted on petition for IPR and parties were direct competitors). Other courts have granted only a partial stay pending decision on the IPR petition. *See, e.g., Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (circumstances warranted "[a] modest partial stay to learn the PTAB's decision whether to grant *inter partes* review of any (or all) of the asserted claims").

Given the length of time before the PTAB can be expected to act on the petitions and the uncertainty as to what the PTAB will do, the Court concludes that this factor does not favor the full stay requested by ServiceNow but it could support a more limited stay pending disposition of the petitions before the PTAB.

### C. Undue Prejudice or Tactical Advantage (IPR & CBM)

As noted above, HP and ServiceNow are direct competitors, and HP has presented evidence regarding lost sales that it attributes to ServiceNow's accused products. "[C]ompetition between parties can weigh in favor of finding undue prejudice." *VirtualAgility*, 759 F.3d at 1318. ServiceNow argues that HP's evidence does not establish conclusively that HP's lost sales are attributable to ServiceNow's conduct rather than to some other cause. ServiceNow is, of course correct – such uncertainty necessarily is present prior to disposition of infringement claims on the merits. However, "direct evidence of competition is not required to establish" that the parties are competitors. *Id.* Given evidence that the parties do compete directly, the Court concludes that staying the action would prejudice HP.

The question is whether that prejudice would be "undue." *Id.* at 1318. "[W]hether the

4

patentee will be unduly prejudiced by a stay in the district court proceedings . . . like the irreparable harm-type inquiry, focuses on the patentee's need for an expeditious resolution of its claim." *Id.* ServiceNow argues that any asserted need for expeditious resolution of this litigation is undercut by HP's failure to sue on these patents until several years after their issuance. A patentee's failure to bring suit soon after issuance of the patent can weigh against issuance of a stay. *Id.* at 1319. HP asserts that ServiceNow only recently began selling the accused products that allow it to compete with HP for larger, sophisticated customers, and that HP filed this action as soon as it determined that those products infringe HP's patents. In light of evidence that the parties are direct competitors and HP's plausible explanation for the timing of this lawsuit, the Court concludes that HP has a strong interest in expeditious resolution of this litigation that would be prejudiced if a stay were issued.

The Court is not persuaded, however, that ServiceNow would gain a tactical advantage if the stay motion were granted. Courts consider "evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent." ServiceNow filed its petitions in the PTAB only a few months after HP served its amended infringement contentions. The record evidence does not suggest that ServiceNow delayed in filing those petitions or acted for improper purposes.

Accordingly, the Court concludes that granting the motion for stay would not give ServiceNow a tactical advantage but would unduly prejudice HP. This factor thus weighs against a stay.

### D. Reduction of Burden of Litigation (CBM Only)

In addition to the three factors discussed above, which relate to stay pending either IPR or CBM review, the Court must consider a fourth factor – the potential reduction of the litigation burden – which relates only to stay pending CBM review. ServiceNow has sought CBM review only as to the asserted claims of the '981 patent. Moreover, because the PTAB has not acted on the petition for CBM review, any potential reduction of burden is only speculative at this point. Accordingly, the Court concludes that this factor weighs only very slightly in favor of a stay.

### E. Summary

Having weighed the three factors relevant to a stay pending IPR and the four factors relevant to a stay pending CBM review, the Court concludes that a stay is not warranted at this time. The Court is reluctant to derail an infringement action by a patentee against a direct competitor when, as here, the Court can only speculate as to whether the PTAB will institute IPR or CBM review. The Court could address this uncertainty by waiting to rule on the stay motion until after the PTAB acts on the petitions. *See VirtualAgility*, 759 F.3d at 1315-16. However, the Court believes that the more sensible course is to deny the stay motion without prejudice to renewal, if appropriate. The Court is mindful of the enormous amount of resources that go into *Markman* proceedings, particularly when – as here – there are numerous claim terms in dispute. Because those resources could be expended to no purpose depending upon the PTAB's IPR and CBM determinations, the Court has continued the tutorial and *Markman* hearing until after the PTAB's expected decisions on the petitions. The Court believes that this approach will address most of the concerns underlying ServiceNow's motion for stay while preserving HP's rights to pursue its patent claims. The Court also believes that it would be useful to hold a further Case Management Conference in September to evaluate the effect ( if any) of the PTAB's decisions on this litigation.

### IV. ORDER

(1) The motion for stay is DENIED WITHOUT PREJUDICE; and

(2) A Case Management Conference is scheduled for September 17, 2015 at 1:30 p.m.

Dated: April 9, 2015

BETH LABSON FREEMAN
United States District Judge