Mark D. Flanagan (SBN 130303)
  mark.flanagan@wilmerhale.com
Mark D. Selwyn (SBN 244180)
  mark.selwyn@wilmerhale.com
Joseph F. Haag (SBN 248749)
  joseph.haag@wilmerhale.com
Nathan L. Walker (SBN 206128)
  nathan.walker@wilmerhale.com
Evelyn C. Mak (SBN 258086)
  evelyn.mak@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

Michael G. Rhodes (SBN 116127)
  rhodesmg@cooley.com
COOLEY LLP
101 California Street. 5th Floor
San Francisco, CA 94111-5800
Telephone:  (415) 693-2000
Facsimile:  (415) 693-2222

Heidi L. Keefe (SBN 178960)
  hkeefe @cooley.com
Mark R. Weinstein (SBN 193043)
  mweinstein@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400

*Attorneys for Defendant*
SERVICENOW, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>SERVICENOW, INC., a Delaware Corporation,<br><br>          Defendant. | Civil Action No. 14-cv-00570 (BLF)<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>[Re:  Dkt. 117] |

    Plaintiff Hewlett-Packard Company and defendant ServiceNow, Inc. stipulate to and respectfully ask the Court to enter the following ORDER regarding discovery of Electronically Stored Information ("ESI"):

## PURPOSE

1.      This Order supplements all other discovery rules and orders.  It streamlines ESI production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

## COOPERATION

2.      The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## MODIFICATION

3.      This Order may be modified in the Court's discretion or by stipulation.

## COST SHIFTING

4.      As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26.  Likewise, a party's dilatory discovery tactics are cost-shifting considerations.

5.      A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

## PRESERVATION

6.1      The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

6.2.      No voicemail, instant messages, or text messages needs to be preserved;

6.3.      No voicemail, instant messages, text messages, or materials that may be archived and/or retained in tape, floppy disc, optical disc or similar media for backup or disaster recovery shall be searched for or produced unless good cause for the production can be shown, and further subject to the Producing Party's claim of undue burden or cost.  The Parties shall meet and confer as to good cause on this issue.

2

6.4.     Materials retained in tape, floppy disk, optical disk or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible under Rule 26(b)(2) of the Federal Rules of Civil Procedure and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.  Archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's business operations need not be searched or produced absent good cause, and further subject to the Producing Party's claim of undue burden or cost.   Neither party need deviate from the practices with regard to preservation of such "tape, floppy disk, optical disk or similar formats primarily for back-up or disaster recovery purposes" that it normally exercises when not in anticipation of litigation (e.g., recycling of backup tapes is permitted).

## PRODUCTION FORMATS

7.     The parties agree to produce all documents in TIFF format, accompanied by text files, unless production in TIFF format would be unwieldy, impractical, or burdensome, and in such a case, the parties may produce such documents in native format.  A party may request that specific documents produced in TIFF format be produced in native format, and such request will not be unreasonably refused.

8.     When producing documents, the parties agree to keep document families intact. For the purposes of this Order, a "document family" is a collection of pages or files, constituting a logical single communication of information, but consisting of more than a single stand-alone record.   One example of a document family is an email (the parent) containing an attachment (the child).

The parties agree to the following Load File Specifications:

Production folder structure:

- Top-Level (Volume – i.e. TBD-001)

    - Sub-Folder (DATA – includes .DAT, .OPT, .LST)

3

o   Sub-Folder (IMAGES – limited to 500 tiffs per folder)

o   Sub-Folder (NATIVES – Only non-redacted Excel files)

o   Sub-Folder (TEXT – limited to 500 text files per folder)

Production Metadata Fields for DAT File (to the extent the following metadata exists

for each document)[1]:

o   Control Number Begin

o   Control Number End

o   Attachment Range

o   Attachment Begin

o   Attachment End

o   Custodian

o   Subject

o   From

o   To

o   CC

o   BCC

o   Date Sent

o   Time Sent

o   Filename

o   Author

o   Date Created

o   Date Modified

9.   No provision of this Order affects any inspection of source code that is

responsive to a discovery request.  Source code will be made available consistent with the

---

[1]  To the extent documents were already collected and produced in this action before submission
of this proposed ESI order, the parties are not obligated to reproduce those documents with the
Production Metadata fields.

4

protective order governing this case.

**EMAIL**

10.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

11.     Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.  While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

12.     Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe as set forth in the Guidelines.

13.     Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

14.     Each requesting party shall limit its email production requests to a total of eight search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The Court encourages the parties to confer on a process to test the efficacy of the search terms.  A "search term" may be defined to include a reasonable number of permutations and abbreviations that mean the same thing and shall count as a single term.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search

criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.  Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

15.     Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.

## DOCUMENTS PROTECTED FROM DISCOVERY

16.     The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

17.     Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not a waiver in this case or in any other federal or state proceeding.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 4, 2015

Respectfully submitted,                          Respectfully submitted,

WILMER CUTLER PICKERING                          COOLEY LLP
HALE AND DORR LLP


By: */s/ Nathan Walker*                   By: *_/s/ Heidi L. Keefe_*
    Mark D. Flanagan (SBN 130303)        Michael G. Rhodes (SBN 116127)
      mark.flanagan@wilmerhale.com          rhodesmg@cooley.com
    Mark D. Selwyn (SBN 244180)          COOLEY LLP
      mark.selwyn@wilmerhale.com           101 California Street. 5th Floor
    Joseph F. Haag (SBN 248749)          San Francisco, CA 94111-5800
      joseph.haag@wilmerhale.com           Telephone:   (415) 693-2000
    Nathan L. Walker (SBN 206128)        Facsimile:   (415) 693-2222
      nathan.walker@wilmerhale.com
    Evelyn C. Mak (SBN 258086)           Heidi L. Keefe (SBN 178960)
      evelyn.mak@wilmerhale.com              hkeefe @cooley.com
    WILMER CUTLER PICKERING              Mark R. Weinstein (SBN 193043)
      HALE AND DORR LLP                      mweinstein@cooley.com
    950 Page Mill Road                   COOLEY LLP
    Palo Alto, CA  94304                 3175 Hanover Street
    Telephone:  (650) 858-6000           Palo Alto, CA 94304-1130
    Facsimile:  (650) 858-6100           Telephone:   (650) 843-5000
                                                   Facsimile:   (650) 849-7400

  *Counsel for Plaintiff*                      *Counsel for Defendant*
  *Hewlett-Packard Company*                    *ServiceNow, Inc.*



  **IT IS ORDERED** that the foregoing Stipulation is approved.

Dated:__  May 5, 2015

                                      _____
      UNITED STATES MAGISTRATE JUDGE

                  Howard R. Lloyd