# EXHIBIT A

Trials@uspto.gov                                              Paper 13
571-272-7822                                         Date: August 26, 2015

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

SERVICENOW, INC.,
Petitioner,

v.

HEWLETT-PACKARD CO.,
Patent Owner.
_____

Case IPR2015-00717
Patent 7,027,411
_____

Before RAMA G. ELLURU, CHRISTOPHER L. CRUMBLEY, and
BARBARA A. PARVIS, *Administrative Patent Judges*.

CRUMBLEY, *Administrative Patent Judge*.

DECISION
Institution of *Inter Partes* Review
*37 C.F.R. § 42.108*

IPR2015-00717
Patent 7,027,411

## I.  INTRODUCTION

ServiceNow, Inc. filed a Petition seeking *inter partes* review of claims 1 and 3 of U.S. Patent No. 7,027,411 (Ex. 1001, "the '411 patent").  Paper 1, "Pet."  The owner of the '411 patent, Hewlett-Packard Company ("HP"), did not file a Patent Owner's Preliminary Response.

Pursuant to 35 U.S.C. § 314(a), we may not institute an *inter partes* review "unless the Director[1] determines that the information presented in the petition . . . and any response . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  Upon consideration of the briefing and supporting evidence, we determine that the information presented establishes that there is a reasonable likelihood that ServiceNow would prevail with respect to claims 1 and 3 of the '411 patent.  Accordingly, we institute an *inter partes* review of these claims.

A. *The '411 Patent*

The '411 patent relates to a system and method for "mapping the topology of a network having interconnected nodes by identifying changes in the network and updating a stored network topology based on the changes."  Ex. 1001, Abstract.  According to the patent, the topology of a network is a description of the network including the location of nodes on the network and the interconnections between them.  *Id.* at 1:31–33.

---

[1] "The Board institutes the trial on behalf of the Director."  37 C.F.R. § 42.4(a).

2

IPR2015-00717
Patent 7,027,411

Knowing the topology of a network aids in intelligent routing of data packets, resulting in a reduction in network congestion. *Id*. at 1:29–31.

The method of the '411 patent involves compiling "data tuples" which represent information about the nodes of the network, including host identifiers, connector interfaces, and port specifications. *Id*. at 3:6–9. An existing topology of the network is stored in a topology database, which is used to create a list of current tuples. *Id*. at 3:9–12. A new set of tuples is calculated using a "connection calculator," and a "topology converter" receives the new tuples, identifies changes to the topology, and updates the topology database using the new tuples. *Id*. at 3:12–25.

1. *Illustrative Claim*

Claim 1 is the sole challenged independent claim and reads as follows:

> 1. In a network having interconnected nodes with data tuples that represent nodal connections, a method for mapping a network topology by identifying changes between an existing topology and a new topology, the method comprising:
>
> creating a list of existing tuples from an existing topology representing nodal connections of a network at a prior time;
>
> creating a new list of a plurality of tuples for a topology of the network at a current time, wherein the new list of tuples represent nodal connections of the network at the current time, and wherein each of the tuples comprises a host identifier, interface information, and a port specification;
>
> receiving new tuples list that represent new nodal connections; and
>
> comparing the list of existing tuples with the new tuples list to identify changes to the topology.

*Id*. at 13:41–59.

3

IPR2015-00717
Patent 7,027,411

2. *Related Proceedings*

According to ServiceNow, the '411 patent has been asserted by HP in the Northern District of California in an action captioned *Hewlett-Packard Company v. ServiceNow, Inc.*, Case No. 14-CV-00570 BLF. Pet. 1.

B. *The Asserted Grounds*

ServiceNow asserts the following grounds of unpatentability:

1. Whether claims 1 and 3 are unpatentable under 35 U.S.C. § 103 as having been obvious over Jones.[2]
2. Whether claims 1 and 3 are unpatentable under 35 U.S.C. § 103 as having been obvious over Tonelli.[3]

Pet. 3.

ServiceNow contends that Jones is prior art to the '411 patent under 35 U.S.C. § 102(e) (pre-AIA), while Tonelli qualifies under 35 U.S.C. § 102(b).[4] Pet. 3.

C. *Claim Construction*

In an *inter partes* review, "[a] claim in an unexpired patent shall be given its broadest reasonable construction in light of the specification of the patent in which it appears." 37 C.F.R. § 42.100(b); *see also In re Cuozzo Speed Tech., LLC*, No. 2014-1301, 2015 WL 4097949, at *7–*8 (Fed. Cir.

---

[2] U.S. Patent No. 6,701,327 (Mar. 2, 2004) (Ex. 1003).
[3] U.S. Patent No. 5,821,937 (Oct. 13, 1998) (Ex. 1004).
[4] ServiceNow's Petition recites 35 U.S.C. § 102(e) in connection with Tonelli, but this appears to be a typographical error; the explanation that follows ("it issued more than one year before the application filing date for the '411 patent") is pertinent to prior art status under § 102(b), not (e).

4

IPR2015-00717
Patent 7,027,411

July 8, 2015) ("Congress implicitly approved the broadest reasonable interpretation standard in enacting the [America Invents Act ("AIA")]," and "the standard was properly adopted by PTO regulation"), *reh'g en banc denied*. Under this standard, we construe claim terms using "the broadest reasonable meaning of the words in their ordinary usage as they would be understood by one of ordinary skill in the art, taking into account whatever enlightenment by way of definitions or otherwise that may be afforded by the written description contained in the applicant's specification." *In re Morris*, 127 F.3d 1048, 1054 (Fed. Cir. 1997). We presume that claim terms have their ordinary and customary meaning. *See In re Translogic Tech., Inc.*, 504 F.3d 1249, 1257 (Fed. Cir. 2007) ("The ordinary and customary meaning is the meaning that the term would have to a person of ordinary skill in the art in question.") (internal citation and quotation marks omitted). A patentee may rebut this presumption, however, by acting as his own lexicographer, providing a definition of the term in the specification with "reasonable clarity, deliberateness, and precision." *In re Paulsen*, 30 F.3d 1475, 1480 (Fed. Cir. 1994).

ServiceNow proffers claim constructions for three claim terms: *tuple*, *topology*, and *host identifier*. Pet. 8–10. Upon review of the record, we determine that only the claim term *tuple* requires an express construction at this stage of the proceeding. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy.").

IPR2015-00717
Patent 7,027,411

1. *tuple*

ServiceNow contends that the specification of the '411 patent sets forth an explicit definition of the term *tuple*: "As used herein, the term 'tuple' refers to any collection of assorted data. Tuples may be used to track information about network topology by storing data from network nodes." Pet. 8; Ex. 1001, 4:23–25. As such, ServiceNow asks that we construe *tuple* to mean "collection of assorted data." Pet. 8. Upon review of the '411 patent, we agree that the specification sets forth a definition of *tuple* and adopt ServiceNow's proffered construction.

## II. ANALYSIS OF GROUNDS

A. *Obviousness over Jones*

ServiceNow contends that claims 1 and 3 are unpatentable under 35 U.S.C. § 103 as having been obvious over Jones. Pet. 15–27. The Petition sets forth where each element of the challenged claims is said to be disclosed by Jones. *Id*. ServiceNow also submits the Declaration of Tal Lavian, Ph.D., who testifies regarding Jones and maps the disclosure of the reference to the elements of the challenged claims. Ex. 1002 ¶¶ 39–69.

Jones discloses a method "for providing a data set relating to a network by merging a first data set relating to the network at a first time and a second data set relating to the network at a [ ] second, later, time." Ex. 1003, Abstract. The first data set is acquired by interrogating the network to obtain information about the devices within the network and the links between them. *Id*. at 3:28–38. The interrogation results in information such as the unique MAC number of the device, port information about the device,

6

and links between the devices. *Id*. Once two interrogations are performed at different times, resulting in a first and second data set, the information is merged to update the first data set to include additional information present in the second data set. *Id*. at 2:12–15, 2:30–35.

Dr. Lavian concedes that while Jones discusses the types of data present in the first data set, it does not disclose explicitly the content of the second data set. Ex. 1002 ¶ 53. According to Dr. Lavian, however, a person of ordinary skill in the art would have understood that the second data set of Jones is created using the same interrogation process as the first data set, and therefore, would contain the same categories of information. *Id*.

ServiceNow contends that Jones teaches or suggests all elements of claims 1 and 3. For example, with respect to claim 1, ServiceNow argues that the set of existing tuples representing nodal connections is met by Jones' first data set, which contains information on the devices in the network as well as the links between them. Pet. 17–18. The Petition further asserts that Jones' second data set, which comprises host identifiers (the MAC numbers of the devices), interface information (how the devices are connected), and port specifications (how many ports the devices have) teaches the "new list of a plurality of tuples" limitation of claim 1. *Id*. at 19–24. As for claim 3's additional limitation of "taking action on the changes to the topology," ServiceNow asserts that Jones discloses updating the first data set to incorporate data from the second data set. *Id*. at 27.

ServiceNow's analysis of how the elements of the challenged claims are disclosed by Jones is persuasive at this stage of the proceeding. We, therefore, conclude that there is a reasonable likelihood that ServiceNow

IPR2015-00717
Patent 7,027,411

will prevail in showing that claims 1 and 3 would have been obvious over Jones, and institute trial on this ground.

### B. Obviousness over Tonelli

ServiceNow contends that claims 1 and 3 are unpatentable under 35 U.S.C. § 103 as having been obvious over Tonelli. Pet. 28–44. The Petition sets forth where each element of the challenged claims is said to be disclosed by Tonelli. *Id.* Dr. Lavian testifies regarding Tonelli and maps the disclosure of the reference to the elements of the challenged claims. Ex. 1002 ¶¶ 70–101.

Tonelli discloses a method for auditing a network using "soft probes to discover topology, host and interface information on devices in the network." Ex. 1004, 2:24–27. The probe is an SNMP probe that provides information on devices such as servers, personal computers, routers, and switches on the network, and obtains IP and MAC address information. *Id.* at 19:9–16, 19:21–40. The information obtained by the probe is consolidated and displayed on an information screen, as depicted in Figure 51 below:

IPR2015-00717
Patent 7,027,411



FIG. 51

Figure 51 depicts tree list 554 which displays the discovered network configuration including MAC address 594, device type 596, host name 598, and IP address 600.

Tonelli discloses that, typically, other information about the network, such as connection media type and port assignments, will need to be input manually by a network engineer. *Id*. at 20:60–65. The resulting network configuration can be compared with a previously generated network configuration, and the system flags devices not found in the prior configuration. *Id*. at 22:5–25.

Dr. Lavian testifies that Tonelli does not disclose explicitly the process by which the second network configuration is generated; however, he states that a person of ordinary skill in the art would have understood that it "simply involves repeating the same process used to create" the first set. Ex. 1002 ¶ 87.

IPR2015-00717
Patent 7,027,411

ServiceNow contends that Tonelli teaches or suggests all elements of claims 1 and 3. For example, with respect to claim 1, ServiceNow argues that the "set of existing tuples" is met by the combination of information automatically obtained by the probe, as supplemented by information entered manually by a network engineer. Pet. 33. According to ServiceNow, claim 1 does not specify that the set of tuples must be generated by computer, and therefore encompasses "creating a list of existing tuples through automatic processes, manual actions by a network engineer, or through some combination of both." *Id*. (internal quotations omitted).

According to ServiceNow, the "new list of a plurality of tuples" limitation of claim 1 is met by Tonelli's audit data created by a later audit of the network. *Id*. at 36. This audit is said to comprise host identifiers (the IP and MAC addresses of the devices), interface information (Tonelli explicitly recites "interface information"), and port specifications (manually entered port assignments). *Id*. at 38–40. As for claim 3's additional limitation of "taking action on the changes to the topology," ServiceNow asserts that Tonelli discloses flagging devices found in a second audit but not found in a prior design sheet. *Id*. at 43.

ServiceNow's analysis of how the elements of the challenged claims are disclosed by Tonelli is persuasive at this stage of the proceeding. We, therefore, conclude that there is a reasonable likelihood that ServiceNow will prevail in showing that claims 1 and 3 would have been obvious over Tonelli, and institute trial on this ground.

IPR2015-00717
Patent 7,027,411

### III. CONCLUSION

For the forgoing reasons, we determine that the information presented in the Petition establishes that there is a reasonable likelihood that ServiceNow would prevail with respect to claims 1 and 3 of the '411 patent.

At this stage of the proceeding, the Board has not made a final determination as to the patentability of any challenged claim.

### IV. ORDER

Accordingly, it is

ORDERED that pursuant to 35 U.S.C. § 314 and 37 C.F.R. § 42.4, an *inter partes* review is hereby instituted as to claims 1 and 3 of the '411 patent on the following grounds:

1. Whether claims 1 and 3 are unpatentable under 35 U.S.C. § 103 as having been obvious over Jones.
2. Whether claims 1 and 3 are unpatentable under 35 U.S.C. § 103 as having been obvious over Tonelli.

FURTHER ORDERED that no other ground of unpatentability alleged in the Petition for any claim is authorized for this *inter partes* review;

FURTHER ORDERED that pursuant to 35 U.S.C. § 314(d) and 37 C.F.R. § 42.4, notice is hereby given of the institution of a trial, the trial commencing on the entry date of this Decision.

IPR2015-00717
Patent 7,027,411

FOR PETITIONER:

Heidi L. Keefe
Andrew C. Mace
Phillip Morton
Mark Weinstein
Cooley LLP
hkeefe@cooley.com
amace@cooley.com
pmorton@cooley.com
mweinstein@cooley.com
zpatdcdocketing@cooley.com


FOR PATENT OWNER:

Joseph Haag
Evelyn Mak
Wilmer Cutler Pickering Hale and Dorr LLP
joseph.haag@wilmerhale.com
Evelyn.Mak@wilmerhale.com

12