# EXHIBIT C

Trials@uspto.gov                                                    Paper 13
Tel: 571-272-7822                                    Entered:  August 26, 2015

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

SERVICENOW, INC.,
Petitioner,

v.

HEWLETT-PACKARD CO.,
Patent Owner.

_____

Case IPR2015-00716
Patent 7,945,860 B2

_____

Before RAMA G. ELLURU, JAMES B. ARPIN, and
JO-ANNE M. KOKOSKI, *Administrative Patent Judges*.

ARPIN, *Administrative Patent Judge*.

DECISION
Denying Institution of *Inter Partes* Review
*37 C.F.R. § 42.108*

IPR2015-00716
Patent 7,945,860 B2

## I.    INTRODUCTION

### A.  Background

ServiceNow, Inc. ("Petitioner") filed a Petition (Paper 1, "Pet.") to institute an *inter partes* review of claims 1, 5, 7–10, 12, 15, and 24–26 (the "challenged claims") of Patent No. US 7,945,860 B2 to Vambenepe *et al.* (Ex. 1001, "the '860 patent"), pursuant to 35 U.S.C. §§ 311–319.  Pet. 1. Hewlett-Packard Company ("Patent Owner") filed a Preliminary Response (Paper 12, "Prelim. Resp.").  We have jurisdiction under 35 U.S.C. § 314,[1] which provides that an *inter partes* review may not be instituted "unless . . . there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a). Petitioner relies upon the following references, declaration, and affidavit in support of its grounds for challenging claims 1, 5, 7–10, 12, 15, and 24–26 of the '860 patent:

| Exhibit | Description |
|---|---|
| 1002 | Declaration of Tal Lavian Ph.D. |
| 1004 | BEA Systems, Inc., Introducing BEA WebLogic Collaborate (dated July 2001) ("Introducing Collaborate") |
| 1005 | BEA Systems, Inc., Administering BEA WebLogic Collaborate (dated July 2001) ("Administering Collaborate") |
| 1006 | BEA Systems, Inc., Programming BEA WebLogic Collaborate Management Applications (dated July 2001) ("Programming Collaborate") |
| 1008 | David Fox *et al.*, Web Publisher's Construction Kit with HTML 3.2 (1996) ("Fox") |
| 1009 | Kenn Scribner *et al.*, Applied SOAP: Implementing .NET XML Web Services (2001) ("Scribner") |

---

[1] *See* Section 6(a) of the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 116 Stat. 284, 300 (2011).

IPR2015-00716
Patent 7,945,860 B2

| Exhibit | Description |
|---------|-------------|
| 1011 | BEA Unveils Comprehensive Web Services Strategy and Support For Widest Range of Web Services Standards in the Industry, PR Newswire, Feb. 26, 2001 |
| 1013 | BEA and Gauss Interprise Announce Strategic Relationship, Canadian Corporate Newswire, Aug. 27, 2001 |
| 1014 | Affidavit of Christopher Butler, dated January 15, 2015 (including Exhibit A (BEA WebLogic Screen Shots)) ("the Butler Affidavit") |
| 1015 | Patent No. US 6,891,930 B1 to David B. Staub *et al.* (filed Dec. 17, 1999) ("Staub") |

Exhibits 1004–1006 are referred to collectively as the "Collaborate References."  Pet. 20.

Petitioner asserts that the challenged claims are unpatentable on the following grounds (Pet. 3–4, 20–60):

| Claims | Grounds | References |
|--------|---------|------------|
| 1 and 24 | 35 U.S.C. § 103(a) | Collaborate References and Fox |
| 5, 7–9, 12, 15, and 25 | 35 U.S.C. § 103(a) | Collaborate References, Fox, and Staub |
| 10 and 26 | 35 U.S.C. § 103(a) | Collaborate References, Fox, Staub, and Scribner |

For the reasons set forth below, we determine that, on this record, Petitioner fails to demonstrate a reasonable likelihood of prevailing in showing the unpatentability of any of the challenged claims.  Accordingly, we *deny* institution of *inter partes* review as to any of the challenged claims of the '860 patent.

B.  *Related Proceedings*

Petitioner was sued for infringement of the '860 patent by Patent Owner:  *Hewlett-Packard Co. v. ServiceNow, Inc.*, Case No. 14-CV-

3

IPR2015-00716
Patent 7,945,860 B2

00570BLF (N.D. Cal. filed Feb. 6, 2014).  Pet. 1.  Petitioner has filed a
petition seeking covered business method review of the '860 patent
(CBM2015-00108) and petitions to review several of Patent Owner's other
patents – Patent Nos. US 6,321,229 B1 (IPR2015-00523); US 7,392,300 B2
(IPR2015-00631); US 7610,512 B2 (IPR2015-00699); US 7,890,802 B2
(IPR2015-00702); and US 7,925,981 B2 (IPR2015-00707).[2]

C.  The '860 Patent

The '860 patent, entitled "Systems and Methods for Managing
Conversations Between Information Technology Resources," relates to a
web service management system for monitoring a "conversation."  Ex. 1001,
col. 3, ll. 24–67.  The Specification defines a "conversation" as "a set of
related messages sent and received by a particular conversation."  Id. at col.
4, ll. 45–48.  Figure 1A, depicting an embodiment of a conversation
management system, is reproduced below:

---

[2] As with the '860 patent, Patent No. US 7,925,981 B2 (Ex. 1003, "the '981
patent") was filed on May 14, 2003.  Petitioner relies upon the Collaborate
References and Fox in its challenges to the claims of the '981 patent in
IPR2015-00707.

IPR2015-00716
Patent 7,945,860 B2



*FIG. 1A*

*Id.* at Fig. 1A.

In Figure 1A, management system 100 has conversation managed objects 108, 110 that have conversation interfaces 112, 114 for reporting management features of associated conversations 104, 106 to and receiving control instructions from manager 102. *Id.* at col. 4, ll. 23–40. In this embodiment, the Specification describes that:

> *Conversation managed objects 108, 110 represent the management features of resource(s) that conduct conversations 104, 106. Interfaces in one or more categories can be included in conversation interfaces 112, 114 for each conversation managed object 108, 110. Conversation interfaces 112, 114 allow manager 102 to access information regarding the state of messages related to corresponding conversations 104, 106.*

*Id.* at col. 4, ll. 26–33 (emphases added).

Conversation managed objects "can each be considered managed objects 148." *Id.* at col. 6, ll. 61–62. The Specification explains that a

5

IPR2015-00716
Patent 7,945,860 B2

"[m]anaged object 148 implements managed object interfaces 150 to provide
a common set of basic management capabilities to monitor and/or control
the underlying resource(s) represented by managed object 148 through
various features such as attributes, operations, and event notifications." *Id.*
at col. 6, ll. 63–67.  Figure 1B, depicting an embodiment of a managed
object interface collection for the conversation management system of
Figure 1A, is reproduced below:



*FIG. 1B*

IPR2015-00716
Patent 7,945,860 B2

*Id.* at Fig. 1B.  Figure 1B depicts Managed Object Interface Collection.

    Managed Object Configuration Interface of Managed Object Interface Collection 152 includes Supported Relations, which is a read-only attribute that returns a list of the relations supported by managed object 148.  *Id.* at col. 7, ll. 29–31.  Relations in the returned list may be used in relationships managed object 148 has with other managed objects.  "For example, managed object 148 can support relations such as Contains, Contained In, Depends On, Depended Upon, and Corresponds To."  *Id.* at col. 7, ll. 33–36.  Thus, a conversation may "correspond to" one or more conversations contained by the same or a different web service.  *See id.* at col. 7, ll. 42–55.  As depicted in Figure 1B, other features can be included in Managed Object Interface Collection 152.

    *D. Illustrative Claim*

    Petitioner challenges claims 1, 5, 7–10, 12, 15, and 24–26 of the '860 patent.  Claims 1 and 24 are independent.  Claims 5, 7–10, 12, and 15 depend directly from independent claim 1, which is directed to a system for managing a conversation in a web service; and each of claims 25 and 26 depends directly from claim 24, which is directed to a computer program product tangibly embodied in a computer storage readable medium, including a conversation interface and a managed object interface.

    Claim 1 is illustrative and is reproduced below:

        1.    A system for managing a conversation in a Web service, comprising:

        a computer processor;

        a conversation managed object executable on the computer processor, wherein:

IPR2015-00716
Patent 7,945,860 B2

> the conversation managed object includes at least one
> interface configured to provide management information
> about the conversation to at least one manager; and
>
> the at least one interface is configured to provide information
> regarding the Web service that contains the conversation.

Ex. 1001, col. 10, ll. 30–41 (claim 1).

### E. Claim Construction

Each of Petitioner and Patent Owner proposes a construction for
various claim terms, including "Web service," "managed object," and
"conversation managed object." Pet. 11–20; Prelim. Resp. 25–30. We,
however, do not construe any term at this time because no term needs to be
construed expressly for purposes of this Decision.

### II.     ANALYSIS

### A. Overview

Petitioner argues that claims 1, 5, 7–10, 12, 15, and 24–26 of the '860
patent are rendered obvious by the combinations of references described
above. *See supra* Section I.A. Petitioner has the burden to establish in its
Petition a reasonable likelihood of success, including, among other things,
making a threshold showing that the Collaborate References are "printed
publications" within the meaning of 35 U.S.C. §§ 102(b) and 311(b). 35
U.S.C. § 314(a); *see* 37 C.F.R. § 42.108(c); *Apple, Inc. v. DSS Tech. Mgmt.,
Inc.*, Case IPR2015-00369, slip op. at 4–5, 9–11 (PTAB Aug. 12, 2015)
(Paper 14). For the reasons set forth below and on this record, Petitioner
does not satisfy its burden.

IPR2015-00716
Patent 7,945,860 B2

> B. *Asserted Grounds*
>> 1. *Prior Art and Printed Publications*

Petitioner argues that each of the Collaborate References is a printed publication that may be asserted properly as a basis for a ground of unpatentability in its Petition because each Collaborate Reference was published more than one year before the filing date (May 14, 2003) of the '860 patent.  Pet. 20; *see* 35 U.S.C. § 312(a)(3)(A); 37 C.F.R. § 42.104(b)(2).  Patent Owner disagrees, and contends that Petitioner fails to demonstrate that the Collaborate References are prior-art, printed publications.  Prelim. Resp. 4–22.

 "Public accessibility" is the touchstone in determining whether a reference is a "printed publication."  *In re Hall*, 781 F.2d 897, 898–99 (Fed. Cir. 1986); *see, e.g.*, *L-3 Commc'n. Holdings, Inc. v. Power Survey, LLC*, Case IPR2014-00832, slip op. at 11–12 (PTAB Nov. 14, 2014) (Paper 9) (applied reference not shown to be publicly accessible); *C&D Zodiac, Inc. v. B/E Aerospace, Inc.*, Case IPR2014-00727, slip op. at 20–22 (PTAB Oct. 29, 2014) (Paper 15) (applied reference shown to be publicly accessible).  "A reference is publicly accessible 'upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it.'"  *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1350 (Fed. Cir. 2008) (quoting *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008)).  The status of a reference as a printed publication is a legal question "based on underlying factual determinations."  *Id*.

> [W]hether information is printed, handwritten, or on
> microfilm or a magnetic disc or tape, etc., the one who wishes

IPR2015-00716
Patent 7,945,860 B2

> to characterize the information, in whatever form it may be, as a
> 'printed publication' . . . should produce sufficient proof of its
> dissemination or that it has otherwise been available and
> accessible to persons concerned with the art to which the
> document relates and thus most likely to avail themselves of its
> contents.

*In re Wyer*, 655 F.2d 221, 227 (CCPA 1981).  As noted above, Petitioner expressly argues that the Collaborate References qualify as prior art because they were published more than one year prior to the filing date of the '860 patent.  Pet. 3, 20.

### a. The Wayback Machine Service

In support of Petitioner's argument that the Collaborate References were available for download more than one year prior to May 14, 2013, Petitioner submits an affidavit of Christopher Butler, Office Manager of Internet Archive, San Francisco, CA, which is the creator of the Wayback Machine service.  Ex. 1014, 1.  Attached to the Butler Affidavit is Exhibit A, which includes "true and accurate copies of printouts of the Internet Archive's records of the HTML files for the URL[']s [of each of the Collaborate References] and the dates specified in the footer of the printout." *Id.*  Moreover, the Butler Affidavit explains how the date of the webpage can be determined from the URL.  *Id.*  In particular, Exhibit A includes printouts for the following URLs:

IPR2015-00716
Patent 7,945,860 B2

| URL | Date |
|---|---|
| https://web.archive.org/web/20010829204911/http://e-docs.bea.com/wlintegration/v2_0/collaborate/interm/pdf.htm (Ex. 1014, 4–5 (emphasis added)) | Aug. 29, 2001[3] |
| https://web.archive.org/web/*20010829*205428/http://e-docs.bea.com/wlintegration/v2_0/collaborate/interm/sitemap.htm (Ex. 1014, 6 (emphasis added)) | Aug. 29, 2001 |
| https://web.archive.org/web/*20020111*212156/http://e-docs.bea.com/wlintegration/v2_0/collaborate/intro/index.htm (Ex. 1014, 7 ("Introducing Collaborate") (emphasis added)) | Nov. 1, 2002 |
| https://web.archive.org/web/*20010915*203606/http://e-docs.bea.com/wlintegration/v2_0/collaborate/admin/index.htm (Ex. 1014, 8–10 ("Administering Collaborate") (emphasis added)) | Sept. 15, 2001 |
| https://web.archive.org/web/*20010915*214820/http://e-docs.bea.com/wlintegration/v2_0/collaborate/devmgmt/index.htm (Ex. 1014, 11 ("Programming Collaborate") (emphasis added)) | Sept. 15, 2001 |
| https://web.archive.org/web/*20010915*212456/http://e-docs.bea.com/wlintegration/v2_0/collaborate/devlog/index.htm (Ex. 1014, 11 (emphasis added)) | Sept. 15, 2001 |

Initially, we note that, even relying on Exhibit A to the Butler Affidavit, the webpage for the Introducing Collaborate Reference was archived on November 1, 2002, less than one year prior to the May 14, 2003 filing date of the '860 patent and, thus, fails to qualify as a prior-art, printed publication under 35 U.S.C. § 102(b), as argued by Petitioner.  Pet. 3, 20.[4]

---

[3] These dates were determined based on the explanation provided in the Butler Affidavit.  Ex.1014, 1 (paragraph five).

[4] Because each of Petitioner's asserted grounds relies on a combination including all three of the Collaborate References, Petitioner would fail to establish a reasonable likelihood of success if any of the Collaborate References fails to qualify as a prior-art, printed publication.

IPR2015-00716
Patent 7,945,860 B2

Petitioner argues that:

> In this case, the Internet Archive captured a webpage entitled "BEA WebLogic Collaborate 2.0: PDF" that includes download links to various documents (in PDF form), including the Collaborate References cited in this Petition.  (Lavian Decl., Ex. 1002, ¶¶ 206, 207; Butler Aff., Ex. 1014, Ex. A (BEA download page).)  Based on the date of capture recorded by the Internet Archive, the page was publicly accessible through the web *by no later than August 29, 2001*.  (Lavian Decl., Ex. 1002, ¶ 205.)

Pet. 21 (emphasis added).  The webpage in Exhibit A to the Butler Affidavit, listing the Collaborate References and including our annotations, is reproduced below:

IPR2015-00716
Patent 7,945,860 B2



Petitioner further argues that

> [this] download page was part of what BEA called its "e-docs
> Web Site" (edocs.bea.com), which the Collaborate References
> identify as a central source of documentation about BEA's
> products. (*See* Ex. 1004, at vi ("The WebLogicCollaborate

IPR2015-00716
Patent 7,945,860 B2

> product documentation is available on the BEA Systems, Inc.
> corporate Web site."); Ex. 1005, at x ("From the BEA Home
> page, click on Product Documentation or go directly to the 'e-
> docs' Product Documentation page at http://e-docs.bea.com.");
> *id.* at xi ("A PDF version of this document is available from the
> BEA WebLogic Collaborate documentation Home page . . . at
> http://edocs.bea.com.").)

Pet. 21–22; *see also* Ex. 1006, 6 ("BEA product documentation is available at the following location:  http://e-docs.bea.com.").

Nevertheless, Petitioner fails to make the critical link between the alleged identification of the Collaborate References on the "download page" and the exhibits relied upon in support of its asserted grounds.  Despite Petitioner's arguments and assertion that this "page" was publicly accessible "by no later than August 29, 2001," Petitioner fails to demonstrate Exhibits 1004–1006, which Petitioner relies upon in support of each of the asserted grounds, were publicly accessible through the webpages included in Exhibit A to the Butler Affidavit more than one year prior to May 14, 2003.  *See* Pet. 21; Ex. 1002 ¶ 205.  This failure goes hand-in-hand with Petitioner's alleged failure properly to authenticate Exhibits 1004–1006.  *See* Prelim. Resp. 6.

Patent Owner contends that the evidence available from the Wayback Machine service demonstrates that Exhibits 1004–1006 were not publicly accessible prior to May 14, 2003.  Prelim. Resp. 7–12.  In Exhibit 2001, Patent Owner submits screenshots depicting the URLs of the archived documents obtained by linking to the indicated documents on the "download page" of the Butler Affidavit's Exhibit A.  *Id.* at 9–10 (reproducing Ex. 2001, 1–3).  Using the explanation for date determination provided in the Butler Affidavit (Ex. 1014, 1), Patent Owner produced the following table indicating the dates on which each of Exhibits 1004–1006 was archived:

14

IPR2015-00716
Patent 7,945,860 B2

| Ex. No. | URL of Wayback Machine Archive | Date of Capture |
|---------|-------------------------------|-----------------|
| 1004 | https://web.archive.org/web/20041126061609/http://e-docs.bea.com/wlintegration/v2_0/collaborate/pdf/intro.pdf | 11/26/04 |
| 1005 | https://web.archive.org/web/20041126061916/http://e-docs.bea.com/wlintegration/v2_0/collaborate/pdf/admin.pdf | 11/26/04 |
| 1006 | https://web.archive.org/web/20030611035358/http://e-docs.bea.com/wlintegration/v2_0/collaborate/pdf/mgmtapps.pdf | 6/11/03 |

Prelim. Resp. 11; *see also* Ex. 2002, 1–3 (dates provided by the Wayback
Machine service).  Patent Owner contends that the Wayback Machine
service shows dates of capture for Exhibits 1004 and 1005 of November 26,
2004, and for Exhibit 1006 of June 11, 2003; each of these dates is after May
14, 2003.  Prelim. Resp. 11–12.  That the archived dates for Exhibits 1004–
1006 vary is consistent with the varying archived dates noted above for the
webpages identified in Exhibit A to the Butler Affidavit.  Thus, on this
record, we are not persuaded that Petitioner demonstrates that the evidence
drawn from the Wayback Machine service is sufficient to show a reasonable
likelihood that Exhibits 1004–1006 were printed publications that were prior
art to the '860 patent.

> b. *The Dates on Exhibits 1004–1006 and the Download
> Instructions*

Petitioner argues that each of Exhibits 1004–1006 includes the date
"July 2001" on its face (*see, e.g.,* Ex. 1004, 1) and includes a copyright date
of "2001" (*see, e.g., id.* at 2).  Pet. 21.  Further, as noted above, Petitioner
argues that each of Exhibits 1004–1006 indicates that the reference is
available for download from BEA Systems, Inc.  *Id.* at 21–22; *see, e.g.,* Ex.

IPR2015-00716
Patent 7,945,860 B2

1004, 6 ("The WebLogicCollaborate product documentation is available on the BEA Systems, Inc. corporate Web site.").

Patent Owner contends that the date on the face of each exhibit, the copyright dates, and the indications of the availability of these references for download from BEA Systems, Inc., are inadmissible hearsay. Prelim. Resp. 13–15. To the extent that Petitioner relies on the date on the face of each exhibit and the indications of the availability of these references for download from BEA Systems, Inc. for the truth of that information, and considering that Petitioner has not established that any hearsay exception or exclusion applies, we agree with Patent Owner. *See Apple*, Case IPR2015-00369, slip op. at 6 (Paper 14).

In addition, as Patent Owner notes, each of Exhibits 1004–1006 includes the following statement restricting use and dissemination of the Collaborative References:

> Restricted Rights Legend
> This software and documentation is subject to and made available only pursuant to the terms of the BEA Systems License Agreement and may be used or copied only in accordance with the terms of that agreement. . . . This document may not, in whole or in part, be copied photocopied, reproduced, translated, or reduced to any electronic medium or machine readable form without prior consent, in writing, from BEA Systems, Inc.

Prelim. Resp. 19 (quoting Ex. 1004, 2; Ex. 1005, 2; Ex. 1006, 2). We consider the references as a whole and read the download instructions, cited by Petitioner, in view of the restrictions on use and dissemination that also are set forth in the references. We are persuaded that, read together, the download instructions and the Restricted Rights Legends do not provide sufficient evidence that these references were publicly accessible.

16

IPR2015-00716
Patent 7,945,860 B2

At least one panel of the Board has determined that reliance on a copyright notice as evidence that a reference was a printed publication as of a particular date is inadmissible hearsay.  *See Standard Innovation Corp. v. Lelo, Inc.*, Case IPR2014-00148, slip op. at 13–16 (PTAB Apr. 23, 2015) (Paper 41).  We note, however, that, when determining the threshold issue of whether a reference is a printed publication for purposes of a decision on institution, a copyright notice has been accepted as prima facie evidence of publication.[5]  *See Ford Motor Co. v. Cruise Control Techs. LLC*, Case IPR2014-00291, slip op. at 7–8 (PTAB June 29, 2015) (Paper 44) (citing *FLIR Sys., Inc. v. Leak Surveys, Inc.*, Case IPR2014-00411, slip op. at 18–19 (PTAB Sept. 5, 2014) (Paper 9)).  We are not bound by the determinations noted above, and, on this record, we are not persuaded that the presence of a copyright notice, without more, is sufficient evidence of public accessibility as of a particular date.  *See, e.g.*, *LG Electronics, Inc. v. Advanced Micro Devices, Inc.*, Case IPR2015-00329, slip op. at 10–13 (PTAB July 10, 2015) (Paper 13).

Consequently, on this record, we are not persuaded that Petitioner demonstrates that the dates on Exhibits 1004–1006, the download instructions, or both, is sufficient to show a reasonable likelihood that Exhibits 1004–1006 were publicly accessible more than one year prior to May 14, 2003.

### c.  Petitioner's Declarants

Petitioner argues that, "[a]s explained by Dr. Lavian and in the

---

[5] "[A] notice of copyright . . . *may be placed on publicly distributed copies* from which the work can be visually perceived . . . ."  17 U.S.C. § 401(a) (emphasis added).

IPR2015-00716
Patent 7,945,860 B2

accompanying 'Affidavit of Christopher Butler' from the Internet Archive, the Collaborate References were publicly available for download from BEA's website no later than August 2001." Pet. 21 (citing Ex. 1002 ¶¶ 203–208; Ex. 1014, 1). Patent Owner disagrees, and contends that Petitioner's declarants' testimony fails to demonstrate that they or anyone else used the identified webpages or the search engines identified by Dr. Lavian "to locate the Collaborate References in July 2001 or at any other time before May 14, 2003." Prelim. Resp. 20-21.

Neither Mr. Butler nor Dr. Lavian testifies expressly that Exhibits 1004–1006 could have been downloaded prior to May 14, 2003. *See id.* at 21–22. As noted above, Mr. Butler merely testifies regarding the operation of the Wayback Machine service and to the accuracy of the printouts provided in Exhibit A. Ex. 1014, 1. Dr. Lavian testifies that the "download page" contains links to the Collaborate References (Ex. 1002 ¶¶ 205, 206), and opines that he has "seen no evidence suggesting that a person of ordinary skill in the art would have *experienced difficulty* locating the Collaborate References from BEA's website." Ex. 1002 ¶ 208 (emphasis added). Nevertheless, Dr. Lavian does not testify that he downloaded Exhibits 1004–1006 from the download page before May 14, 2003, or that he is aware of anyone else who did. *See Dish Network L.L.C. v. Dragon Intellectual Property, LLC*, Case IPR2015-00499, slip op. at 10–11 (PTAB July 17, 2015) (Paper 7).

Consequently, on this record, we are not persuaded that Petitioner demonstrates that the testimony of Dr. Lavian (Ex. 1002) or Mr. Butler (Ex. 1014), or both, is sufficient to show a reasonable likelihood that Exhibits 1004–1006 were publicly accessible more than one year prior to May 14,

IPR2015-00716
Patent 7,945,860 B2

2003.

### d. *Press Releases Regarding BEA Activities in 2001*

Finally, Petitioner alleges that "BEA Systems, Inc., the company that produced the Collaborate References, was a well-known web services product provider in the early 2000s" and notes that that the company claimed to have more than 11,000 customers worldwide by 2001.  Pet. 22 (citing Ex. 1002 ¶ 209; Ex. 1013, 1); *see* Ex. 1011, 1.  Patent Owner contends that Petitioner does not offer any testimony from BEA Systems, Inc. or from its customers attesting that the Collaborate References were provided or made available to BEA's customers more than one year before May 14, 2003.  Prelim. Resp. 13.  Further, as noted above, each of Exhibits 1004–1006 bears a notice restricting its dissemination and the use of the described products to the terms of the BEA Systems Licensing Agreement. *E.g.*, Ex. 1004, 2.  In view of this restriction, we are not persuaded that Petitioner's evidence of the number of BEA's customers prior to May 14, 2003 sufficiently demonstrates that Exhibits 1004–1006 had been "disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, [could] locate [them].'"  *Kyocera*, 545 F.3d at 1350.  Thus, on this record, we are not persuaded that Petitioner demonstrates that the press releases (Exs. 1011 and 1013) discussing activities of BEA Systems, Inc. are sufficient to show a reasonable likelihood that Exhibits 1004–1006 were publicly accessible more than one year prior to May 14, 2003.

Consequently, on this record and for purposes of this Decision, we are not persuaded that Petitioner has demonstrated a reasonable likelihood of

IPR2015-00716
Patent 7,945,860 B2

prevailing in establishing that the Collaborate References are prior-art, printed publications.

> 2. *Obviousness of Claims 1, 5, 7–10, 12, 15, and 24–26 over Collaborate References and Fox, Alone or in Combination with Staub or with Staub and Scribner*

Petitioner asserts that claims 1, 5, 7–10, 12, 15, and 24–26 are unpatentable under 35 U.S.C. § 103(a) over the Collaborate References and Fox, alone or in combination with Staub or with Staub and Scribner.  Pet. 20–60.  Because we are not persuaded that Petitioner has demonstrated a reasonable likelihood that the Collaborate References are prior-art, printed publications (*see supra* Section II.B.1.), we are not persuaded that Petitioner has demonstrated a reasonable likelihood of showing that any of claims 1, 5, 7–10, 12, 15, and 24–26 is unpatentable under 35 U.S.C. § 103(a) over the Collaborate References and Fox, alone or in combination with Staub or with Staub and Scribner.

## III.   CONCLUSION

Petitioner fails to demonstrate that there is a reasonable likelihood of prevailing in its challenge to the patentability of claims 1, 5, 7–10, 12, 15, and 24–26 of the '860 patent.  Consequently, the Petition is *denied* as to each of the asserted grounds.

## IV.   ORDER

For the reasons given, it is

ORDERED that the Petition is *denied*, and no *inter partes* review is instituted.

IPR2015-00716
Patent 7,945,860 B2

PETITIONER:

Heidi L. Keefe
Andrew C. Mace
Phillip E. Morton
COOLEY LLP
hkeefe@cooley.com
amace@cooley.com
pmorton@cooley.com
zpatdcdocketing@cooley.com

PATENT OWNER:

Joseph F. Haag
Evelyn C. Mak
WILMER CUTLER PICKERING HALE AND DORR LLP
Joseph.Haag@wilmerhale.com
Evelyn.Mak@wilmerhale.com
WHIPDocketStaff@wilmerhale.com