Mark D. Flanagan (SBN 130303)
  mark.flanagan@wilmerhale.com
Mark D. Selwyn (SBN 244180)
  mark.selwyn@wilmerhale.com
Joseph F. Haag (SBN 248749)
  joseph.haag@wilmerhale.com
Nathan L. Walker (SBN 206128)
  Nathan.walker@wilmerhale.com
Evelyn C. Mak (SBN 258086)
  evelyn.mak@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff*
HEWLETT-PACKARD COMPANY

Michael G. Rhodes (SBN 116127)
  rhodesmg@cooley.com
COOLEY LLP
101 California Street. 5th Floor
San Francisco, CA 94111-5800
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

Heidi L. Keefe (SBN 178960)
  hkeefe@cooley.com
Mark R. Weinstein (SBN 193043)
  mweinstein@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400

*Attorneys for Defendant*
SERVICENOW, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br><br>                    Plaintiff,<br><br>        v.<br><br>SERVICENOW, INC., a Delaware corporation,<br><br>                    Defendant. | Civil Action No.  5:14-cv-00570 (BLF)<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Civil Local Rule 16-10(d), and in advance of the Case Management Conference scheduled for September 17, 2015 (*see* ECF No. 115), Plaintiff Hewlett-Packard Company ("HP") and Defendant ServiceNow, Inc. ("ServiceNow") respectfully submit the following Case Management Statement.

## 1.   **Motions**

### A.   **Prior Motions**

On December 17, 2014, ServiceNow filed a motion for summary judgment of invalidity under 35 U.S.C. § 101 of the asserted claims of U.S. Patent Nos. 8,224,683, 6,321,229, 7,890,802, and 7,610,512.  (ECF No. 70.)  On March 10, 2015, the Court granted ServiceNow's motion for summary judgment.  (ECF No. 101.)  Four patents-in-suit—U.S. Patent Nos. 7,925,981 ("'981 patent"), 7,945,860 ("'860 patent"), 7,392,300 ("'300 patent"), and 7,027,411 ("'411 patent")—were not subject to the Court's summary judgment order and thus are still at issue in this action.

On February 13, 2015, ServiceNow moved to stay this action pending *inter partes review* and Covered Business Method ("CBM") review of the patents-in-suit.  (ECF No. 92.) HP opposed ServiceNow's motion to stay.  (ECF No. 99.)  The Court heard argument on ServiceNow's motion on April 2, 2015.  On April 9, 2015, the Court denied ServiceNow's motion to stay without prejudice to renewal.  (ECF No. 115 at 6.)

### B.   **Pending Motions**

There is no motion pending in this action.

### C.   **Renewal of Motion to Stay**

**ServiceNow's Position:**  Staying this action now will greatly simplify this action.  With respect to two of the four patents remaining in this case (the '300 and '411 patents), the Patent Trial and Appeal Board (PTAB) has instituted *inter partes* review of all asserted claims.  The PTAB's institution decisions were made on an express finding that ServiceNow had shown a reasonable likelihood of showing that the asserted claims were invalid.  *See* ECF No. 120-1, at 20 ('300 patent); ECF No. 122-1, at 11 ('400 patent).  With respect to the two remaining patents (the '981 and '860 patents), there are two pending Covered Business Method (CBM) patent

review petitions.  Decisions on institution of those CBM petitions will occur no later than

September 18 (for the '981) and October 9, 2015 (for the '860).  Additionally, ServiceNow has

petitioned for rehearing of the PTAB's denial of the IPR petitions on the '981 and '860 patents.[1]

In light of the PTAB's institution decisions on the '300 and '411 patents, and upcoming

decisions relating to the '981 and '860 patents, the Court should stay this litigation.

A stay of this litigation will simplify claim construction, non-infringement and invalidity

issues for the Court, and reduce the discovery the parties must conduct.  The three factors set

forth in ServiceNow's original motion to stay (ECF No. 92) now weigh even more strongly in

favor of a stay.  First, as the Court noted in its prior order, the stage of the litigation continues to

weigh in favor of a stay.  The parties have not filed claim construction briefs, the Court's claim

construction hearing is still three months away and the close of discovery is at least five months

away.  *See Moneycat Ltd. v. Paypal Inc.*, No. 14-cv-02490-JST, 2014 WL 5689844, at *4 (N.D.

Cal. Nov. 4, 2014) (stage of litigation favored stay where fact discovery deadline was six

months away and the parties had not yet filed claim construction briefs).

Second, the simplification of issues now strongly weighs in favor of a stay.   As the

Court previously stated, "*if* the PTAB institutes IPR and/or CBM review, the issues in this case

could be simplified considerably."  (ECF No. 115 at 4) (emphasis in original).  Now that the

PTAB has instituted IPR on the '300 and '411 patents, there is a high likelihood of

simplification of issues with respect to those patents.  If the PTAB cancels the asserted claims,

or they are narrowed in IPR by HP, either outcome could have a dramatic narrowing impact on

this litigation.  Conversely, in the unlikely event claims from these patents are finally

determined to survive the IPR challenges, the estoppel provisions of the AIA will be triggered.

*See* 35 U.S.C. § 315(e).  In other words, regardless of whether the claims are cancelled or

---

[1] The '860 and '981 IPR petitions were rejected based on technicalities relating to the
publication dates of the prior art; the Board did not reach the merits of the prior art.  (ECF Nos.
122-2, 122-3.)  The petitions for rehearing on these IPRs were filed with the PTAB on
September 9, 2015.

confirmed, the invalidity issues for at least the '300 and '411 patents will be greatly simplified by a stay of this action.

Further simplification of the issues is likely if the PTAB institutes CBM proceedings on the '860 and '981 patents and/or if the PTAB grants ServiceNow's petitions for rehearing on the '860 and '981 IPR petitions.  Even if the PTAB does not institute IPR or CBM on the '860 or '981 patents, those two patents can effectively be considered one patent for purposes of analyzing the simplification factor.  The '860 and '981 patents incorporate each other by reference, list the same inventors, were filed on the same day, use the same terminology, and moreover, HP has accused the same products of infringing them.

Moreover, the ongoing '300 and '411 IPR proceedings and potential proceedings on the '860 and '981 patents will PTAB may create further prosecution history that the Court must consider during its claim construction process.  Indeed, already in the '300 IPR proceedings, the construction of the same claim terms identified by the parties in the Joint Claim Construction Statement (ECF No. 110) has received extensive discussion in the PTAB's institution decision.  ECF No. 120-1, at pp. 4-9.  Additional intrinsic evidence for at least the '300 and '411 patents will no doubt be created during and after the Court's current claim construction schedule, as shown by the shaded rows below:

| Event | Deadlines |
|---|---|
| Deadline to complete all discovery related to claim construction (Patent L.R. 4-4) | October 23, 2015 |
| HP's opening claim construction brief due (Patent L.R. 4-5(a)) | October 30, 2015 |
| PTAB: HP's Patent Owner Response in '300 IPR<br><br>PTAB: HP's Motion to Amend Patent in '300 IPR<br>PTAB: HP's Patent Owner Response in '411 IPR<br>PTAB: HP's Motion to Amend Patent in '411 IPR | November 9, 2015 |

| Event | Deadlines |
|---|---|
| Deadline to complete all discovery related to claim construction (Patent L.R. 4-4) | October 23, 2015 |
| HP's opening claim construction brief due (Patent L.R. 4-5(a)) | October 30, 2015 |
| ServiceNow's responsive claim construction brief due (Patent L.R. 4-5(b)) | November 13, 2015 |
| HP's reply claim construction brief due (Patent L.R. 4-5(c)) | November 20, 2015 |
| Amended, final Joint Claim Construction Statement due | December 4, 2015 |
| Claim Construction Tutorial.   Each party shall receive 120 minutes to present its tutorial. | December 11, 2015 at 9:00 a.m. |
| Claim Construction Hearing (Patent L.R. 4-6) (ECF No. 112) | December 18, 2015 at 9:00 a.m. |
| PTAB: ServiceNow's reply to HP's Patent Owner Response for '411 IPR<br><br>PTAB: ServiceNow's opposition to Motion to Amend Patent in '411 IPR | January 25, 2016 |
| PTAB: ServiceNow's reply to HP's Patent Owner Response for '300 IPR<br><br>PTAB: ServiceNow's opposition to Motion to Amend Patent in '300 IPR | January 28, 2016 |
| PTAB: HP's reply to Motion to Amend for '411 IPR | February 29, 2016 |
| PTAB: HP's reply to Motion to Amend for '300 IPR | February 23, 2016 |
| PTAB: Oral Argument for '300 IPR | April 19, 2016 |
| PTAB: Oral Argument for '411 IPR | April 20, 2016 |
| PTAB: Final Decision on '300 IPR<br><br>PTAB: Final Decision on '411 IPR | August 2016 |

The third factor, undue prejudice or tactical advantage, weighs more strongly in favor of a stay given the instituted IPR proceedings. While HP claims that the parties are competitors, there is no question that HP waited between three and eight years before bringing suit on the four remaining patents in suit. When HP finally brought suit, HP did so alleging years-old patents against years-old products, and did not seek a preliminary injunction. Moreover, HP cannot plausibly claim undue prejudice when it asserted four patents that the Court has already determined to be invalid under § 101, and two other patents the PTAB has determined are reasonably likely to be found invalid based on prior art.

Finally, with respect to the fourth factor, the reduction of the burden of litigation, the Court already acknowledged that pending CBM petitions weigh very slightly in favor of a stay. (ECF No. 115 at 5). If one or both of the CBM petitions are instituted, this factor will weigh heavily in favor of a stay, because there is no question that the resolution of instituted CBM proceedings will have the potential to reduce the burden of litigation on both the Court and the parties.

The PTAB's final written decisions on the instituted '300 and '411 IPR petitions, the '981 and '860 IPR petitions for which ServiceNow has requested rehearing, and the '981 and '860 CBM petitions for which ServiceNow awaits institution decisions, will certainly result in the simplification of issues, including the potential cancelation, amendment or narrowing of the asserted claims. By staying the case now, if any of the claims survive the PTAB proceedings, the Court will have a narrower and more focused case for claim construction, summary judgment and trial. If the Court stays the case now and the PTAB cancels all of the claims, the Court will never have to address any of those issues.

**HP's Position:** At the hearing on ServiceNow's first motion to stay, ServiceNow urged the Court to schedule a date for *Markman*, and indicated that if an IPR is denied, the Court could then proceed with the claim construction process. ServiceNow now reverses course, and urges that the Court enter a stay even with respect to patents for which ServiceNow has taken its

1    best shot but failed to convince the PTAB to institute IPR proceedings.  For four reasons, the

2    Court should reject ServiceNow's second request for a stay:[2]

3           First, as this Court already concluded in its Order denying ServiceNow's previous

4    motion, a stay of this action would "unduly prejudice HP."  (*See* Dkt. No. 115 at 5.)  In again

5    seeking a stay, ServiceNow merely repeats the same arguments on the issue of prejudice that it

6    made before, which the Court rejected.  As the Court found, ServiceNow and HP are direct

7    competitors and, "HP has a strong interest in expeditious resolution of this litigation that would

8    be prejudiced if a stay were issued."  (*See* Dkt. No. 115 at 4-5; *see also* Dkt. No. 99-6 ¶¶ 8-13

9    and Exhs. A-G; Dkt. No. 99-4 at 3-4, 6-9.)  Moreover, the Court's summary judgment ruling does

10   not change the fact that HP would be prejudiced if a stay were issued on the remaining four

11   patents.  Accordingly, this factor—undue prejudice to HP—weighs strongly against a stay.  (*See*

12   Dkt. No. 115 at 5.)

13          Second, ServiceNow has not established—and cannot establish—that a stay would

14   substantially simplify the issues in this action.  Of the four patents-in-suit that are not subject to

15   the Court's summary judgment ruling, the PTAB has <u>declined</u> to institute IPR review of two of

16   them (the '981 and '860 patents, from which HP has asserted fourteen claims in this action), and

17   it has instituted IPR review of two of them (the '411 and '300 patents, from which HP has

18   asserted eight claims).[3]  Thus, the PTAB has <u>declined</u> to institute IPR review of approximately

19

20   [2] In this district, courts generally consider three factors to determine whether a stay of litigation
     pending IPR is warranted:  "(1) whether discovery is complete and whether a trial date has been
21   set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether
     a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."
22   *See* Dkt. No. 114 (*quoting PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025
     (N.D. Cal. 2014).  Here, as discussed below, each of these three factors weighs strongly against
23   a stay.  When evaluating a motion for stay pending CBM review, courts must consider a fourth
     factor:  whether a stay will reduce the burden of litigation.  In denying ServiceNow's first
24   motion for stay, the Court already found that this factor weighs "only very slightly" in favor of a
     stay, since the PTAB had not acted on ServiceNow's CBM petition and thus any potential
25   "reduction of burden is only speculative."  That conclusion still applies today:  the PTAB has not
     acted on ServiceNow's CBM petitions and thus any potential reduction of burden is only
26   speculative.

27   [3] The PTAB has not yet issued a decision regarding ServiceNow's petitions for CBM review;
     the deadline for the PTAB to issue decisions on ServiceNow's CBM petitions on the '981 and
28   '860 patents is September 18 and October 9, 2015, respectively.  ServiceNow has not
     established, and cannot establish, that a stay based on ServiceNow's CBM petitions will

64% of the asserted patent claims (fourteen of the twenty-two asserted claims). Accordingly, regardless of the outcome of the instituted IPR proceedings, nearly two thirds of the currently-asserted patent claims will remain to be resolved in this action. *See Adaptix, Inc. v. HTC Corp.*, 2015 U.S. Dist. LEXIS 103503, *19 (N.D. Cal. Aug. 5, 2015) (denying motion to stay pending IPR review, where PTAB had instituted review of approximately 25% of the asserted claims and had declined to institute review of approximately 75% of the asserted patent claims, reasoning that "with fewer than 25 percent of the claims at issue subject to inter partes review, the overall effect of any PTAB decision—whether it cancels all or some claims, amends all or some claims, or allows all or some claims to survive—will be minimal relative to the number of claims not under review); *Aylus Networks, Inc. v. Apple Inc.*, 2015 U.S. Dist. LEXIS 71230, *4 (N.D. Cal. June 2, 2015) (denying motion to stay pending IPR review, where PTAB had instituted review of 29 of the asserted patent claims but had denied review of two of the asserted patent claims, reasoning that "[r]egardless of the result of IPR, these claims will have to be addressed in this suit"); *Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*, 2015 U.S. Dist. LEXIS 116032, at *2-4 (D. Del. Sept. 1, 2015) (denying stay request where IPR review was instituted on some but not all asserted claims).[4] Moreover, it is entirely speculative whether the IPRs for the remaining asserted claims will generate any prosecution history relevant to the disputed terms.[5]

---

simplify the issues in this action or reduce the burden of litigation for two reasons: (i) the CBM petitions are obviously flawed because the '981 and '860 patents are not directed to "covered business methods" (*see* Dkt. 99-4 at 14-16); and (ii) the PTAB has not acted on the petitions for CBM review. For the same reasons the Court denied ServiceNow's request for a stay pending the PTAB's original rulings on its IPR petitions, ServiceNow's petitions for rehearing of the PTAB's denial of the IPR petitions on the '981 and '860 patents do not support ServiceNow's request for a stay.

[4] *Accord Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014 U.S. Dist. LEXIS 4025, *8-9 (N.D. Cal. Jan. 13, 2014) (denying motion to stay between direct competitors even though IPR was instituted for *all* of the patents-in-suit, noting that IPR reviews are subject to appeal so that "it may still be years before the inter partes review is truly final" and that "complaints involving multiple patents are less likely to be resolved by a PTO decision") (citing *Kilopass Tech., Inc. v. Sidense Corp.*, 2011 U.S. Dist. LEXIS 157267, at *8 (N.D. Cal. Feb. 8, 2011)).

[5] The broadest reasonable construction applies in IPRs, which is not the same standard that this Court will apply when construing terms. *See In re Swanson*, 540 F.3d 1368, 1377-78 (Fed Cir.

Third, contrary to its present position, ServiceNow itself previously told the Court that if PTAB review is not instituted for one or more patents, as is the case for the '981 and '860 patents, the parties here should proceed to *Markman* on those patents. Specifically, at the hearing on ServiceNow's previous motion for stay on April 2, 2015, ServiceNow's counsel urged the Court to set a date for the *Markman* hearing and told this Court that "in the event that one of the patents doesn't get instituted, . . . we can still proceed [to *Markman*] on those patents [that don't get instituted]":

> Ms. Keefe: … Go ahead and put a date in for Markman such that if there are claims that aren't instituted, then you could have something out in case so that we don't waste anyone's time and it gives HP a date certain in the event that claims aren't instituted or in the event that one of the patents doesn't get instituted, then we will still be on your calendar and we can still proceed on those patents, that reduces any potential burden they have there.

(*See* Transcript of Hrg. on April 2, 2015 at 13:11-18.) No review has been instituted on the '981 and '860 patents. Consistent with ServiceNow's prior representations, the Court should at a minimum proceed to *Markman* on those patents.

Fourth, the stage of this litigation weighs against a stay. This action has been pending for more than a year and a half. (Dkt. No. 1 (complaint, filed on Feb. 6. 2014).) The parties have exchanged infringement contentions and invalidity contentions (*see* Dkt. No. 54) and have conducted considerable discovery.[6] The parties collectively have served and responded to 250 requests for production and 32 interrogatories, have produced more than a million pages of documents, and have taken seven depositions. ServiceNow also has served ten third-party subpoenas, in response to which third parties have produced over 75,000 pages of documents.

---

2008) ("[U]nlike in district courts, in reexamination proceedings claims are given their broadest reasonable interpretation…."). To the extent something relevant to a disputed claim term does occur in IPR after this Court issues its claim construction order, a party could file a motion asking that this Court reconsider its claim construction ruling.
[6] The case has continued to progress since ServiceNow filed its February 13, 2015 motion to stay. Section 2.a. below describes the specific discovery that has been conducted since the last Case Management Conference on January 29, 2015.

Moreover, the parties have made substantial progress on claim construction issues: they have (a) exchanged, and then met and conferred about, disputed claim terms pursuant Patent L.R. 4-1;, and they have exchanged their respective proposed claim constructions and identification of supporting evidence, pursuant to Patent L.R. 4-1 and 4-2. (*See* Dkt. No. 99-13 (Decl. of Mark Flanagan) ¶ 2.) The claim construction tutorial is scheduled for December 11, 2015, and the claim construction hearing is scheduled for December 18, 2015. (*Id.*) Trial has been set for May 16, 2016. (Dkt. No. 60.)[7]

For all of the foregoing reasons, ServiceNow's stay request should be rejected. *See Courtesy Prods., L.L.C.*, 2015 U.S. Dist. LEXIS 116032, at \*2-4 (denying request for stay pending IPRs where, as here, parties were direct competitors, IPRs were not instituted as to all asserted claims, and parties already had commenced discovery and the claim construction process); *Adaptix*, 2015 U.S. Dist. LEXIS 103503, at \*19 (denying stay request where PTAB had not instituted review as to all asserted patents); *Aylus Networks*, 2015 U.S. Dist. LEXIS 71230, at \*4 (same).

2. **Discovery**

   a. **Discovery Taken Since Last Case Management Statement.**

Since the last Case Management Conference on January 29, 2015, HP and ServiceNow have continued to engage in discovery related to the '981, '860, '300, and '411 patents. Specifically, since the last Case Management Conference, the parties have engaged in discovery including the following:

---

[7] On April 2, 2015, the Court postponed the *Markman* hearing by approximately six months, from June 12, 2015 to December 18, 2015. As set forth in Section 4 below, HP submits that in view of the six-month postponement of the *Markman* hearing, the post-claim construction dates, including trial, should be similarly postponed by six months, with trial in December 2016. Under this proposed revised schedule, the PTAB's Final Decisions on the '300 IPR and '411 IPR (which are expected to issue in August 2016) are due before the Court's Motion for Summary Judgment and *Daubert* hearings (September 1, 2016, 95 days before commencement of trial).

a)   HP's experts have spent more than 200 additional hours reviewing source code that ServiceNow has produced.  (To date, HP's experts have spent more than 625 hours reviewing source code produced by ServiceNow.)

b)   ServiceNow, through its retained experts and counsel, reviewed source code that HP has produced.

c)   HP deposed five ServiceNow witnesses as Rule 30(b)(6) designees, and in their individual capacity, for a total of approximately 20 hours of on-the-record deposition time.

d)   HP and ServiceNow each served on the other an additional set of interrogatories, and each party served responses.  In addition, each party served supplemental responses to previously-served interrogatories.  (To date, HP has served and ServiceNow has responded to 17 interrogatories, and ServiceNow has served and HP has responded to 15 interrogatories.)

e)   HP served on ServiceNow a request for production of email, and ServiceNow served, and HP responded to, an additional set of requests for production of documents.

f)   ServiceNow and HP have made additional document productions.  (To date, ServiceNow has produced more than 15,000 documents totaling over 280,000 pages and HP has produced more than 58,000 documents totaling almost 750,000 pages.)

**b.   Discovery Disputes.**

The parties currently have certain disputes on discovery issues.  If the parties are unable to resolve these disputes, the parties will raise the dispute(s) for resolution by Magistrate Judge Lloyd, to whom the Court has referred discovery disputes.

**c.   Protective Order.**

On February 6, 2015, Magistrate Judge Lloyd modified and granted the parties' Stipulated Protective Order.  (ECF No. 88.)

d.      **ESI Order.**

On May 5, 2015, Magistrate Judge Lloyd granted the parties' Stipulated Order regarding Discovery of Electronically Stored Information.  (ECF No. 118.)

3.   **Related Cases**

In January and February 2015, ServiceNow filed petitions with the Patent Trial and Appeal Board ("PTAB") for (a) *inter partes* review of all eight patents asserted in HP's complaint, and (b) CBM review of two of them (U.S. Patent Nos. 7,925,981 and 7,945,860).  In July and August 2015, the PTAB issued decisions (a) denying institution of IPR review of U.S. Patent Nos. 7,925,981, 7,945,860, 7,890,802, and 7,610,512, and (b) instituting IPR review of U.S. Patent Nos. 8,224,683, 6,321,229, 7,392,300, and 7,027,411.  Of the four patents-in-suit that are not subject to the Court's summary judgment order and thus are still at issue in this action, the PTAB has declined to institute IPR review of two of them (the '981 and '860 patents), and it has instituted IPR review of two of them (the '411 and '300 patents). ServiceNow has filed requests for rehearing on the PTAB's decisions not to institute the '981 and '860 IPRs.  The PTAB has not yet issued a decision regarding ServiceNow's petitions for CBM review; the deadline for the PTAB to issue decisions on ServiceNow's CBM petitions on the '981 and '860 patents is September 18 and October 9, 2015, respectively.

4.   **Scheduling**

On September 5, 2014, the Court set a schedule through the *Markman* hearing, setting the *Markman* hearing for June 12, 2015.  (ECF No. 54.)  On October 7, 2014, the Court adopted a stipulated, post-claim-construction schedule, setting various pretrial deadlines and setting the commencement of trial for May 16, 2016.  (ECF No. 60.)  On April 2, 2015, the Court postponed the *Markman* hearing by approximately six months, to December 18, 2015 (a date after the PTAB was expected to issue decisions on ServiceNow's IPR petitions, which it has now done).  (*See* Transcript of April 2, 2015 Hearing at 19-20; *see also* ECF No. 112.)

**HP's Position**: HP contends that in view of the six-month postponement of the *Markman* hearing, the post-claim construction dates in this action similarly should be postponed by six months.  Accordingly, HP respectfully proposes that the Court adopt the amended case

1  schedule below, which maintains the *Markman* hearing on December 18, 2015, identifies dates

2  for the submission of *Markman* briefing in advance of the *Markman* hearing on December 18,

3  2015, and postpones each post-claim construction date, including trial, by approximately six

4  months.

5        **ServiceNow's Position**:  As discussed above, the Court should stay the proceedings

6  until resolution of the instituted '300 and '411 IPR proceedings and, if instituted, resolution of

7  the pending '981 and '860 CBM proceedings.

8        **HP's Proposed Schedule**:

| Event | Deadline under <u>Current</u> Schedule | Deadline under Proposed Amended Schedule |
|---|---|---|
| Case Management Conference (ECF No. 115) | September 17, 2015 at 1:30 p.m. | September 17, 2015 at 1:30 p.m. |
| Deadline to complete all discovery related to claim construction (Patent L.R. 4-4) | Not currently set | October 23, 2015 |
| HP's opening claim construction brief due (Patent L.R. 4-5(a)) | Not currently set | October 30, 2015 |
| ServiceNow's responsive claim construction brief due (Patent L.R. 4-5(b)) | Not currently set | November 13, 2015 |
| HP's reply claim construction brief due (Patent L.R. 4-5(c)) | Not currently set | November 20, 2015 |
| Amended, final Joint Claim Construction Statement due | Not currently set | December 4, 2015 |
| Claim Construction Tutorial.  Each party shall receive 120 minutes to present its tutorial. | December 11, 2015 at 9:00 a.m. | December 11, 2015 at 9:00 a.m. |

| Event | Deadline under **Current** Schedule | Deadline under Proposed Amended Schedule |
|---|---|---|
| Deadline to exchange copies of demonstrative exhibits and visual aids to be used at the claim construction hearing | December 16, 2015 at 9:00 a.m. | December 16, 2015 at 9:00 a.m. |
| Claim Construction Hearing (Patent L.R. 4-6) (ECF No. 112) | December 18, 2015 at 9:00 a.m. | December 18, 2015 at 9:00 a.m. |
| Deadline for disclosure of materials associated with any opinion of counsel upon which the party intends to rely (Patent L.R. 3-7) | 50 days after Court issues claim construction ruling | 50 days after Court issues claim construction ruling |
| Settlement Conference with Magistrate Judge | Within 60 days after Court issues claim construction order | Within 60 days after Court issues claim construction order |
| Deadline to complete fact discovery | 60 days after the *Markman* Order is issued. | 60 days after *Markman* Order is issued |
| Initial expert disclosures and reports due (Rule 26(a)(2)(A), 26(a)(2)(B), and 26(a)(2)(C)) | 30 days after close of fact discovery. | 30 days after close of fact discovery |
| Rebuttal expert disclosures and reports due (Rule 26(a)(2)(A), 26(a)(2)(B), and 26(a)(2)(C)) | 28 days after deadline for initial expert disclosures and reports. | 28 days after deadline for initial expert disclosures and reports |
| Deadline to complete expert discovery | 30 days after deadline to rebut expert disclosure and reports. | 30 days after deadline to rebut expert disclosures |
| Daubert Motions due | January 7, 2016 | July 14, 2016 |

| Event | Deadline under **Current** Schedule | Deadline under Proposed Amended Schedule |
|---|---|---|
| Motion for Summary Judgment (including Separate Statement) due | January 7, 2016 | July 14, 2016 |
| Daubert Oppositions due | January 21, 2016 | July 28, 2016 |
| Opposition to Motion for Summary Judgment (including Responsive Separate Statement) /Motion for Summary Judgment Cross motion due | January 21, 2016 | July 28, 2016 |
| Daubert Replies due | January 28, 2016 | August 4, 2016 |
| Reply in Support of Motion for Summary Judgment (including Separate Statement)/Opposition to Cross motion (including Separate Statement) due | January 28, 2016 | August 4, 2016 |
| Reply in Support of Motion for Summary Judgment Cross Motion (including separate statement) due | February 4, 2016 | August 11, 2016 |
| Motion for Summary Judgment and *Daubert* Hearing | February 11, 2016 or 90 days before commencement of trial. | September 1, 2016 or 95 days before commencement of trial. |
| Deadline to exchange pretrial materials to be filed pursuant to FRCP 26(a)(3) | March 24, 2016 or 35 days prior to the final pretrial conference. | October 13, 2016 or 35 days prior to the final pretrial conference. |
| Deadline to exchange objections to trial exhibits and objections and counter-designations to deposition designations | April 4, 2016 or 24 days prior to the final pretrial conference | October 24, 2016 or 24 days prior to the final pretrial conference. |

| Event | Deadline under **Current** Schedule | Deadline under Proposed Amended Schedule |
|---|---|---|
| Deadline to exchange objections to counter-designations to deposition designations | April 7, 2016 or 21 days prior to the final pretrial conference | October 27, 2016 or 21 days prior to the final pretrial conference. |
| Deadline to meet and confer regarding proposed motions in limine | April 7, 2016 or 21 days prior to the final pretrial conference | October 27, 2016 or 21 days prior to the final pretrial conference. |
| Deadline to meet and confer regarding Joint Pretrial Conference Statement | April 7, 2016 or 21 days prior to the final pretrial conference. | October 27, 2016 or 21 days prior to the final pretrial conference. |
| Joint Pretrial Conference Statement due | April 14, 2016 or 14 days prior to the final pretrial conference. | November 3, 2016 or 14 days prior to the final pretrial conference. |
| Motions in limine due | April 14, 2016 or 14 days prior to the final pretrial conference. | November 3, 2016 or 14 days prior to the final pretrial conference. |
| Oppositions to motions in limine due | April 21, 2016 or 7 days prior to the final pretrial conference. | November 10, 2016 or 7 days prior to the final pretrial conference. |
| Deadline for submission of Jury Materials | April 21, 2016 or 7 days prior to the final pretrial conference. | November 10, 2016 or 7 days prior to the final pretrial conference. |
| Final pretrial conference | April 28, 2016 subject to the Court's convenience. | November 17, 2016, subject to the Court's convenience. |
| Deadline for submission of Trial Briefs | May 9, 2016 or 7 days prior to commencement of trial. | November 22, 2016 or 12 days prior to commencement of trial. |
| Deadline to submit three sets of trial exhibits | May 12, 2016 or the Thursday prior to commencement of trial. | December 1, 2016 or the Thursday prior to commencement of trial. |
| Commencement of jury trial | May 16, 2016, subject to the Court's convenience. | December 5, 2016 |

Dated:  September 10, 2015

Respectfully submitted,                          Respectfully submitted,

HEWLETT-PACKARD COMPANY                           SERVICENOW, INC.
By its attorneys,                                 By its attorneys,

*/s/ Mark D. Flanagan*                            */s/  Heidi L. Keefe*

Mark D. Flanagan (SBN 130303)                     Michael G. Rhodes (SBN 116127)
   mark.flanagan@wilmerhale.com                      rhodesmg@cooley.com
Mark D. Selwyn (SBN 244180)                       COOLEY LLP
   mark.selwyn@wilmerhale.com                     101 California Street. 5th Floor
Joseph F. Haag (SBN 248749)                       San Francisco, CA 94111-5800
   joseph.haag@wilmerhale.com                     Telephone:   (415) 693-2000
Nathan L. Walker (SBN 206128)                     Facsimile:    (415) 693-2222
   nathan.walker@wilmerhale.com
Evelyn C. Mak (SBN 258086)                        Heidi L. Keefe (SBN 178960)
   evelyn.mak@wilmerhale.com                         hkeefe @cooley.com
WILMER CUTLER PICKERING                           Mark R. Weinstein (SBN 193043)
   HALE AND DORR LLP                                 mweinstein@cooley.com
950 Page Mill Road                                COOLEY LLP
Palo Alto, CA  94304                              3175 Hanover Street
Telephone:  (650) 858-6000                        Palo Alto, CA  94304-1130
Facsimile:   (650) 858-6100                       Telephone:   (650) 843-5000
                                                  Facsimile:    (650) 849-7400

1

## **<u>ATTESTATION</u>**

2      I, Mark D. Flanagan, do hereby attest that I obtained the concurrence of counsel for

3  Defendant ServiceNow, Inc. to file this document on behalf of both parties.

4

5    Dated: September 10, 2015

                                        */s/ Mark D. Flanagan*

6                                       Mark D. Flanagan (SBN 130303)
                                          mark.flanagan@wilmerhale.com
7                                       WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
8                                       950 Page Mill Road
                                        Palo Alto, CA  94304
9                                       Telephone:  (650) 858-6000
                                        Facsimile:   (650) 858-6100

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28