UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HEWLETT-PACKARD COMPANY,

    Plaintiff,

v.

SERVICENOW, INC.,

    Defendant.

Case No.  14-cv-00570-BLF

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION FOR STAY**

Before the Court is a renewed motion for a stay of litigation brought by Defendant ServiceNow, Inc. ("ServiceNow") and opposed by Plaintiff Hewlett-Packard Company ("HP"). For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

The procedural history of this case is well-known to the parties and need not be repeated in full here.  In February 2015, ServiceNow moved for a stay of litigation based upon petitions for *inter partes* review ("IPR") and covered business method ("CBM") review that ServiceNow had filed before the Patent Trial and Appeal Board ("PTAB").  The Court denied that motion without prejudice to its renewal once the PTAB had acted on the petitions.  *See* Order Denying Motion for Stay; and Setting Case Management Conference, ECF 115.  The PTAB now has acted, instituting IPR of the asserted claims of two of the four patents remaining in the case,[1] United States Patent Nos. 7,392,300 and 7,027,411, and declining to institute IPR or CBM review of the claims of the

---

[1] As the parties are aware, the Court granted summary judgment of invalidity with respect to four of the eight patents upon which HP originally sued. *See* Order Granting Defendant's Motion for Summary Judgment of Invalidity, ECF 101.

1  other two patents remaining in the case, United States Patent Nos. 7,925,981 and 7,945,860.

2  At a Case Management Conference held on September 17, 2015, ServiceNow advised the Court of its intention to renew its motion for stay. The Court noted that the parties had done an excellent job of briefing the stay issue in their Joint Case Management Statement and inquired whether the parties wished to submit the stay issue on that briefing or engage in formal motion practice. *See* Hrg. Tr. 3:13-19, ECF 131. The parties elected to submit the issue without further proceedings. *See id.* 3:20-4:25.

## II.  LEGAL STANDARD

"[T]he question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Trover Grp., Inc. v. Dedicated Micros USA*, Case No. 13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J., Circuit Judge, sitting by designation) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). "Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (internal quotation marks and citation omitted). While those factors may aid the Court in reaching a decision, "ultimately the Court must decide stay requests on a case-by-case basis." *Id.* (internal quotation marks and citation omitted). The Court must "determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Trover*, 2015 WL 1069179, at *2.

## III.  DISCUSSION

As noted above, the PTAB has instituted IPR of the claims of the '300 and '411 patents but it has declined to institute review of the claims of the '981 or '860 patents. Thus when assessing the relevant factors, the Court must determine whether the institution of IPR of some, but not all, asserted claims warrants a stay of the litigation.

### A. Stage of the Litigation

The stage of the litigation generally is measured as of the time that the motion for stay is brought. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014) ("Generally, the time of the motion is the relevant time to measure the stage of the litigation."). Here, the motion for stay was brought in the context of a Case Management Conference that occurred approximately a year and a half into the litigation. The parties have exchanged infringement and invalidity contentions, the Court has decided an early motion for summary judgment, and the parties are preparing for a claim construction hearing scheduled for December 18, 2015. Discovery is ongoing and will not cut off until several months after claim construction. Trial is set for May 22, 2017, more than a year and a half from now. Thus although the case is well under way, it is by no means in an advanced stage. Courts addressing cases in similar procedural postures have found that the stage of the proceedings favored a stay. *See, e.g., Moneycat Ltd. v. Paypal Inc.*, No. 14-cv-02490-JST, 2014 WL 5689844, at *4 (N.D. Cal. Nov. 4, 2014) (stage of litigation favored stay where fact discovery deadline was six months away and the parties had not yet filed claim construction briefs).

At the Case Management Conference, the Court raised the possibility of granting a partial stay only as to the '300 and '411 patents. Counsel stated that the PTAB is expected to issue final decisions on the IPRs in August 2016. Hrg. Tr. 13:21-22, ECF 131. Given that trial is set to commence nine months after that, it appears that even if the Court were to grant a partial stay there would be enough time for the '300 and '411 patents to "catch up" to the remainder of the litigation before the May 2017 trial date. Thus the Court could stay the litigation as to the '300 and '411 patents pending disposition of the IPRs and then try all asserted claims in a single trial.

The Court concludes that this factor favors a stay, particularly a partial stay as to the '300 and '411 patents.

### B. Simplification of Issues

The PTAB has instituted IPR of all asserted claims of the '300 and '411 patents, which total eight of the twenty-two claims that remain at issue in this suit. *See* Joint Case Management Statement at 6, ECF 125. Thus approximately one-third of the claims at issue could be cancelled

3

1  or narrowed during IPR.  *See* 35 U.S.C. §§ 316(d), 318(a), (b).  If IPR instead confirms the
2  validity of one or more claims of the '300 or '411 patents, such confirmation would statutorily
3  estop ServiceNow from asserting any challenge to validity that was raised, or reasonably could
4  have been raised, during IPR.  *See* 35 U.S.C. § 315(e)(2).  Thus granting a stay as to the '300 and
5  '411 patents is likely to simplify this litigation as to a significant portion of the claims at issue.
6  The Court notes that the unique procedural circumstance present here – that trial is set so far out
7  that the '300 and '411 patents could be integrated back into the litigation following resolution of
8  the IPRs – distinguishes this case from others in which district courts concluded that institution of
9  IPR as to some but not all asserted claims did not warrant a stay.  *See, e.g., Adaptix, Inc. v. HTC*
10 *Corp.*, 2015 U.S. Dist. LEXIS 103503, at *18-19 (N.D. Cal. Aug 5, 2015) (denying motion to stay
11 where case in advanced stage and PTAB instituted review of only 25% of asserted claims).

12  It does not appear that granting a stay as to the '981 and '860 patents would simplify the
13 present litigation.  ServiceNow has petitioned for rehearing of the PTAB's decisions not to
14 institute IPR of the claims of those patents.  However, ServiceNow has not cited, and the Court
15 has not discovered, any authority suggesting that a petition for rehearing provides an adequate
16 basis for granting a stay.  Other courts have declined to issue a stay based merely upon the
17 pendency of a request for action by the PTAB, particularly where – as here – the parties are direct
18 competitors.  *See, e.g., Boundaries Solutions, Inc. v. Corelogic, Inc.*, No. 14-cv-00761-PSG, 2014
19 U.S. Dist. LEXIS 175590, at *3-4 (N.D. Cal. Dec. 19, 2014) (stay denied when PTAB had not yet
20 acted on petition for IPR and parties were direct competitors).

21  Accordingly, the Court concludes that this factor favors a partial stay as to the '300 and
22 '411 patents but does not favor a stay as to the entire case.

### C. Undue Prejudice or Tactical Advantage

24  As noted in the Court's order denying ServiceNow's prior motion for stay, HP and
25 ServiceNow are direct competitors, and HP claims to have lost sales that it attributes to
26 ServiceNow's accused products.  *See* Order Denying Motion for Stay; and Setting Case
27 Management Conference, ECF 115.  "[C]ompetition between parties can weigh in favor of finding
28 undue prejudice."  *VirtualAgility*, 759 F.3d at 1318.  However, any prejudice imposed by a stay as

to the '300 and '411 patents, which encompass only about one-third of the asserted claims, would be mitigated by HP's ability to continue with litigation as to the '981 and '860 patents, which encompass about two-thirds of the asserted claims. Prejudice to HP further would be mitigated by the fact that any claims of the '300 and '411 patents that survive IPR may be reintegrated into the case with adequate time to complete discovery and motion practice prior to trial.

It does not appear that ServiceNow would gain a tactical advantage if a partial stay were granted. ServiceNow would be required to continue litigation of the majority of the asserted claims now, and to litigate all asserted claims in a single trial following the PTAB's final decision on the IPRs.

The Court concludes that this factor favors a partial stay as to the '300 and '411 patents but does not favor a stay as to the entire case.

**D.   Summary**

Having considered the factors relevant to a stay pending IPR, the parties' arguments, and the procedural posture of the case, the Court concludes that it is appropriate to grant the motion for stay as to the '300 and '411 patents but to deny the motion as to the '981 and '860 patents. A partial stay will conserve the resources of the Court and the parties pending final decisions on the IPRs but at the same time will permit HP to continue with the immediate litigation of the majority of the asserted claims and ultimately to litigate all of the asserted claims in this action.

**IV.   ORDER**

Accordingly, ServiceNow's motion for stay is GRANTED as to the '300 and '411 patents but DENIED as to the '981 and '860 patents.

Dated:  October 13, 2015

BETH LABSON FREEMAN
United States District Judge