Mark D. Flanagan (SBN: 130303)
mark.flanagan@wilmerhale.com
Mark D. Selwyn (SBN: 244180)
mark.selwyn@wilmerhale.com
Joseph F. Haag (SBN: 248749)
joseph.haag@wilmerhale.com
Nathan Walker (SBN: 206128)
nathan.walker@wilmerhale.com
Evelyn C. Mak (SBN: 258086)
evelyn.mak@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: 1 650 858 6000
Facsimile: 1 650 858 6100

Attorneys for Plaintiff
HEWLETT PACKARD ENTERPRISE
COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERVICENOW, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 14-cv-00570 (BLF)<br><br>**PLAINTIFF HEWLETT PACKARD ENTERPRISE COMPANY'S OPPOSITION TO DEFENDANT SERVICENOW, INC.'S MOTION TO AMEND ITS INVALIDITY CONTENTIONS**<br><br>Date: February 9, 2016<br>Time: 10:00 AM<br>Courtroom: No. 2, 5th Floor<br>Judge: Hon. Howard R. Lloyd |

TABLE OF CONTENTS


I. INTRODUCTION ....................................................................................1

II. FACTUAL BACKGROUND ....................................................................................2

III. SERVICENOW'S MOTION SHOULD BE DENIED. ....................................................................................6

A. ServiceNow Has Not Submitted Its Proposed Amended Contentions, Or Explained Specifically What It Seeks To Add Or Change. ..........................6

B. ServiceNow's Invalidity Contentions Did Not Include The Required § 112 ¶ 6 Contentions For The Disputed Terms Of The '981 And '860 Patents. ....................................................................................6

1. Patent L.R. 3-3 Requires Disclosure Of § 112 ¶ 6 Contentions. ...........6

2. ServiceNow's Invalidity Contentions Did Not Offer § 112 ¶ 6 Contentions For The '981 And '860 Patents. .......................................8

C. ServiceNow Has Not Shown, And Cannot Show, Good Cause to Amend. ....................................................................................10

1. ServiceNow's Proposed Amendment Is Untimely And Thus Is Not Supported By Good Cause. ..........................................................11

a. ServiceNow's Assertion That The Timing Of Its 112 ¶ 6 Contentions Is Supported By Williamson Lacks Merit. ....................................................................................12

b. ServiceNow's Assertion That The Timing Of Its § 112 ¶ 6 Contentions Is Supported By Media Rights Lacks Merit. ....................................................................................13

c. ServiceNow's Suggestion That Its Delay Was Justified Because Of The Existence Of Settlement Discussions Lacks Merit. ....................................................................................13

d. Because ServiceNow Was Not Diligent In Seeking To Amend Its Invalidity Contentions, The Court Need Not Consider The Issue Of Prejudice To HPE. ..............................14

2. HPE Would Be Unfairly Prejudiced If ServiceNow Were Permitted to Amend. ....................................................................................15

IV. CONCLUSION ....................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acer, Inc. v. Tech. Props.*,
No. 5:08-cv-00877 JF/HRL, 2010 U.S. Dist. LEXIS 142472 (N.D. Cal. Sept. 10, 2010) ....................11, 14

*Atmel Corp. v. Info. Storage Devices, Inc.*,
No. C 95–1987 FMS, 1998 U.S. Dist. LEXIS 17564 (N.D. Cal. 1998)....................10

*Brandywine Communs. Techs., LLC v. AT&T Corp.*,
No. C:12-2494 CW, 2014 U.S. Dist. LEXIS 54370 (N.D. Cal. Apr. 18, 2014)....................14

*Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*,
No. C 12-05791 WHA, 2014 U.S. Dist. LEXIS 6014 (N.D. Cal. Jan. 16, 2014)....................12

*CBS Interactive, Inc. v. Etilize, Inc.*,
257 F.R.D. 195 (N.D. Cal. 2009)....................12

*Chrimar Sys. v. Cisco Sys.*,
No. 13-cv-01300-JSW (MEJ), 2015 U.S. Dist. LEXIS 73935 (N.D. Cal. May 14, 2015) ....................14

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C03-1431 SBA, 2006 U.S. Dist. LEXIS 90856 (N.D. Cal. May 15, 2006) ....................15

*Horus Vision, LLC v. Applied Ballistics, LLC*,
No. 5:13-cv-05460 BLF (HRL), 2014 U.S. Dist. LEXIS 168976 (N.D. Cal. Dec. 5, 2014) ....................11, 12

*I-Flow Corp. v. Apex Med. Techs., Inc.*,
No. 07cv1200 DMS (NLS), 2008 U.S. Dist. LEXIS 56953 (S.D. Cal. July 25, 2008)....................6

*In re Aoyama*,
656 F.3d 1293 (Fed. Cir. 2011)....................7

*IXYS Corp. v. Advanced Power Tech., Inc.*,
No. C 02-03942 MHP, 2004 U.S. Dist. LEXIS 10934 (N.D. Cal. June 15, 2004)....................16

*Media Rights Techs. v. Capital One Fin. Corp.*,
800 F.3d 1366 (Fed. Cir. 2015)....................11, 13

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
134 S. Ct. 2120 (2014)....................9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)....................10, 11, 12, 14

*Oracle Am., Inc. v. Google Inc.*,
No. C 10-03561 WHA, 2011 U.S. Dist. LEXIS 87251 (N.D. Cal. Aug. 8, 2011) .................13

*Synopsys Inc. v. Mentor Graphics Corp.*,
No. C-12-06467-MMC (DMR), 2014 U.S. Dist. LEXIS 134775
(N.D. Cal. Sep. 24, 2014) .................11

*Williamson v. Citrix Online, LLC*,
792 F.3d 1339 (Fed. Cir. 2015) ................. *passim*

**STATUTES**

35 U.S.C. § 112 ¶ 2 ................. *passim*

35 U.S.C. § 112 ¶ 6 ................. *passim*

Leahy–Smith America Invents Act, Pub.L. No. 112–29, 125 Stat. 284 (2011) .................2

**OTHER AUTHORITIES**

Patent L.R. 3-3(c) ................. *passim*

Patent L.R. 3-3(d) ................. *passim*

Patent L.R. 3-6 .................5, 10

Patent L.R. 4-1 ................. *passim*

Patent L.R. 4-2 ................. *passim*

S.D. Cal. Patent L.R. 3.3.c .................6

## I. INTRODUCTION

At the technology tutorial on December 11 in this case, Judge Freeman took Defendant ServiceNow, Inc. ("ServiceNow") to task for proposing new indefiniteness arguments in its responsive Markman brief that it had not disclosed in its Invalidity Contentions pursuant to the Patent Local Rules, and directed ServiceNow to file a motion to amend should it seek to pursue those new arguments. ServiceNow acknowledged to Judge Freeman that Patent Local Rule 3-3 requires that Invalidity Contentions include any § 112 ¶ 6 contentions, and therefore ServiceNow needed to seek leave to amend. ServiceNow offered "humblest apologies" for "not coming to the Court first" with a proper motion to amend ServiceNow's Invalidity Contentions: "I should have done that and I didn't." (*See* Declaration of Anh-Khoa Tran In Support of HPE's Opposition, filed herewith ("Tran Decl."), ¶ 3, Ex. 1 at 6:3-10; 56:10-11.)

Given that history, it is surprising indeed that ServiceNow would take the position now that Patent Local Rule 3-3 does not require disclosure of § 112 ¶ 6 contentions and that, in any event, ServiceNow disclosed § 112 ¶ 6 contentions for the disputed terms. In any case, ServiceNow's motion for leave to amend its Invalidity Contentions should be denied for multiple independent reasons.

***First***, ServiceNow fails even to supply its proposed amended contentions, or explain specifically what it intends to add or change in the Invalidity Contentions it served more than a year ago. Instead, ServiceNow asks the Court to enter a vague, one-sentence order allowing ServiceNow to amend in some unspecified way. ServiceNow's motion should be denied for its failure, as a threshold matter, to provide the actual language that it seeks to add to or change in its Invalidity Contentions.

***Second***, ServiceNow is incorrect to suggest that it had no obligation to disclose any § 112 ¶ 6 contentions in the first place. ServiceNow said the opposite to Judge Freeman during the Markman technology tutorial, where ServiceNow acknowledged that the Patent Local Rule 3-3 requires that Invalidity Contentions include any § 112 ¶ 6 contentions, and therefore ServiceNow needed to seek leave to amend. Patent Local Rules 4-1 and 4-2

likewise expressly require disclosure of § 112 ¶ 6 contentions. ServiceNow did not offer § 112 ¶ 6 contentions for U.S. Patent Nos. 7,925,981 and 7,945,860 ("'981 and '860 patents") in any of these Patent Local Rule disclosures in early 2015.

***Third***, ServiceNow's alternative argument that, although not required, its Invalidity Contentions did disclose § 112 ¶ 6 contentions for the '981 and '860 patents is equally flawed. In fact, ServiceNow offered § 112 ¶ 6 contentions for U.S. Patent No. 7,392,300 ("'300 patent")—demonstrating it was aware of its obligation to make such disclosures—but offered no such contentions for the disputed "service managed object," "conversation managed object," and "interface configured to" terms of the '981 and '860 patents.

***Fourth***, ServiceNow was not diligent in seeking leave to amend its Invalidity Contentions and therefore cannot show good cause for any amendment. ServiceNow did not offer § 112 ¶ 6 contentions for the '981 and '860 patents in any of the many disclosures required under the Patent Local Rules in January through March 2015. And ServiceNow's assertion that the timing of its § 112 ¶ 6 theory is supported by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) ("*Williamson*"), lacks merit: (1) *Williamson* did not change the law in any manner material to ServiceNow's theory; and (2) *Williamson* issued on June 16, 2015—nearly <u>five months before</u> ServiceNow first asserted § 112 ¶ 6 contentions for the '981 and '860 patents, and <u>six-and-a-half months before</u> ServiceNow filed its present motion to amend.

***Fifth,*** allowing ServiceNow to amend its Invalidity Contentions to assert § 112 ¶ 6 contentions—where HPE already has taken depositions of ServiceNow's technical 30(b)(6) witnesses, the deadline for HPE to take claim construction discovery has long passed, and HPE already has filed its claim construction briefs—would cause unfair prejudice to HPE.

For these and other reasons detailed below, ServiceNow's motion to amend its Invalidity Contentions should be denied.

## II. FACTUAL BACKGROUND

On January 9, 2015, ServiceNow served its Patent L.R. 3-3 Invalidity Contentions. (*See* Dkt. No. 150-2 at ¶ 3 and Ex. 1.) Patent L.R. 3-3(c) requires that Invalidity Contentions

identify, "for each claim limitation that [a] party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function." Patent L.R. 3-3(d) further requires that Invalidity Contentions include "***[a]ny*** grounds of invalidity based on . . . indefiniteness under 35 U.S.C. § 112(2)." (Emphasis added.) In its Invalidity Contentions, ServiceNow expressly asserted that one of the terms of the '300 patent "may be indefinite because it invokes Section 112(f) without including any corresponding structure or algorithm described in the specification."[1] (*See* Dkt. No. 150-2 at 47 n.7.) However, ServiceNow did not offer any § 112 ¶ 6 contentions for the '981 and '860 patents. (*See id.* at 47-49.)

On January 23, 2015, the parties served their respective Patent L.R. 4-1 disclosures. Patent L.R. 4-1 provides that "each party shall … identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6)." In its Patent L.R. 4-1 disclosure, ServiceNow did not assert that any term of the '981 and '860 patents is governed by § 112 ¶ 6. (*See* Tran Decl., ¶ 4, Ex. 2, at 1-3.)

On February 13 and March 18, 2015, ServiceNow served initial and amended Patent L.R. 4-2 disclosures. Patent L.R. 4-2 expressly provides that each party shall, "for each term for which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function." ServiceNow did not offer, in either of its Patent L.R. 4-2 disclosures, any contention that any term of the '981 and '860 patents is governed by § 112 ¶ 6, nor did ServiceNow identify any structure, act, or materials corresponding to any such term's function, or assert that there is no corresponding structure, act, or material. (*See* Tran Decl., ¶ 5, Ex. 3, at 2-3; Tran Decl., ¶ 6, Ex. 4, at 2-3.)

On February 5 and 6, 2015, ServiceNow filed petitions for *Inter Partes* Review ("IPR") of the '981 and '860 patents in the USPTO. And on February 13 and April 2, 2015, ServiceNow filed Covered Business Method ("CBM") patent petitions for the '981 and '860 patents. In its IPR and CBM petitions, ServiceNow did not assert that any term of the '981

---

[1] Paragraph 6 of 35 U.S.C. § 112 was renamed paragraph "f" when the Leahy–Smith America Invents Act, Pub.L. No. 112–29, 125 Stat. 284 (2011), took effect on September 16, 2012.

and ’860 patents is governed by, or invalid under, § 112 ¶ 6. The PTAB thereafter denied ServiceNow’s IPR and CBM petitions on these patents.

On June 16, 2015, the Federal Circuit issued its decision in *Williamson*. At no time prior to the commencement of the Markman briefing process did ServiceNow suggest that it believed *Williamson* to be relevant to its position on claim construction and invalidity. ServiceNow made no mention of *Williamson* to HPE at all. (Tran Decl., ¶ 7.)

Between June 16 and October 23, 2015, HPE deposed four ServiceNow technical 30(b)(6) witnesses on topics related to the ’981 and ’860 patents. (*Id.* ¶ 8.) On October 23, the claim construction discovery period in this action closed. (*Id.* ¶ 9.)

On October 30, 2015, HPE filed and served its Opening Claim Construction Brief. (*See* Dkt. No. 135.)

On November 9, 2015, <u>after</u> receiving HPE’s Opening Claim Construction Brief, ServiceNow served “Amended Proposed Claim Constructions,” asserting § 112 ¶ 6 arguments for the first time that terms in the ’981 and ’860 patents—namely, “service managed object,” “conversation managed object,” and “interface configured to”—are means-plus-function terms that are governed by, and indefinite under, § 112 ¶ 6. (*See* Dkt. No. 150-4.)

On November 13, 2015, without having either sought or obtained leave to amend its Invalidity Contentions, ServiceNow filed its Responsive Claim Construction Brief, asserting that the foregoing terms of the ’981 and ’860 patent are means-plus-function terms that are governed by, and indefinite under, § 112 ¶ 6. (*See* Dkt. No. 138 at 1-2, 6-17.)

On November 27, 2015, HPE filed its Reply Claim Construction Brief. (*See* Dkt. No. 141.) In its brief, HPE objected to ServiceNow’s § 112 ¶ 6 contentions for the ’981 and ’860 patents on the grounds that they are not included in ServiceNow’s Patent L.R. 3-3, 4-1, or 4-2 disclosures and are therefore untimely. (*Id.* at 1.)

On December 11, 2015, Judge Freeman held a technology tutorial. At the tutorial, Judge Freeman raised HPE’s objection to ServiceNow’s § 112 ¶ 6 contentions for the ’981 and ’860 patents and discussed “strik[ing] those arguments and hav[ing] [ServiceNow]

follow the rules, which is what our Court does, and request leave upon a showing of good cause." (*See* Tran Decl., ¶ 3, Ex. 1, at 2:18-6, 4:8-1.) To avoid having to strike ServiceNow's § 112 ¶ 6 arguments, Judge Freeman postponed the Claim Construction Hearing scheduled for December 18, 2015 so that ServiceNow could file a motion for leave to amend its Invalidity Contentions to offer § 112 ¶ 6 contentions for the '981 and '860 patents. (*Id.* at 4:3-15, 11:8-11, 12:3-9; 12:25-13-2.) At the tutorial, ServiceNow's counsel: (a) acknowledged that ServiceNow's "initial contentions didn't include [] 112-6" contentions for the '981 and '860 patents, (b) apologized to Judge Freeman for ServiceNow's failure to seek leave to amend its Invalidity Contentions to offer § 112 ¶ 6 contentions, and (c) represented to the Court that ServiceNow would file its motion for leave "very, very soon." (*Id*. at 56:10-11; 3:8-9 ("the initial contentions didn't include the 112-6"); 6:3-10 ("So you have my humblest apologies for not coming to the Court first. But because 112-6 is an odd thing that's, that marries between claim construction and invalidity, we felt the needs to raise it as a claim construction issue. And I probably should have, at the exact same time, come to Your Honor and said because I now need to raise it as a claim construction issue, I also need to raise it in my Invalidity Contentions, and I should have done that and I didn't.").)

After representing to the Court that ServiceNow would file its motion to amend "very, very soon," ServiceNow further delayed filing its motion. On December 17, 2015, ServiceNow wrote HPE and asserted—in an apparent attempt to reverse course on its representations to Judge Freeman—that ServiceNow had disclosed its § 112 ¶ 6 contentions in its January 9, 2015 Invalidity Contentions. (*See* Dkt No. 150-6.) On December 21, 2015, HPE responded by explaining that ServiceNow's description of its Invalidity Contentions was incorrect, it was required to file a motion to amend, and it had further delayed its motion by asserting that it had previously disclosed its § 112 ¶ 6 contentions when it plainly did not do so. (*See* Dkt No. 150-7.) On December 30, 2015, ServiceNow finally filed its motion to amend its Invalidity Contentions, but failed to submit any proposed amended contentions with its motion. (*See* Dkt. No. 150.)

## III. SERVICENOW'S MOTION SHOULD BE DENIED.

### A. ServiceNow Has Not Submitted Its Proposed Amended Contentions, Or Explained Specifically What It Seeks To Add Or Change.

ServiceNow's motion for leave to amend should be denied because it has not submitted its proposed amended contentions, or explained specifically what it intends to add or change. ServiceNow's motion only asks that "the Court enter an order granting ServiceNow leave to amend its Invalidity Contentions pursuant to Patent Local Rule 3-6." (Dkt. No. 150 at 1.) ServiceNow's Proposed Order is similarly vague, only stating that "IT IS HEREBY ORDERED that the Motion is GRANTED." (Dkt. No. 150-8.) ServiceNow plainly should have supplied its proposed amended contentions with its motion, so that the Court and HPE can understand the specific changes ServiceNow wishes to make.

### B. ServiceNow's Invalidity Contentions Did Not Include The Required § 112 ¶ 6 Contentions For The Disputed Terms Of The '981 And '860 Patents.

ServiceNow asserts that it need not amend its Invalidity Contentions because (i) the Patent Local Rules do not require Invalidity Contentions to disclose § 112 ¶ 6 contentions, and (ii) even if they do, ServiceNow's Invalidity Contentions disclosed its § 112 ¶ 6 contentions for all the disputed terms of the '981 and '860 patents. (*See* Dkt. No. 150 at 5-8.) Neither argument is correct.

#### 1. Patent L.R. 3-3 Requires Disclosure Of § 112 ¶ 6 Contentions.

Patent L.R. 3-3 requires disclosure of § 112 ¶ 6 contentions in two places. ***First***, Patent L.R. 3-3(c) requires that Invalidity Contentions include a chart identifying, "for each claim limitation that [a] party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function." *See I-Flow Corp. v. Apex Med. Techs., Inc.*, No. 07cv1200 DMS (NLS), 2008 U.S. Dist. LEXIS 56953, at *12 (S.D. Cal. July 25, 2008) (finding that defendants "waived their argument that [the claim] terms are governed by Section 112(6)" "[b]ecause Defendants failed to identify these terms as means-plus-function elements in their preliminary invalidity contentions" as required by S.D. Cal.'s Patent Local Rule 3.3.c, which is essentially identical to N.D. Cal.'s Patent Local Rule 3-3(c)). ***Second***, Patent L.R. 3-3(d) requires that Invalidity

Contentions disclose "***[a]ny*** grounds of invalidity based on . . . indefiniteness under 35 U.S.C. § 112(2) . . . of any of the asserted claims." (Emphasis added.) As ServiceNow acknowledges (*see* Dkt. No. 150 at 6-7), when a patent claim fails to sufficiently disclose structure for a claimed function as required by § 112 ¶ 6, the asserted claim is invalid under § 112 ¶ 2. *See In re Aoyama*, 656 F.3d 1293, 1298 (Fed. Cir. 2011) ("Because the means-plus-function limitation . . . lacked sufficient disclosure of structure under 35 U.S.C. § 112 ¶ 6, these claims are unpatentable as indefinite under 35 U.S.C. § 112 ¶ 2."). Thus, if a party wishes to preserve as a "ground" for indefiniteness under § 112 ¶ 2 a purported lack of corresponding structure as required by § 112 ¶ 6, the party's Invalidity Contentions must identify the term that is allegedly governed by § 112 ¶ 6, and explain that there is no structure disclosed for performing the claimed function.

Indeed, ServiceNow's assertion that the Patent Local Rules do not require § 112 ¶ 6 contentions is at odds with its own actions. In its Invalidity Contentions, ServiceNow asserted that one of the limitations of the '300 patent "may be indefinite because it invokes Section 112(f) without including any corresponding structure or algorithm described in the specification." (*See* Dkt. No. 150-2 at 47 n.7.) This disclosure would have been utterly gratuitous under ServiceNow's interpretation of the Patent Local Rules. Furthermore, at the technology tutorial on December 11, 2015, ServiceNow's counsel apologized to the Court for ServiceNow's failure to seek leave to amend its Invalidity Contentions to offer § 112 ¶ 6 contentions for the '981 and '860 patents, and represented that ServiceNow would so move "very, very soon":

> Ms. Keefe: … So you have humblest apologies for not coming to the Court first. But because 112-6 is an odd thing that's, that marries between claim construction and invalidity, we felt the needs to raise it as a claim construction issue.
>
> And I probably should have, at the exact time, come to Your Honor and said because I now need to raise it as a claim construction issue, I also need to raise it in my Invalidity Contentions, and I should have done that and I didn't.
>
> ….
>
> The Court: … Ms. Keefe, when will you be filing that motion[?] Obviously, you haven't written it yet.

Ms. Keefe: I will be doing it very, very soon, Your Honor.

(Tran Decl., ¶ 3, Ex. 1, at 6:3-10; 56:8-11.)

### 2. ServiceNow's Invalidity Contentions Did Not Offer § 112 ¶ 6 Contentions For The '981 And '860 Patents.

ServiceNow asserts that the following four paragraphs from its Invalidity Contentions should be understood as disclosing § 112 ¶ 6 contentions:

<u>'981 Patent</u>

- Claim 1: "service managed object", "interface" and "conversations". One skilled in the art would be unable to discern the metes and bounds of these claim terms in the context of the claim and the specification. This ambiguity renders the claim indefinite.
- Claim 1: "interface configured to allow a manager to access management features for the Web service"; "interface configured to provide a list of conversations associated with the Web service". Each of these claim phrases is indefinite because it improperly claims the function of the alleged invention without any structural limitations.

(Dkt. No. 150-2 at 47.)

<u>'860 Patent</u>

- Claim 1: "configured managed object", "interface" and "conversation". One skilled in the art would be unable to discern the metes and bounds of these claim terms in the context of the claim and the specification. This ambiguity renders the claim indefinite.
- Claim 1: "interface configured to provide". This claim phrase is indefinite because it improperly claims the function of the alleged invention without any structural limitations.

(*Id.* at 47-48.) This argument fails for multiple reasons.

***First***, the paragraphs contain no contention that claim terms are governed by § 112 ¶ 6, nor do they identify any structure(s), act(s), or material(s) in any item of prior art that performs any alleged claimed function, as Patent Local Rule 3-3(c) requires. ***Second***, the paragraphs do not contend the terms are indefinite under § 112 ¶ 2 for failure to disclose

corresponding structure as required by § 112 ¶ 6, as Patent Local Rule 3-3(d) requires. For the terms "service managed object" and "conversation managed object" (which the Invalidity Contentions incorrectly refers to as "configured managed object"), the paragraphs contain only vague, boilerplate indefiniteness language. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2127 (2014) (claims must be sufficiently definite that a skilled artisan will "understand the metes and bounds" of the claims). ***Third***, the paragraphs do not contend that "service managed object" and "conversation managed object" claim any function at all, much less that they are means-plus-function terms that are governed by, and indefinite under, § 112 ¶ 6.[2] In addition, for these two terms, ServiceNow does not even contend that the specification fails to disclose sufficient structure, which is a key part of the contentions ServiceNow now seeks to make in its claim construction briefing.

Although ServiceNow has not revealed the specific language that it seeks to add to or change in its Invalidity Contentions, the § 112 ¶ 6 contentions in its Claim Construction Brief (Dkt. No. 138) are not supported by any disclosure in the four cited paragraphs. For example, while the Invalidity Contentions offer only the boilerplate contention that "service managed object" and "conversation managed object" are indefinite under § 112 ¶ 2 because "one skilled in the art would be unable to discern the metes and bounds of these claim terms in the context of the claim and the specification," ServiceNow's Claim Construction Brief offers the following contentions: (a) the terms are "means-plus-function" limitations governed by "Section 112(f)"; (b) "object" is a nonce word, constituting a generic description for software; (c) the patents fails to disclose "structure" corresponding to the claimed functions and, specifically, an "algorithm" for performing the claimed function. (*See generally* Dkt. No. 138 at 8-17.)

[2] ServiceNow does not help its argument by asserting (for the first time) in its motion for leave that "interface" is "a component of the 'objects' limitations." (*See* Dkt. No. 150 at 7.) Regardless whether "interface" is a "component" of "objects," ServiceNow's Invalidity Contentions do not contain any contention that "service managed object" or "conversation managed object" is described only in functional language.

ServiceNow's assertion that its Invalidity Contentions disclose § 112 ¶ 6 contentions for the '981 and '860 patents is also squarely contradicted by its own contemporaneous and subsequent conduct. As previously discussed, ServiceNow's assertion in its Invalidity Contentions that one of the terms of the '300 patent is subject to § 112 ¶ 6 arguments and ServiceNow's apology at the technology tutorial for failing to seek leave to amend its Invalidity Contentions confirm that ServiceNow knew it was required to disclose § 112 ¶ 6 contentions and it simply failed to do so for the '981 and '860 patents. In addition, during the technology tutorial, ServiceNow expressly acknowledged that its "initial contentions didn't include [] 112-6" contentions for the '981 and '860 patents. (*See* Tran Decl., ¶ 3, Ex. 1 at 3:8-9.) Moreover, in its Patent L.R. 4-1 and 4-2 disclosures—served after serving the Invalidity Contentions—ServiceNow did not identify any term in the '981 and '860 patents as being governed by § 112 ¶ 6, as required by Patent L.R. 4-1 and 4-2. (*See* Tran Decl., ¶ 4, Ex. 2, at 1-3.; Tran Decl., ¶ 5, Ex. 3, at 2-3; Tran Decl., ¶ 6, Ex. 4, at 2-3.) This confirms that ServiceNow did not interpret its Invalidity Contentions as making § 112 ¶ 6 contentions for the '981 and '860 patents.

If ServiceNow wishes to assert that terms are governed by § 112 ¶ 6, ServiceNow would be required under Patent L.R. 3-3(c) to amend the prior art charts attached to its Invalidity Contentions to identify, for each term that it contends is governed by § 112 ¶ 6, the structure, acts, and material, if any, in each item of prior art that performs what ServiceNow contends is the claimed function. In addition, in accordance with Patent L.R. 3-3(d), ServiceNow would be required to amend its Invalidity Contentions to identify any terms that it contends are indefinite under § 112 ¶ 2 for failure to disclose corresponding structure as required by § 112 ¶ 6.

### C. ServiceNow Has Not Shown, And Cannot Show, Good Cause to Amend.

The Patent Local Rules are "designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim construction.'" *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95–1987

FMS, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. 1998)). Therefore, a party may amend its Patent Local Rule 3-3 Invalidity Contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6.

Good cause requires "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro*, 467 F.3d at 1363. The "burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.* at 1366. And when a moving party seeks to amend its contentions to assert a new defense, it must show that the defense is "newly available." *See Horus Vision, LLC v. Applied Ballistics, LLC*, No. 5:13-cv-05460 BLF (HRL), 2014 U.S. Dist. LEXIS 168976, at *6 (N.D. Cal. Dec. 5, 2014) (holding that "to demonstrate good cause [to amend its Invalidity Contentions], Applied Ballistics must show that *Alice* changed the law in such a way as to make available a defense that previously was unavailable"); *Synopsys Inc. v. Mentor Graphics Corp.*, No. C-12-06467-MMC (DMR), 2014 U.S. Dist. LEXIS 134775, at *16-*17 (N.D. Cal. Sept. 24, 2014) ("[T]he relevant question for determining whether *Nautilus* creates good cause for Mentor to amend its invalidity contentions is this: could Mentor have asserted these indefiniteness defenses against the Claims at issue prior to *Nautilus*?").

Where the moving party has failed to prove diligence and good cause, there is "no need to consider the question of prejudice" to the nonmoving party. *O2 Micro*, 467 F.3d at 1368. In other words, if the moving party "has not demonstrated diligence, the inquiry should end." *Acer, Inc. v. Tech. Props.*, No. 5:08-cv-00877 JF/HRL, 2010 U.S. Dist. LEXIS 142472, at *17 (N.D. Cal. Sept. 10, 2010) (citation and quotation omitted).

**1. ServiceNow's Proposed Amendment Is Untimely And Thus Is Not Supported By Good Cause.**

ServiceNow incorrectly asserts that the timing of its motion to amend is supported by three things: (a) the *Williamson* decision; (b) the *Media Rights* decision; and (c) the existence of settlement discussions. (*See* Dkt. No. 150 at 7-8.)

**a. ServiceNow's Assertion That The Timing Of Its 112 ¶ 6 Contentions Is Supported By *Williamson* Lacks Merit.**

ServiceNow's assertion that the timing of its 112 ¶ 6 theory is supported by *Williamson* lacks merit for two reasons.

***First***, *Williamson* did not change the law in any manner material to ServiceNow's theory. More specifically, *Williamson* changed the strength of—not the existence of—the presumption that a claim term that does not explicitly recite the phrase "means for" does not invoke means-plus-function claiming under § 112 ¶ 6. *See Williamson*, 792 F.3d at 1349. All the § 112 ¶ 6 arguments that ServiceNow now seeks to make could have been made before *Williamson*. *Williamson* did not "change[] the law in such a way as to make available a [§ 112 ¶ 6] defense that previously was unavailable." *Horus Vision*, 2014 U.S. Dist. LEXIS 168976, at *6.

***Second***, and in any event, *Williamson* issued on June 16, 2015—nearly five months before ServiceNow first disclosed its § 112 ¶ 6 theory in its "Amended Proposed Claim Constructions" on November 9, 2015, and six-and-a-half months before ServiceNow filed its motion to amend its Invalidity Contentions on December 30, 2015. Courts in this District ordinarily deny motions for leave to amend based on delays far shorter than the length of ServiceNow's delay in this case. *See, e.g., id*. at *6 (denying motion for leave to amend Invalidity Contentions based on intervening court opinion because defendant's waited approximately four months after the opinion issued to raise the defense); *O2 Micro.*, 467 F.3d at 1364 (holding that district court did not abuse its discretion in finding a lack of diligence where movant "waited almost three months … to serve its proposed amended [infringement] contentions and two more weeks to formally move to amend"); *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2014 U.S. Dist. LEXIS 6014, at *7 (N.D. Cal. Jan. 16, 2014) ("Even if defendant was diligent in its prior art search, no acceptable explanation has been provided for why defendant waited, in some cases two months, after it 'discovered' the references to move to amend its invalidity contentions."); *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 202 (N.D. Cal. 2009) (denying

defendant's motion for leave to amend Invalidity Contentions where defendants waited over three months to request leave of court after discovering prior art for which amendment was sought); *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 U.S. Dist. LEXIS 87251 (N.D. Cal. Aug. 8, 2011) (denying motion to amend Invalidity Contentions because the three month delay from discovery of information showed lack of diligence) (emphases added throughout). ServiceNow was not diligent in seeking to amend its Invalidity Contentions.

**b. ServiceNow's Assertion That The Timing Of Its § 112 ¶ 6 Contentions Is Supported By *Media Rights* Lacks Merit.**

ServiceNow's assertion that its delay is excused by *Media Rights Techs. v. Capital One Fin. Corp.*, 800 F.3d 1366 (Fed. Cir. 2015), fails for two reasons. ***First***, as with *Williamson*, *Media Rights* did not change the law in any manner material to ServiceNow's theory. *Media Rights* did not set forth any new legal standard or precedent, and instead only applied prior case law (including *Williamson*) to determine whether the district court erred in determining that a term was a means-plus-function term and that the specification failed to adequately disclose structure. *Id.* at 1371-74. ***Second***, ServiceNow itself asserts that *Williamson*—which issued in June 2015, six- and-a-half months before ServiceNow filed its motion to amend—provided a basis for its § 112 ¶ 6 amendments. The subsequently issued *Media Rights* decision cannot excuse ServiceNow's lack of diligence in moving to amend after *Williamson.*

**c. ServiceNow's Suggestion That Its Delay Was Justified Because Of The Existence Of Settlement Discussions Lacks Merit.**

ServiceNow asserts that its delay in seeking to amend was justified because the parties were engaged in settlement discussions. This argument fails for two reasons.

***First***, settlement discussions provide no basis to delay seeking leave to amend as required by the Patent Local Rules. ServiceNow never sought or obtained permission from the Court, or even sought a stipulation with HPE, to delay moving to amend its contentions under the Patent Local Rules during the period in which the settlement negotiations occurred.

***Second***, the timing of the parties' settlement discussions does not support ServiceNow's position. ServiceNow served its Invalidity Contentions in January 2015, and *Williamson* issued in mid-June 2015. The settlement discussions on which ServiceNow relies occurred in mid-October and November 2015—<u>ten months after</u> ServiceNow served its Invalidity Contentions in January 2015, and <u>four months after</u> *Williamson* issued in mid-June 2015. (*See* Dkt. No. 150 at 4 (noting that settlement negotiations occurred "in the weeks leading up to claim construction briefing") and at 7 (referring to settlement discussions occurring "around" mid-October).) The existence of settlement discussions four months after *Williamson* cannot excuse ServiceNow's lack of diligence in moving to amend.

**d. Because ServiceNow Was Not Diligent In Seeking To Amend Its Invalidity Contentions, The Court Need Not Consider The Issue Of Prejudice To HPE.**

Where, as here, the moving party has failed to show good cause to amend, the Court need not consider prejudice to the non-movant. "Because the focus of the inquiry is upon the moving party's reasons for seeking modification, the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, but if the moving party was not diligent, the inquiry should end." *Chrimar Sys. v. Cisco Sys.*, No. 13-cv-01300-JSW (MEJ), 2015 U.S. Dist. LEXIS 73935, at *15 (N.D. Cal. May 14, 2015) (internal citation and quotations omitted). *See also Acer, Inc.*, 2010 U.S. Dist. LEXIS 142472, at *17 (holding that if the moving party "has not demonstrated diligence, the inquiry should end") (citation and quotation omitted); *O2 Micro*, 467 F.3d at 1368 (finding "no need to consider the question of prejudice" when moving party failed to show that it acted diligently in moving to amend its infringement contentions).

The *Brandywine Communs. Techs., LLC v. AT&T Corp.*, No. C:12-2494 CW, 2014 U.S. Dist. LEXIS 54370 (N.D. Cal. Apr. 18, 2014), decision cited by ServiceNow (*see* Dkt. No. 150 at 5 and 9) is readily distinguished from the present case. In *Brandywine*, the moving party had "acted diligently"—it had served its amended contentions in January 2014, "less than two weeks" after it discovered the information that supported amendment, then moved to amend "shortly thereafter" in February 2014. *See Brandywine*, 2014 U.S. Dist.

LEXIS 54370, at *49. Here, in contrast, ServiceNow's (at least) six-and-a-half month delay to bring its motion does not support a showing of diligence and good cause.

The *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C03-1431 SBA, 2006 U.S. Dist. LEXIS 90856 (N.D. Cal. May 15, 2006), decision cited by ServiceNow (*see* Dkt. No. 150 at 5 and 9) is likewise inapposite. In *Fresenius*, the court denied plaintiff's motion to strike defendant's "best mode" and "anticipation" defenses for failure to disclose them in its Invalidity Contentions. Regarding the "best mode" defense, the court found that "the Patent Local Rules do not compel disclosure of a party's best mode defense." *See Fresenius*, 2006 U.S. Dist. LEXIS 90856, at *16-*18. Regarding the "anticipation" defense, the court noted that it was "well within this Court's discretion to strike Fresenius' anticipation defense," but ultimately decided not to because the parties had engaged in "extensive discovery" pertaining to the anticipation defense, the "parties both moved for summary judgment" on the merits of the defense, and plaintiff "wait[ed] until the very last possible moment to move to strike this defense." *See id.* at *20-*22. Here, in contrast, the Patent Local Rules require that a party disclose its § 112 ¶ 6 contentions, the type of contentions ServiceNow seeks to offer in its Invalidity Contentions. Moreover, unlike in *Fresenius*, neither party has taken discovery, much less "extensive discovery," on the new § 112 ¶ 6 contentions, neither party has moved for summary judgment on the contentions, and HPE timely objected to and asked the Court to strike the § 112 ¶ 6 contentions promptly.

**2. HPE Would Be Unfairly Prejudiced If ServiceNow Were Permitted to Amend.**

Although the Court need not consider the issue of prejudice, HPE would be unfairly prejudiced if ServiceNow were belatedly permitted to amend. HPE set litigation strategy based on ServiceNow's Invalidity Contentions and Patent L.R. 4-1 and 4-2 claim constructions, which do not include any § 112 ¶ 6 contentions for the '981 and '860 patents. HPE deposed four of ServiceNow's technical 30(b)(6) witnesses on topics related to the '981 and '860 patents, without questioning them on a number of issues that would be relevant under ServiceNow's new proposed § 112 ¶ 6 contentions. (*See* Tran Decl., ¶ 8.)

ServiceNow waited until after the close of claim construction discovery and nine days after it received HPE's Opening Claim Construction Brief before it disclosed its § 112 ¶ 6 theory. This is exactly the "ambush" that the Patent Local Rules are meant to prevent. *See IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942 MHP, 2004 U.S. Dist. LEXIS 10934, at *8 (N.D. Cal. June 15, 2004) ("The Local Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.").

## IV. CONCLUSION

For the foregoing reasons, ServiceNow's motion to amend its Invalidity Contentions should be denied.

DATED: January 13, 2015

Respectfully submitted,

By: */s/ Mark. D. Flanagan*

Mark D. Flanagan
Mark D. Selwyn
WILMER CUTLER PICKERING
HALE AND DORR LLP

*Attorneys for Plaintiff Hewlett Packard Enterprise Company*