1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-Filed 2/19/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEWLETT PACKARD COMPANY,

Plaintiff,

v.

SERVICENOW, INC.,

Defendant.

Case No.  14-cv-00570-BLF   (HRL)

**ORDER DENYING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Re: Dkt. No. 150

Hewlett Packard Enterprise Company ("HP") sues ServiceNow, Inc. ("ServiceNow") for patent infringement.  ServiceNow argued in a claim-construction brief that certain limitations related to U.S. Patent Numbers 7,925,981 ("'981") and 7,945,860 ("'860") are fatally indefinite "means-plus-functions" limitations under 35 U.S.C. § 112—they define functions by reference to certain structures, as permitted by § 112(f), but those referenced structures are not, as required by § 112(b), actually defined anywhere else.  HP replied that ServiceNow's invalidity contentions did not include any § 112(f) arguments with respect to those two patents and therefore ServiceNow had failed to timely preserve those arguments in the manner required by Patent Local Rule 3-3. During a technology tutorial, District Judge Beth L. Freeman asked ServiceNow's counsel to comment on HP's procedural argument; counsel promptly conceded that ServiceNow needs to amend its defective invalidity contentions and that ServiceNow should have more promptly moved for leave to do so.  Judge Freeman advised counsel to move for leave to amend.

ServiceNow has instead moved the court for a ruling that the invalidity contentions do not need to be amended because those contentions already duly raised § 112(f) arguments against the '981 and '860 patents.  Counsel explains she was not prepared to discuss HP's procedural argument during the tech tutorial and that her concessions at the tutorial were, in retrospect, wrong; ServiceNow asks for leave to amend only in the alternative.  HP argues in opposition: (1)

United States District Court
Northern District of California

1    ServiceNow plainly understands its own invalidity contentions are insufficient, even if

2    ServiceNow has changed its official stance on that issue; (2) ServiceNow's invalidity contentions

3    fail to raise § 112(f) arguments against the '981 and '860 claims in the manner required by Patent

4    Local Rule 3-3; and (3) the court should not grant leave to amend because ServiceNow had no

5    good reason to wait nearly a year to seek leave to cure its defective contentions.

6                                              **Discussion**

7           This district's Patent Local Rules require parties to promptly disclose their infringement

8    and invalidity contentions and to adhere to those contentions unless good cause arises to justify

9    amendment. *See, e.g., Avago Technologies General IP PTE LTD. v. Elan Microelectronics Corp.*,

10   04-cv-5385-JW-HRL, 2007 WL 951818 at * 1 (N.D. Cal. March 28, 2007) (collecting cases).

11   This district adopted these rules to prevent vexatious "shifting sands" claim-construction strategies

12   and, accordingly, this court is "conservative" in granting leave to amend infringement or invalidity

13   contentions. *Atmel Corp. v. Information Storage Devices, Inc.*, No. 95-cv-1987-FMS, 1998 WL

14   775115 at *2 (N.D. Cal. Nov. 5, 1998). When a litigant contends that 35 U.S.C. § 112(f) governs

15   a limitation in a patent claim, Patent Local Rule 3-3(c) requires that the invalidity contentions

16   include "[a] chart" that identifies, for each prior art reference, which structures "perform[] the

17   claimed function[.]" Invalidity contentions must also include "[a]ny grounds of invalidity based

18   on" 35 U.S.C. § 112(b). Pat. L.R. 3-3(d).

19          The parties' briefs present a threshold question: do ServiceNow's invalidity contentions

20   duly preserve § 112(f) theories? If ServiceNow's contentions comply with Patent Local Rule 3-

21   3's requirements, then ServiceNow has preserved its § 112(f) arguments; otherwise, the court shall

22   determine whether to grant leave to amend the defective invalidity contentions.

23          The court is not persuaded by HP's argument that ServiceNow's own counsel seems to

24   subjectively understand the inadequacy of her client's invalidity contentions. Certainly counsel's

25   concessions during the tech tutorial give the court good reason to carefully scrutinize

26   ServiceNow's motion, but the court does not view those retracted concessions as dispositive.

27   Rather, the court shall directly compare the requirements in Patent Local Rule 3-3 with the

28   invalidity contentions at issue.

United States District Court
Northern District of California

1    ServiceNow's invalidity contentions, to the extent required by Patent Local Rule 3-3(d),

2    fairly identify § 112(f) arguments as the "grounds" for § 112(b) arguments against the '981 and

3    '860 patents.  HP asserts that any such argument must follow a general form: "identify the term

4    that is allegedly governed by § 112[(f)], and explain that there is no structure disclosed for

5    performing the claimed function[.]"  Dkt. No. 151 at 11.  ServiceNow argues it has complied with

6    HP's proposed reading of Patent Local Rule 3-3(d) by asserting, for certain terms, that "no

7    structure was disclosed."  The undersigned agrees that ServiceNow's invalidity contentions fairly

8    assert, with respect to the '981 and '860 patents, that certain claimed functions lack any defined

9    underlying structure.  For example, as to claim 1 of the '981 patent, ServiceNow contends certain

10   claim terms "[are] indefinite because [they] improperly claim[] the function of the alleged

11   invention without any structural limitations."  Dkt. No. 150 at 3.  ServiceNow uses similar

12   language to contend that claim 1 of the '860 patent is invalid for claiming a function that lacks

13   "any structural limitations."  Dkt. No. 150 at 4.  This language, notwithstanding the lack of

14   explicit statutory citations, fairly contends that certain § 112(f) claims are indefinite under §

15   112(b) because HP failed to disclose the structures underlying claimed functions.

16   The court rejects HP's argument that Patent Local Rule 3-3(c) requires invalidity

17   contentions to include an explicit invocation of § 112(f).  HP relies upon a decision in which the

18   Southern District of California applied a textually identical local rule to conclude that defendants

19   waive § 112(f) arguments when they fail to "identify . . . terms as means-plus-function elements in

20   their preliminary invalidity contentions[.]"  *I-Flow Corporation v. Apex Medical Technologies,*

21   *Inc.*, 07-cv-1200, 2008 WL 2899822 at *5 (S.D. Cal. July 25, 2008).  The undersigned is not

22   persuaded by that decision, which cites to the Southern District's analogous local rule but does not

23   analyze the text of the rule or otherwise support its conclusion on this issue.  The undersigned

24   does not read this district's Patent Local Rule 3-3(c) to require the use of any particular citation,

25   phrase, or keyword before a defendant may maintain an argument under § 112(f).  HP did not cite,

26   and the undersigned has not found, a case in which this court has read into Patent Local Rule 3-

27   3(c) the formalistic requirement that invalidity contentions must explicitly cite § 112(f) or use any

28   specific phrase like "means-plus-function elements."  Rather, subsection (c) requires invalidity

3

United States District Court
Northern District of California

1    contentions to include a chart that provides certain information about "each asserted claim" and

2    then, additionally, "for each limitation that such party contends is governed by 35 U.S.C. §

3    112([f])," the chart shall also "identify . . . the structure[s] . . . in each item of prior art . . . that

4    perform[] the claimed function[.]" The undersigned reads this language to mean that § 112(f)

5    invalidity contentions must be accompanied by a chart which "identif[ies] . . . the structure[s] . . .

6    in each item of prior art . . . that perform[] the claimed function[s]" at issue in the § 112(f)

7    contentions. The undersigned does not read this language to circumscribe how § 112(f)

8    contentions may be fairly raised in the first place.

9            The court turns to HP's final argument under Patent Local Rule 3-3: ServiceNow's "prior

10   art charts" failed to identify the structures that, under subsection (c), must be identified as part of

11   any § 112(f) contentions against the '981 and '860 patents. Dkt. No. 151 at 14. ServiceNow, in

12   reply, does not actually contend it complied with the requirements of Patent Local Rule 3-3(c), but

13   instead argues subsection (c) is not "relevant" to the question of whether a "separate indefiniteness

14   challenge[]" has been adequately "identified under" subsection (d). Dkt. No. 152 at 4.

15   ServiceNow misreads how the different subsections of Patent Local Rule 3-3 relate to each other.

16   Each subsection describes "information" that complete invalidity contentions "shall contain[.]"

17   Pat. L.R. 3-3. Subsection (d) requires ServiceNow to disclose the grounds for indefiniteness

18   theories, and ServiceNow did adequately disclose those grounds here—the contentions that certain

19   claims lack "any" of the "structural limitations" required by § 112(f). Dkt. No. 150 at 3-4. But

20   subsection (c) requires that § 112(f) contentions be accompanied by a prior art chart that identifies

21   which structures in the prior art items perform the claimed functions; this co-extensive

22   requirement applies regardless of whether the § 112(f) contentions helped to satisfy subsection

23   (d)'s requirements.

24           ServiceNow's invalidity contentions do not include a prior-art chart that "identif[ies] . . .

25   the structure[s] . . . in each item of prior art . . . that perform[] the claimed function[s]" at issue in

26   ServiceNow's § 112(f) contentions against the '981 and '860 patents. Dkt. No. 150-2 at 7-8.

27   ServiceNow's defective invalidity contentions therefore failed to preserve § 112(f) arguments

28   against the '981 and '860 patents in the manner required by Patent Local Rule 3-3(c). The court

4

1    turns to the issue of whether good cause exists to grant leave to amend the defective invalidity

2    contentions.

3         Patent Local Rule 3-6 permits parties to amend patent contentions only "by order of the

4    Court upon a timely showing of good cause."  The good-cause inquiry depends on whether the

5    movant diligently discovered the information that might justify amending the contentions and then

6    promptly moved for leave to amend.  *E.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 12-cv-630-LHK-

7    PSG, 2012 WL 5632618 at *2 (N.D. Cal. Nov. 15, 2012).  The movant has the burden to show

8    diligence.  *Id.* at *6.  A movant may show good cause to amend an unpreserved defense into its

9    contentions by promptly moving for leave to amend on the basis of new case law that "ma[d]e

10   available a defense that was previously unavailable."  *Horus Vision, LLC v. Applied Ballistics,*

11   *LLC*, No. 13-cv-5460-BLF-HRL, 2014 WL 6895572 at *2 (N.D. Cal. Dec. 5, 2014).  This court

12   often rules the movant has not been diligent and good cause has not been shown if the motion

13   relies on information that was discovered several months before the motion was filed.  *E.g.*, *id.*  If

14   the movant was not diligent then "there is no need to consider the question of prejudice" and the

15   court may deny the motion for leave to amend without any further analysis, *e.g.*, *Apple Inc.*, *supra*,

16   but the court may, in its discretion, subsequently consider whether the non-movant would suffer

17   prejudice, *Brandywine Commc'ns Techs.*, *LLC v. AT&T Corp.*, 12-cv-2494-CW, 2014 WL

18   1569544 at *15 (N.D. Cal. Apr. 18, 2014) (citing *Apple Inc.*, *supra*).

19        ServiceNow argues it has been diligent because: (1) intervening case law—*Williamson v.*

20   *Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) and *Media Rights Techs. v. Capital One Fin.*

21   *Corp.*, 800 F.3d 1366 (Fed. Cir. 2015)—gave ServiceNow "further confidence that its claim

22   construction arguments were supportable and correct" and therefore, notwithstanding cases like

23   *Horus Vision*, intervening cases have provided good cause to amend the § 112(f) contentions; (2)

24   ServiceNow amended its proposed claim constructions a few weeks after the Federal Circuit

25   issued *Media Rights*; and (3) "uncertainty as a result of motions to stay and settlement

26   negotiations" justified waiting for several months before ServiceNow moved for leave to amend.

27   Dkt. No. 150 at 8-9.  HP responds ServiceNow has not been diligent because: (1) *Williamson*

28   altered the strength of a presumption that applies to § 112(f) defenses and *Media Rights* applied

United States District Court
Northern District of California

5

1     *Williamson* to determine whether a district court had properly resolved a § 112(f) defenses, but

2     neither *Williamson* nor *Media Rights* provided ServiceNow with a new defense that had not

3     previously been available at the outset of this case; (2) even if *Williamson* and *Media Rights* are

4     taken as changes in the law that might justify leave to amend, ServiceNow has provided no

5     colorable explanation for waiting six months after *Williamson* issued or three months after *Media*

6     *Rights* issued to file its motion; and (3) ServiceNow's own motion for a stay and the possibility of

7     settlement did not justify ServiceNow in waiting for several months to file a motion for leave to

8     amend.  Dkt. No. 151 at 15-18.

9           The court agrees with HP that ServiceNow has not been diligent.  Where a party seeks

10    leave to amend a "defense" into the case that was not duly preserved in the party's initial

11    contentions, ordinarily the party "must" justify the amendment by showing that intervening case

12    law provided the "previously . . . unavailable" defense.  *Horus Vision*, *supra*.  *Williamson*

13    elaborated on how courts should resolve a presumption that applies to § 112(f) arguments, 792

14    F.3d at 1349, and *Media Rights* relied upon *Williamson* to review a judgment granted on the

15    pleadings, 800 F.3d at 1372-73, but neither case provided a new defense that had previously been

16    unavailable to ServiceNow.  Rather, ServiceNow's § 112(f) arguments were available at the outset

17    of this case and ServiceNow's invalidity contentions failed to preserve those arguments against the

18    '981 and '860 patents in the manner required by Patent Local Rule 3-3(c).  The court considers it

19    particularly clear that *Media Rights*, which merely applied *Williamson*, did not change the law in

20    any way that might justify a motion for leave to amend.  *See id.*

21          Even if the court accepts for the sake of argument that *Williamson* changed the law enough

22    to justify a prompt motion for leave to amend, ServiceNow has still failed to provide a satisfactory

23    explanation for why it waited six months to file its motion—the Federal Circuit issued *Williamson*

24    on June 16 and ServiceNow moved for leave to amend on December 18.  The court rejects the

25    argument that pending settlement talks and a pending motion for a stay justified a six-month delay

26    in filing ServiceNow's motion.  The looming possibility that the case might ultimately settle does

27    not excuse a party's failure to comply with an imminent procedural requirement.  The court also

28    agrees with HP's response: ServiceNow fails to explain why, if ServiceNow was simply waiting

United States District Court
Northern District of California

6

1    for these issues to be resolved, ServiceNow waited to move for leave to amend until more than

2    two months after Judge Freeman ruled on the motion for a stay and one month after settlement

3    negotiations concluded. Dkt. No. 151 at 18; *see also* Dkt. No. 132.

4            Moreover, the undersigned believes the proper question in this case is whether ServiceNow

5    diligently discovered that it had filed defective invalidity contentions in January of 2015 and

6    promptly filed a motion for leave to cure the defect. *Horus Vision*, *supra*, strongly suggests that a

7    party simply cannot show diligence under these circumstances—the § 112(f) arguments were

8    available to ServiceNow when it filed its initial invalidity contentions and ServiceNow's failure to

9    initially preserve those arguments reflects a lack of due diligence. Even setting aside *Horus*

10   *Vision*, ServiceNow did not realize its contentions might be defective until nearly one year later,

11   and even then the realization was not due to ServiceNow's own diligence. Rather, HP discovered

12   and raised the issue of defective invalidity contentions when HP's counsel were surprised to see §

13   112(f) claim-construction arguments ServiceNow had not properly preserved. ServiceNow has

14   therefore failed to carry its burden to show diligence. The information before the court tends to

15   show, instead, that for one year ServiceNow was not diligent in discovering and seeking leave to

16   amend the defects in its invalidity contentions.

17           In light of both ServiceNow's substantial lack of diligence and this district's firm policy

18   against permitting parties to "shift[]" the "sands" opponents stand upon in the midst of an ongoing

19   claim-construction battle, the court finds a lack of good cause and denies ServiceNow's motion for

20   leave to amend the invalidity contentions. The court declines to consider prejudice. *Brandywine*,

21   *supra*.

22                                        **Conclusion**

23           ServiceNow's invalidity contentions failed to preserve § 112(f) arguments against HP's

24   claims under the '981 and '860 patents because the contentions did not include a chart that

25   identifies which structures in the prior-art references perform the claimed functions. For one year

26   ServiceNow showed a lack of diligence in discovering and seeking leave to cure the defects in the

27   § 112(f) contentions. ServiceNow has failed to show intervening case law, or a pending motion

28   for a stay, or pending settlement talks could justify ServiceNow's lack of diligence. Even if the

United States District Court
Northern District of California

court assumes that ServiceNow's justifications could show good cause under the right circumstances, ServiceNow nevertheless failed to diligently and promptly move for leave to amend after the intervening cases issued, after the court resolved the pending motion, or after the settlement talks concluded.  The motion for leave to amend is therefore denied for lack of diligence.

**IT IS SO ORDERED.**

Dated: 2/19/16

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California